Kimberlee A. Rode (State Bar No. 186132)
Law Office of Kimberlee A. Rode
9245 Laguna Springs Drive, Suite 200
Elk Grove, CA  95758
Telephone: (916) 417-4564
Facsimile: (916) 244-7006

Attorney for Plaintiff Shaunn A. Fullmer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Shaunn A. Fullmer,<br><br>　　　　　Plaintiff,<br><br>　　and<br><br>JPMorgan Chase Bank, NA., as successor by merger to Washington Mutual Bank and OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank,<br><br>　　　　　Defendants | Case No.:<br><br>COMPLAINT FOR DAMAGES AND FOR INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL<br><br>1.　TRUTH IN LENDING ACT VIOLATIONS<br>2.　RESPA VIOLATIONS<br>3.　FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS (State/Federal)<br>4.　VIOLATIONS OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200<br>5.　VIOLATIONS OF THE FAIR CREDIT REPORTING ACT |

## I. INTRODUCTION

1.　This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, et seq., Bus. & Prof. Code § 17200, et seq., and other statutory and common laws in effect. Plaintiff Shaunn A. Fullmer ("Plaintiff"), brings this action against JPMorgan Chase Bank, NA., as successor by merger to Washington Mutual Bank ("JPMorgan") and OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank ("OneWest"), based, in part, on Defendants failure to properly rescind the loans pursuant to the Truth In Lending Act subjecting Plaintiff to damages. Defendants failure to disclose the name of the true note holder pursuant to the Truth In

Lending Act.  Defendant OneWest also engaged in an unfair business practice by intentionally ignoring all correspondence related to his Qualified Written Request.  Defendants failed to comply with the Fair Debt Collection Acts.

2.     Specifically:

    a.   Defendant JPMorgan's predecessor failed to properly provide two copies of the Notice of Right to Cancel to plaintiff in violation of 12 C.F.R. §226.23, Reg. Z §226.4(a)(2)-1 and Reg. Z §226.4(b)(2).

    b.   Defendant OneWest's predecessor failed to properly provide two copies of the Notice of Right to Cancel to plaintiff in violation of 12 C.F.R. §226.23, Reg. Z §226.4(a)(2)-1 and Reg. Z §226.4(b)(2).

    c.   Defendant JPMorgan failed to provide the name, address and telephone number of the note holder in violation of 15 U.S.C § 1641.

    d.   Defendant OneWest failed to provide the name, address and telephone number of the note holder in violation of 15 U.S.C § 1641.

    e.   Defendant JPMorgan contacted Plaintiff after receipt of a "cease and desist" letter from Plaintiff in violation of the State and Federal Fair Debt Collection Practices Act.  15 U.S.C. § 1692 et seq. and California Civil Code  §§ 1788-1788.32).

    f.   Defendant OneWest contacted Plaintiff after receipt of their "cease and desist" letter in violation of the State and Federal Fair Debt Collection Practices Act.  15 U.S.C. § 1692 et seq. and California Civil Code  §§ 1788-1788.32).

3.   Defendants failed to comply with the Federal Real Estate Settlement Procedures Act by properly responding to a Qualified Written Request.  12 U.S.C. §2605.

/ / /

/ / /

/ / /

## II. JURISDICTION

4.      Subject Matter Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

5.      The Court has supplemental jurisdiction over the Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over the parties in this action by the fact that Defendants are either individuals who reside in this District within California or are corporations duly licensed to do business in California.

7.      Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the named Defendants because it regularly conducts business in this judicial district.

## III. PARTIES

8.      The Plaintiff, Shaunn A. Fullmer, is a natural person, (hereinafter referred to as "Fullmer") and was at all times relevant, residing at 4048 Monte Verde Drive, El Dorado Hills, CA  95762  (the "Subject Property").

9.      Plaintiff believes that Defendant JPMorgan Chase Bank, NA., as successor by merger to Washington Mutual Bank, is or at all times relevant to this action was, a domestic corporation, business entity, and/or a "Doing Business As" entity, incorporated in the State of New York, with a mailing address of 1111 POLARIS PARKWAY, COLUMBUS, OH 43240 and with a registered agent for Service of Process in the State of California as C T Corporation System, 818 West Seventh Street, Los Angeles, CA  90017.

10.     Plaintiff believes and thereon alleges that at all times relevant hereto, JPMorgan Chase Bank, NA., as successor by merger to Washington Mutual Bank, in the ordinary course of

business, holds and services loans for consumers located nationwide, including California.  As the servicer of the subject loan, JPMorgan Chase Bank, NA., as successor by merger to Washington Mutual Bank has held itself out as the lender when in fact such representation is most likely untrue.

11.     Plaintiff believes that Defendant OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank is, or at all times relevant to this action was, a domestic limited liability corporation, business entity, and/or a "Doing Business As" entity, incorporated in the State of Delaware, with a mailing address of 888 East Walnut Street, Pasadena, CA 91101 and with a registered agent for Service of Process in the State of Delaware (none could be located in California) as The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE  19801.

12.     Plaintiff believes and thereon alleges that at all times relevant hereto, OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank, in the ordinary course of business, holds and services loans for consumers located nationwide, including California.  As the servicer of the subject loan, OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank has held itself out as the lender when in fact such representation is most likely untrue.

### IV. PRELIMINARY ALLEGATIONS

13.     On or about February 22, 2007, Plaintiff entered into two concurrent consumer credit transactions, a first deed of trust in the amount of $500,000.00 (OneWest Loan Number 3001758477) and a second deed of trust in the amount of $45,000.00 (JPMorgan Loan Number 0691008775)  (collectively referred to as "Loan Transaction") with 1st National Lending Services in which the extended consumer credit was subject to a finance charge and which was initially payable to 1st National Lending Services   A true and correct copy of the First Note and Security Instrument provided to Plaintiff by 1st National Lending Services is attached as Exhibit "A" .  A true and correct copy of the Second Note and Security Instrument provided to Plaintiff by 1st National Lending Services is attached as Exhibit "B".

14.    1st National Lending Services was required to provide Plaintiff certain disclosures pursuant to the TILA and Reg. Z.

15.    Plaintiff's loans are subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg.Z") as 1ST NATIONAL LENDING SERVICES was a "creditor" pursuant to said Act.

16.    TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to Plaintiff's loans with 1ST NATIONAL LENDING SERVICES.

17.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a).

18.    If the required notices of cancellation are not provided, then the right to cancel extends to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

19.    A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's wish to cancel the transaction to the creditor's place of business or upon notice to the assignee of the creditor.

20.    Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

21.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

22.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and

finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).

23.    By a letter dated January 14, 2009(Exhibit "C" attached and incorporated herein by reference), Plaintiff, notified MILA, Inc. and OneWest (Indymac Federal Bank) that he was exercising his rights under the Fair Debt Collections Practices Act § 805 in that they were to terminate all collection calls and communications, requested the identity of the note holders pursuant to 15 U.S.C. § 1641, that he was making a Qualified Written Request under RESPA and pointed out the deficient notice of right to cancel under the Truth In Lending Act.

24.    By a letter dated January 14, 2009 (Exhibit "D" attached and incorporated herein by reference), Plaintiff, notified MILA, Inc. and JPMorgan (Washington Mutual) that he was exercising his rights under the Fair Debt Collections Practices Act § 805 in that they were to terminate all collection calls and communications, requested the identity of the note holders pursuant to 15 U.S.C. § 1641, that he was making a Qualified Written Request under RESPA and pointed out the deficient notice of right to cancel under the Truth In Lending Act.

25.    1ST NATIONAL LENDING SERVICES was required to provide Plaintiff with two copies each of a completed Notice of Right to Cancel for each loan provided at the time of consummation or at the time of giving the final disclosures.

26.    1ST NATIONAL LENDING SERVICES violated TILA by failing to provide Plaintiff with two copies of their Notice of Right to Cancel on each loan.

27.    Said failure to provide the proper notices allows Plaintiff to rescind the loans as to the assignees, Defendants herein.

28.    While Plaintiff believes that DEFENDANTS are servicing agents for a securitized pool, as of the date of this filing, we believe that DEFENDANT is jointly and severely liable for damages related to this action as they have failed to identify their principal (of who they act for agent for).

29.    Under common law and Restatement of Agency Third (§§6.02 and 6.03) , if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, so long as the relationship of the agency and the identity of the principal have been disclosed. When the agency is undisclosed or partially disclosed, however, both the agent and the principal are liable.

**FIRST CAUSE OF ACTION TRUTH IN LENDING ACT**
**FOR DAMAGES AGAINST JPMORGAN**
**(Violations of Truth in Lending Laws)**
**(Damages pursuant to 15 U.S.C. §1635(g) and 15 U.S.C. §1640)**
**(Order directing JPMORGAN to comply with 15 U.S.C. § 1641)**

30.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

31.    15 U.S.C. § 1601, et seq., is the Federal Truth in Lending Act ("TILA"). The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (1C.F.R. § 2) and its Official Staff Commentary. Compliance by lenders with Regulation Z became mandatory October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also binding on all creditors.

32.    The purpose of TILA is to protect consumers. This is stated in 12 C.F.R. § 226.1, which reads:

*§ 226.Authority, purpose, coverage, organization, enforcement and liability... (b) Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling.*

33.    Reg. Z also mandates very specific disclosure requirements regarding home loans with which creditors, including Defendant, must comply:

*§ 226.17. General disclosure requirements. (a) Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.18.*

34.    The purpose of the TILA is to assure a meaningful disclosure of credit terms so that the borrowers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit and to protect the consumer against inaccurate and unfair credit billing practices.

35.    JPMORGAN failed to comply with Plaintiff's request for the name, address and telephone number of the true note holder as requested in the Plaintiff's January 14, 2009 (Exhibit D) letter pursuant to 15 U.S.C. § 1641.

36.    JPMORGAN has held itself out as the note holder and keeping the identity of the true note holder from Plaintiff  which Plaintiff believes is a fraudulent act as they are making an intentional misrepresentation and actively concealing known the fact:

    a.   JPMORGAN is required to disclose said information pursuant to 15 U.S.C. § 1641.

    b.   JPMORGAN was not the true noteholder at the time requested and recklessly claimed it was knowing it was not true.

    c.   JPMORGAN knew that Plaintiff would rely on said statements as fact thereby believing any remedy they proposed was done so by the true note holder.

    d.   Plaintiff was not aware that said representation was false.

    e.   Plaintiff has been harmed in that he has had to bring this action to enforce his rights and will continue to be harmed until he can obtain the name and contact information of the true owner of the note through discovery.

37.    JPMORGAN's loan to plaintiff violates TILA because 1ST NATIONAL LENDING SERVICES failed to provide the Plaintiff the required two copies of the Notice of Right to Cancel for each loan with the accurate information as required by the statute.

38.    As a result of the failure to provide accurate and true copies of the Notice of Right to Cancel for the Loan Transaction, Plaintiff was entitled to the extended three year right to rescind the Loan Transaction and did in fact exercise that right.

39.     Since Defendant completely disregarded the request by Plaintiff, pursuant to 15 U.S.C. §1635(b), since JPMORGAN failed to take action within 20 days, ownership of the property vests in the obligor without obligation on their part to pay for it.

40.     Plaintiff alleges that the improper providing of rescission forms is a prevalent problem in the lending industry, known by JPMORGAN and 1ST NATIONAL LENDING SERVICES, of which they willfully fail to put in place proper controls to ensure their obligations under the Truth In Lending Act, i.e. providing rescission rights and notices, is met by the agents they employ.

41.     Plaintiffs extended right to rescind on the first deed of trust was in effect on January 14, 2009 when Plaintiff validly rescinded the transaction by sending to JPMORGAN the demand for rescission as alleged herein  (Exhibit D).

42.     JPMORGAN's failure to rescind the loan and take the action necessary and appropriate to reflect the termination of the security interest within 20 days after Plaintiffs rescission of the transaction violated the Truth In Lending Act.

43.     Pursuant to 15 U.S.C. § 1640, Plaintiff has one year from the refusal by JPMORGAN to file suit for damages, attorney's fees and costs.

44.     While the Plaintiff properly rescinded the loan within the 3 year statute of limitations for said remedy, Plaintiff hereby requests damages, costs and attorney fees pursuant to both 15 U.S.C. §1635 and 15 U.S.C. §1640.

45.     The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

46.     As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).

47.   The security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute.

48.   Non-compliance with the rescission request is a violation of the act which gives rise to a claim for actual and statutory damages under 15 USC 1640.

49.   TILA rescission does not only cancel a security interest in the property but it also cancels any liability to pay finance and other charges, including accrued interest, points, broker fees, closing costs and provides that the creditor and/or assignee must refund all fees paid.

50.   The willful failure of JPMORGAN to rescind the loan and accept the tender offered pursuant to 15 U.S.C. §1635(a) after a valid rescission allows Plaintiff to keep all property provided by JPMORGAN with no obligation to return it.

51.   Plaintiff requests damages from JPMORGAN in the form of a court order rendering the security instrument of JPMORGAN void and ownership of the property (money lent to Plaintiff) vests to the Plaintiff without obligation on his part to pay for it.

52.   Plaintiff requests damages from JPMORGAN in any other alternative relief the court deems fit and proper to effectuate the self executing process of 15 U.S.C. §1635.

53.   Plaintiff requests damages from JPMORGAN in the form of the all costs and attorney fees incurred related to this action as allowed by 15 U.S.C. §1640.

54.   Plaintiff requests statutory damages of $2,000.00 for failing to provide a proper rescission disclosure.

55.   Plaintiff requests statutory damages of $2,000.00 for failing to rescind the loan as required by TILA.

56.   Plaintiff requires damages for the return of all fees, interest and finance charges related to the JPMORGAN loan.

57.     Plaintiff requests the court grant Declaratory Relief perfecting that Plaintiff timely rescinded his loan within the statutory 3 year period pursuant to 15 U.S.C. §1635.

58.     Plaintiff requests the court grant Declaratory Relief by directing and ordering JPMORGAN to provide the name, address and telephone number of the true note holder as requested in the Plaintiff's December 31,  2008 (Exhibit C) letter pursuant to 15 U.S.C. § 1641.

59.     While Plaintiff believes that JPMORGAN is a servicing agent for a securitized pool, as of the date of this filing, we believe that JPMORGAN is jointly and severely liable for damages related to this action as they have failed to identify their principal (of who they act for agent for).

60.     Under common law and Restatement of Agency Third (§§6.02 and 6.03) , if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, <u>so long as the relationship of the agency and the identity of the principal have been disclosed</u>. When the agency is undisclosed or partially disclosed, however, both the agent and the principal are liable.

**SECOND CAUSE OF ACTION TRUTH IN LENDING ACT**
**FOR DAMAGES AGAINST ONEWEST**
**(Violations of Truth in Lending Laws)**
**(Damages pursuant to 15 U.S.C. §1635(g) and 15 U.S.C. §1640)**
**(Order directing ONEWEST to comply with 15 U.S.C. § 1641)**

61.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

62.     15 U.S.C. § 1601, et seq., is the Federal Truth in Lending Act ("TILA"). The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (1C.F.R. § 2) and its Official Staff Commentary. Compliance by lenders with Regulation Z became mandatory October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also binding on all creditors.

63.     The purpose of TILA is to protect consumers. This is stated in 12 C.F.R. § 226.1, which reads:

*§ 226.Authority, purpose, coverage, organization, enforcement and liability... (b) Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling.*

64.   Reg. Z also mandates very specific disclosure requirements regarding home loans with which creditors, including Defendant, must comply:

*§ 226.17. General disclosure requirements. (a) Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.18.*

65.   The purpose of the TILA is to assure a meaningful disclosure of credit terms so that the borrowers will be able to compare more readily the various credit terms available to them and avoid the uninformed use of credit and to protect the consumer against inaccurate and unfair credit billing practices.

66.   ONEWEST failed to comply with Plaintiff's request for the name, address and telephone number of the true note holder as requested in the Plaintiff's January 14, 2009 (Exhibit C) letter pursuant to 15 U.S.C. § 1641.

67.   ONEWEST has held itself out as the note holder and keeping the identity of the true note holder from Plaintiff  which Plaintiff believes is a fraudulent act as they are making an intentional misrepresentation and actively concealing known the fact:

    a.   ONEWEST is required to disclose said information pursuant to 15 U.S.C. § 1641.

    b.   ONEWEST was not the true noteholder at the time requested and recklessly claimed it was knowing it was not true.

    c.   ONEWEST knew that Plaintiff would rely on said statements as fact thereby believing any remedy they proposed was done so by the true note holder.

    d.   Plaintiff was not aware that said representation was false.

68.    Plaintiff has been harmed in that he has had to bring this action to enforce his rights and will continue to be harmed until he can obtain the name and contact information of the true owner of the note through discovery.

69.    ONEWEST's loan to plaintiff violates TILA because 1ST NATIONAL LENDING SERVICES failed to provide the Plaintiff the required two copies of the Notice of Right to Cancel for each loan with the accurate information as required by the statute.

70.    As a result of the failure to provide accurate and true copies of the Notice of Right to Cancel for the Loan Transaction, Plaintiff was entitled to the extended three year right to rescind the Loan Transaction and did in fact exercise that right.

71.    Since Defendant completely disregarded the request by Plaintiff, pursuant to 15 U.S.C. §1635(b), since the OneWest failed to take action within 20 days, ownership of the property vests in the obligor without obligation on their part to pay for it.

72.    Plaintiff alleges that the improper providing of rescission forms is a prevalent problem in the lending industry, known by ONEWEST and 1ST NATIONAL LENDING SERVICES, of which they willfully fail to put in place proper controls to ensure their obligations under the Truth In Lending Act, i.e. providing rescission rights and notices, is met by the agents they employ.

73.    Plaintiffs extended right to rescind on the first deed of trust was in effect on January 14, 2009 when Plaintiff validly rescinded the transaction by sending to ONEWEST the demand for rescission as alleged herein  (Exhibit C).

74.    ONEWEST's failure to rescind the loan and take the action necessary and appropriate to reflect the termination of the security interest within 20 days after Plaintiffs rescission of the transaction violated the Truth In Lending Act.

75.    Pursuant to 15 U.S.C. § 1640, Plaintiff has one year from the refusal by OneWest to file suit for damages, attorney's fees and costs.

76.    While the Plaintiff properly rescinded the loan within the 3 year statute of limitations for said remedy, Plaintiff hereby requests damages, costs and attorney fees pursuant to both 15 U.S.C. §1635 and 15 U.S.C. §1640.

77.    The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).

78.    As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).

79.    The security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute.

80.    Non-compliance with the rescission request is a violation of the act which gives rise to a claim for actual and statutory damages under 15 USC 1640.

81.    TILA rescission does not only cancel a security interest in the property but it also cancels any liability to pay finance and other charges, including accrued interest, points, broker fees, closing costs and provides that the creditor and/or assignee must refund all fees paid.

82.    The willful failure of OneWest to rescind the loan and accept the tender offered pursuant to 15 U.S.C. §1635(a) after a valid rescission allows Plaintiff to keep all property provided by OneWest with no obligation to return it.

83.    Plaintiff requests damages from OneWest in the form of a court order rendering the security instrument of OneWest void and ownership of the property (money lent to Plaintiff) vests to the Plaintiff without obligation on their part to pay for it.

84.    Plaintiff requests damages from OneWest in any other alternative relief the court deems fit and proper to effectuate the self executing process of 15 U.S.C. §1635.

85.     Plaintiff requests damages from OneWest in the form of the all costs and attorney fees incurred related to this action as allowed by 15 U.S.C. §1640.

86.     Plaintiff requests statutory damages of $2,000.00 for failing to provide a proper rescission disclosure.

87.     Plaintiff requests statutory damages of $2,000.00 for failing to rescind the loan as required by TILA.

88.     Plaintiff requires damages for the return of all fees, interest and finance charges related to the OneWest loan.

89.     Plaintiff requests the court grant Declaratory Relief perfecting that Plaintiff timely rescinded his loan within the statutory 3 year period pursuant to 15 U.S.C. §1635.

90.     Plaintiff requests the court grant Declaratory Relief by directing and ordering OneWest to provide the name, address and telephone number of the true note holder as requested in the Plaintiff's January 14, 2009 (Exhibit C) letter pursuant to 15 U.S.C. § 1641.

91.     While Plaintiff believes that OneWest is a servicing agent for a securitized pool, as of the date of this filing, we believe that OneWest is jointly and severely liable for damages related to this action as they have failed to identify their principal (of who they act for agent for).

92.     Under common law and Restatement of Agency Third (§§6.02 and 6.03) , if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, so long as the relationship of the agency and the identity of the principal have been disclosed. When the agency is undisclosed or partially disclosed, however, both the agent and the principal are liable.

**THIRD CAUSE OF ACTION FOR REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS AGAINST JPMORGAN**
**(Violations of Real Estate Settlement Procedures Act,**
**12 U.S.C. § 2601 et seq. – Failing to Properly Respond to a QWR)**

93.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

94.    The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") was enacted on December 22, 1974.

95.    RESPA applies to "federally related mortgage loans," which is defined at 12 U.S.C. § 2602(1).  RESPA initially applied only to certain first liens on residential real property.  On October 28, 1992, the law was amended to cover subordinate liens and loans used to prepay or pay off an existing loan secured by the same property.  12 U.S.C. § 2602(1); 24 C.F.R. § 3500.2.

96.    JPMORGAN failed to acknowledge Plaintiff's Qualified Written Request pursuant to RESPA within 20 business days of receipt.  12 U.S.C. 2605(e)(1)(A).

97.    Plaintiff's January 14, 2009 letter (Exhibit D) was sent via a Certificate of Mailing with the United States Post Office (Exhibit D).  Allowing for mailing of 5 days, they were required to acknowledge the QWR by February 16, 2009.

98.    Pursuant to 12 U.S.C. 2605 (f), Plaintiffs are entitled to actual damages (additional costs incurred for follow up correspondence), statutory penalty of $1,000.00 and attorney fees and costs.

**FOURTH CAUSE OF ACTION FOR REAL ESTATE SETTLEMENT
PROCEDURES ACT VIOLATIONS AGAINT ONEWEST
(Violations of Real Estate Settlement Procedures Act,
12 U.S.C. § 2601 et seq. – Failing to Properly Respond to a QWR)**

1.  Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

2.  The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") was enacted on December 22, 1974.

3.  RESPA applies to "federally related mortgage loans," which is defined at 12 U.S.C. § 2602(1).  RESPA initially applied only to certain first liens on residential real property.  On October 28, 1992, the law was amended to cover subordinate liens and loans used to prepay or pay off an existing loan secured by the same property.  12 U.S.C. § 2602(1); 24 C.F.R. § 3500.2.

4.  ONEWEST failed to acknowledge Plaintiff's Qualified Written Request pursuant to RESPA within 20 business days of receipt.  12 U.S.C. 2605(e)(1)(A).

5. Plaintiff's January 14, 2009 letter (Exhibit C) was sent via a Certificate of Mailing with the United States Post Office (Exhibit C).  Allowing for mailing of 5 days, they were required to acknowledge the QWR by February 16, 2009.

6. ONEWEST failed to respond to Plaintiffs Qualified Written Request pursuant to RESPA within 60 business days of receipt (12 U.S.C. 2605(e)(1)(A)) from their January 14, 2009 letter which was sent via a Certificate of Mailing with the United States Post Office (Exhibit C).  Allowing for mailing of 5 days, they were required to respond to the QWR by April 13, 2009.

7. ONEWEST never responded.

8. Pursuant to 12 U.S.C. 2605 (f), Plaintiffs are entitled to actual damages, statutory penalty of $1,000.00 and attorney fees and costs.

**FIFTH CAUSE OF ACTION FOR FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS AGAINST ALL DEFENDANTS**
**(Violations of Fair Debt Collection Practices Act**
**(FDCPA), 15 U.S.C. § 1692 et. seq.**
**Rosenthal Fair Debt Collection Practices Act**
**California Civil Code §§ 1788-1788.32)**

9. Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq. applies to debt collectors who collect debts on behalf of others.

10. Defendant ONEWEST and JPMORGAN are debt collectors under the FDCPA as they did not originate the loan and are currently servicing the loan on behalf of an unknown investor.  See § 803(6) of 15 U.S.C. § 1692.

11. Rosenthal Fair Debt Collection Practices Act (RFDCPA), California Civil Code §§ 1788 - 1788.32 extends the debt collector activity to creditors and more broadly against persons or entities who are collecting debts of another.

12. FDCPA does not preempt State law except as to those sections which are inconsistent and the Federal statute specifically states that greater protection is not considered inconsistent. See § 816(6) of 15 U.S.C. § 1692.

13.   The Rosenthal Fair Debt Collection Practices Act in § 1788.17 requires that all debt collectors, as defined under § 1788.2(c), must comply with the provisions of 15 U.S.C. §1692b - §1692j and subject to the remedies of 15 U.S.C. § 1692k.

14.   Defendant ONEWEST and JPMORGAN received the Plaintiffs letter dated January 14, 2009 (Exhibit "C" and "D" and incorporated herein by reference). Plaintiff's letter stated, in part:

*"In addition, … is asserting his rights under Section 805 of the Federal Fair Debt Collections Practices Act and the California Rosenthal's Fair Debt Collection Practices Act in that he is advising you that he wishes that all communications cease in relation to the debt except in the form of a written response to the request contained in this letter or those allowed per the statute."*

15.   Despite said notification, Defendants ONEWEST and JPMORGAN repeatedly contacted Plaintiff attempting to collect the debt by both phone and mail.

16.   Such violation is a willful disregard for the rights of the Plaintiff and pursuant to 15 USC § 1692k Plaintiff is entitled to actual damages, statutory penalty up to $1,000.00 and actual attorney fees.

17.   Such violation is a willful disregard for the rights of the Plaintiff and pursuant to California Civil Code § 1788.30 Plaintiff is entitled to actual damages, statutory penalty of no less than $100.00 and no more than $1,000.00 and actual attorney fees.

18.   Plaintiff contends that ONEWEST and JPMORGAN does not have in place reasonable procedures necessary to avoid such a violation and their acts were therefore willful and they should not be allowed to avoid said damages and awards by claiming their acts were merely a bona fide error.

## SIXTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES AGAINST ALL DEFENDANTS
### (Violation of California's Unfair Competition Law, Bus. & Prof. Code §17200 et seq.)

19.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20.     The Court has jurisdiction over this action pursuant to Business and Professions Code § § 17200 et seq., specifically Business and Professions Code § 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition; and Business and Professions Code Section 17204, which provides for actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a court of competent jurisdiction by any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.

21.     At all times relevant to this Complaint, ONEWEST and JPMORGAN were acting as a loan servicer who is in the business of providing and servicing residential mortgages to the general public and was acting within the scope of that business with regard to the loan transactions provided to Plaintiff.

22.     As set forth above under the First through Fifth Causes of Action, ONEWEST and JPMORGAN violated TILA, RESPA and the Fair Debt Collection Practices Act.

23.     Since Plaintiff rescinded his loans on January 14, 2009, ONEWEST and JPMORGAN has continually engaged in harassment of the Plaintiff, communicated regarding the debt and did not properly respond to Plaintiffs Qualified Written Request.

24.     WHEREFORE, Plaintiff prays for judgment for rescission and relief as more fully set forth below.

**SEVENTH CAUSE OF ACTION FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT
AGAINST ALL DEFENDANTS
(15 U.S.C. § 1681 et seq.)**

25.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

26.     According to the Fair Credit Reporting Act, section 623. A key responsibility of furnishers of information to consumer reporting agencies is to provide accurate information. [15 U.S.C. § 1681s-2].

27.     According to the Fair Credit Reporting Act [15 U.S.C. § 1681n], any person who willfully fails to comply with any requirement imposed the statute is liable to that consumer in an amount equal to the sum of any actual damages sustained or damages of not less than $100 and not more than $1,000 the costs of the action together with reasonable attorney's fees as determined by the court.

28.     As Plaintiff has rescinded his loan, disputed the debt under the Fair Debt Collection Practices Act and has made a Qualified Written Request under RESPA, Defendants are prohibited from reporting any delinquency pending the resolution of this matter, but they continue to report derogatory information.

29.     THEREFORE Plaintiffs request judgment against Defendant for damages of $1,000 plus costs and fees and attorney fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C. For consequential damages as permitted by law;

D. For statutory damages as permitted by law;

E. For rescission;

F. For equitable relief, including restitution;

G. For restitutionary disgorgement of all profits Defendant obtained as a result of their unfair competition;

H. For interest as permitted by law;

I. For Declaratory Relief;

J. For Injunctive Relief;

K. For reasonable attorneys' fees and costs; and

L. For such other relief as is just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to the Federal Rules of Civil Procedure Rule 38, Plaintiff Shaunn A. Fullmer hereby demands a jury trial on all issues triable by jury.


Dated:  April 17, 2009                    By:  /s/ Kimberlee A. Rode _____
                                          Kimberlee A. Rode, Attorney for Shaunn A. Fullmer

1

## **Exhibit List**

2

| | |
|---|---|
| Exhibit A | Copy of Note and Deed of Trust on First Deed of Trust |
| Exhibit B | Copy of Note and Deed of Trust on Second Deed of Trust |
| Exhibit C | Rescission Letter to Indymac Bank dated January 14, 2009. |
| Exhibit D | Rescission Letter to Washington Mutual dated January 14, 2009. |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25