JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AS AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER, erroneously sued as JPMORGAN CHASE BANK, NA., as successor by merger to Washington Mutual Bank

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Shaunn A. Fullmer,

Plaintiff,

v.

JPMorgan Chase Bank, NA., as successor by merger to Washington Mutual Bank and OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank

Defendants.

**CASE NO.: 09-cv-01037-GEB-JFM**

**JUDGE:** Garland E. Burrell, Jr.

**NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

[Filed concurrently with Request for Judicial Notice in Support Thereof]

**DATE:** August 31, 2009
**TIME:** 9:00 a.m.
**CRTRM:** "10"

**Action Filed:** April 17, 2009

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on August 31, 2009, at 9:00 a.m. or as soon

thereafter as the matter may be heard in Courtroom 10 of the above-entitled Court, defendant JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver ("JPMorgan" or "Defendant"), erroneously sued as JPMorgan Chase Bank, NA., as successor by merger to Washington Mutual Bank, will move the Court to dismiss the complaint ("Complaint") of plaintiff Shaunn A. Fullmer ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP") § 12(b)(6) on the grounds that it fails to state a claim upon which relief can be granted. This motion is based on the following:

1. Plaintiff's claim for "Violation of Truth in Lending Laws" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2. Plaintiff's claim for "Violations of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3. Plaintiff's claim for "Violations of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4. Plaintiff's claim for "Violation of California's Unfair Competition Law, Sub. & Prof. Code § 17200 et seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

///

///

///

///

///

///

///

///

///

5. Plaintiff's claim for "Violation of the Fair Credit Reporting Act" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, Request for Judicial Notice, the records and pleadings on file herein, and on such other evidence as may be presented.

DATED: July 13, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AS AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER, erroneously sued as JPMORGAN CHASE BANK, NA., as successor by merger to Washington Mutual Bank

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT .......... 1

II. SUMMARY OF RELEVANT FACTS .......... 2

III. THE STANDARD FOR A MOTION TO DISMISS .......... 3

IV. PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF TRUTH IN LENDING LAWS" FAILS AS ASSERTED AGAINST JPMORGAN .......... 3

- A. As A Matter of Law, Plaintiff Cannot State a Claim against JPMorgan Because It is Not Liable Under TILA .......... 3
- B. JPMorgan Cannot Be Liable For Damages For TILA Violations Because The Claim Is Barred By Statute of Limitations .......... 5
- C. Because The Loans Were Purchase Money Mortgage Loans, Plaintiff Does Not Have The Right To Rescind .......... 6
- D. EVEN ASSUMING PLAINTIFF COULD RESCIND UNDER THE TILA, THE LIMITATIONS PERIOD HAS EXPIRED .......... 7

V. PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT" .......... 7

VI. PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT" FAILS .......... 9

VII. PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR BUSINESS PRACTICES" .......... 10

- A. Plaintiff Lacks Standing To Assert This Claim .......... 10
- B. Plaintiff's Claim Is Subject To Dismissal Because Plaintiff Does Not Allege With Particularity Any Conduct By Defendants In Violation Of Section 17200 .......... 11
- C. Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of Conduct" .......... 12

VIII. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR "VIOLATION OF THE FAIR CREDIT REPORTING ACT" .......... 12

IX. CONCLUSION .......... 14

# TABLE OF AUTHORITIES

Page

## Cases

*Alkan v. CitiMortgage, Inc.*, 336 F.Supp.2d 1061, 1063 (N.D.Cal. 2004)................. 13

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998)........................................................................................................ 10

*Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972).............................. 12

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) ...................................... 3

*Bills v. BNC Mortg.*, Inc., 502 F.Supp.2d 773 (N.D.Ill.,2007) ....................................... 4

*Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 359 (E.D.Pa., 1994) ............................ 4

*Californians For Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006) .... 10

*Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003)........................ 4

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)..................... 10

*Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) ............................................................... 8

*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977)........................ 12

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006)........ 8

*Microsoft Corp. v. A-Tech Corp*, 855 F. Supp. 308, 313 (C.D. Cal. 1994)................ 11

*Murray v. Fifth Third Bank*, Slip Copy, 2007 WL 956916 (E.D.Mich., 2007)............. 7

*Peasley v. Verizon Wireless*, 364 F.Supp.2d at 1200 .................................................. 13

*People* at 635; *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal. 1994).......................................................................................................... 12

*People v. McKale*, 25 Cal. 3d 626 (1979) .................................................................. 11

*Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 784 (W.D.Kent. 2003)............. 13

*Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.3d 584, 589 (E.D.Va. 2006)................... 5

*Turczynski v. Friedman*, 2007 WL 4556923, * 4 (E.D. Cal. 2007)............................... 6

*Whisenant v. First National Bank & Trust Company*, 258 F.Supp.2d 1312, 1316-1317 (N.D. Oklahoma 2003) ................................................................................... 13

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## TABLE OF AUTHORITIES

Page

**Statutes**

12 C.F.R. § 226(f) .......... 6

12 U.S.C. § 2605 .......... 8

12 U.S.C. § 2605(f)(1)(A) .......... 8

15 U.S.C. § 1602 .......... 4, 6

15 U.S.C. § 1635 .......... 6

15 U.S.C. §§ 1640, 1641 .......... 3

15 U.S.C. § 1681s-2(b) .......... 12, 13

*Civil Code* §§ 1788, et seq. .......... 9

*Civil Code* §§ 1788.10 .......... 9

*Civil Code* §§ 1788.11 .......... 9

*Civil Code* §§ 1788.12 .......... 9

*Civil Code* §§ 1788.13 .......... 9

*Civil Code* §§ 1788.14-16 .......... 9

Section 17200 .......... 10

**Rules**

*California Business and Professions Code Sections 17200 et seq* .......... 6, 7

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver ("JPMorgan" or "Defendant"), erroneously sued as JPMorgan Chase Bank, NA., as successor by merger to Washington Mutual Bank, submit the following Memorandum of Points and Authorities in support of the motion to dismiss the complaint ("Complaint") of plaintiff Shaunn A. Fullmer ("Plaintiff").

## I. SUMMARY OF ARGUMENT

In essence, Plaintiff seeks to rescind two loan transactions provided to Plaintiff and his wife, Detra Fullmer (who is not a party to this action), in connection with the real property located at 4048 Monte Verde Drive, El Dorado Hills, California ("Subject Property"). To that end, Plaintiff alleges violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA") among others. However, all of Plaintiff's claims fail as asserted against JPMorgan.

JPMorgan has absolutely no recorded interest in the Subject Property. *See* Request for Judicial Notice ("RJN"), Exhibits 1-3. Moreover, JPMorgan is not the lender of the loan encumbering the Subject Property. *Id.* At most, JPMorgan is the loan servicer. *See,* Complaint, Exhibits A and B; Request for Judicial Notice ("RJN"), Exhibits 1-3. Consequently, JPMorgan cannot be held liable for any purported violation of TILA. Moreover, Plaintiff is not entitled to rescission since the subject loans were purchase money loans. Further, any claim for rescission and statutory damages is time barred since Plaintiff has asserted such claims more than three years since the loan was closed.

Plaintiff's RESPA claim likewise fails as Plaintiff fails to allege any purported pecuniary loss associated with JPMorgan's alleged failure to respond to a Qualified Written Request. Plaintiff cannot state a claim for violation of the Fair Debt Collection Practices Act since it is based solely on conclusory allegations. Likewise, Plaintiff's claims for unfair business practices fails because the claim is entirely

predicated on JPMorgan's alleged violation of TILA, RESPA, and the Fair Debt Collection Practices Act which all fail as asserted against JPMorgan. Moreover, Plaintiff has no standing to allege this claim.

Plaintiff's last claim for violation of the Fair Credit Reporting Act is also fatally defective. Plaintiff fails to properly plead this claim, as liability thereunder is triggered when a creditor fails to respond to a notice of dispute received from a credit reporting agency. Plaintiff makes no such allegation.

For these reasons, all claims against Defendants must be dismissed without leave to amend.

## II. SUMMARY OF RELEVANT FACTS

The following are the relevant allegations in the Complaint and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

- The real property that is the subject of this dispute is located at 4048 Monte Verde Drive, El Dorado Hills, California 95762 (previously defined as "Subject Property"). *See* Complaint, ¶ 8; Request for Judicial Notice ("RJN"), Exhibits 2-3

- A Grant Deed wherein Plaintiff and his wife, Detra Fullmer, acquired title to the Subject Property was recorded on March 3, 2006 with the El Dorado County Recorder as instrument number 2006-0014493-00. *See* RJN, Exhibit 1.

- Plaintiff and his wife, Detra Fullmer, obtained a mortgage loan in the sum of $500,000.00 ("Loan"). The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about March 3, 2006 with the El Dorado County Recorder as instrument number 2006-0014494-00. The DOT identifies 1st National Lending Services. ("1st National") as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary, and Greenhead Investments, Inc. ("Greenhead") as the trustee, and Plaintiff and his wife, Detra Fullmer, as the borrowers. *See* RJN, Exhibit 2.

- Plaintiff and his wife, Detra Fullmer, obtained a second mortgage loan in the sum of $45,000.00 ("Second Loan"). The Second Loan was secured by a subordinate deed of trust ("Second DOT") encumbering the Subject Property

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

that was recorded on or about March 3, 2006 with the El Dorado County Recorder as instrument number 2006-0014495-00. *See,* RJN, Exhibit 3. The Second DOT identifies 1st National as the lender, Greenhead as the trustee, and Plaintiff and his wife, Detra M. Fullmer, as the borrowers. *Id.*

## III. THE STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF TRUTH IN LENDING LAWS" FAILS AS ASSERTED AGAINST JPMORGAN

Under this claim, Plaintiff alleges JPMorgan violated TILA due to failure to disclose material terms of the two subject loans encumbering the Subject Property. that are the subject of this Action. *See* Complaint, ¶¶ 32-33. However, for the reasons set forth below, this claim fails since it is time-barred and there is no court determination that Plaintiffs can comply with their rescission obligation.

### A. As A Matter of Law, Plaintiff Cannot State a Claim against JPMorgan Because It is Not Liable Under TILA

JPMorgan cannot be liable for any purported disclosure violations under TILA as a matter of law. The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor. 15 U.S.C. §§ 1640, 1641. Servicers of consumer obligations are not to be treated as assignees for purposes of imposing

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

liability unless they are also the owner of the obligation. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003).

In *Chow*, the Plaintiff brought an action for TILA violations against various parties, including the loan servicer. The loan servicer, GMAC, brought a summary judgment motion and argued that because it was only the servicer of the mortgage loan, not the owner, it could not be liable as an assignee. The Court, agreed and held that GMAC could not be held liable as an assignee for the alleged TILA violations. *See also*, *Bills v. BNC Mortg.*, Inc., 502 F.Supp.2d 773 (N.D.Ill.,2007) (action was brought for violation of TILA against loan service, court dismissed claim).

Section 1640(a) "permits only a 'creditor' to be held liable for a monetary penalty or an award of attorney's fees for a TILA violation." *Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 359 (E.D.Pa., 1994).

Under TILA a "creditor" is defined as a person who:

> (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and
> (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement. 15 U.S.C. § 1602.

Here, 1st National was the original lender of the First and Second Loan. *See,* Complaint, Exhibits A and B; *see also,* RJN, Exhibits 2 and 3. There is no assignment recorded pursuant to either the First or Second DOT. *Id.*. Thus, JPMorgan has no recorded interest under the two subject loans and the two subject deeds of trust. *Id.* Accordingly, JPMorgan was not the lender or assignee in connection with either the First or Second Loan, and thus is not a proper party to a TILA action.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

B. **JPMorgan Cannot Be Liable For Damages For TILA Violations Because The Claim Is Barred By Statute of Limitations**

Plaintiff seeks compensatory, statutory and punitive damages in connection with the TILA claim. *See* Complaint, ¶ 53-55. Even *assuming arguendo,* that Plaintiff properly pled a claim for TILA violations, which JPMorgan does not concede, JPMorgan cannot be liable for damages because the statute of limitations has expired. Civil penalties under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). Section 1640(e) states, in part:

> "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." (Emphasis added).

In *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006), the Court granted the defendant's motion for summary judgment of plaintiffs' count of statutory damages, attorney costs and fees, and forfeiture of the tender because the plaintiffs filed their claim after the expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute of limitations period applying to claims for civil damages arising from TILA violations begins to run from the date of the complained of violation. If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.

In this case, Plaintiff's First and Second Loans closed on February 22, 2006. *See,* Complaint, Exhibits A and B; *see also,* RJN, Exhibits 1-2. One year from February 22, 2006 was February 22, 2007. Plaintiff filed suit in April 2009, more than three years after the subject loans closed and Plaintiff purportedly obtained the deficient disclosures. *See* Complaint. Consequently, any claim for damages for improper TILA disclosures are time-barred because the statute of limitations period began to run on the date the two subject loans closed in February of 2006. Hence,

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Plaintiff's damage claim expired in February of 2007, one year after the two subject loans closed. *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584. Accordingly, Plaintiff's request for statutory damages is time barred.

C. **Because The Loans Were Purchase Money Mortgage Loans, Plaintiff Does Not Have The Right To Rescind**

No claim for rescission based on violation of TILA can be asserted against JPMorgan because the First and Second Loans were purchase money loans. *See* RJN, Exhibits 1-3. TILA gives an obligor the right to rescind any credit transaction in which a security interest is created in the obligor's home, if a lender fails to make the required material disclosures. 15 U.S.C. § 1635. The loan cannot be rescinded, however, if the loan was a purchase money loan. 15 U.S.C. § 1635(e)(1).

Section 1635(e)(1) states that section 1635 "does not apply to a residential mortgage transaction as defined in section 1602(w) of this title." *See also*, 12 C.F.R. § 226(f) (exempting residential mortgage transactions from rescission rights); *Turczynski v. Friedman*, 2007 WL 4556923, * 4 (E.D. Cal. 2007) (residential mortgages are not rescindable under TILA). The term "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling. 15 U.S.C. § 1602(w).

Here, the recorded documents indicate that the First and Second Loans were purchase money loans. Plaintiff obtained title to the Subject Property by way of the Grant Deed, which was recorded on March 3, 2006, the same date in which the two deeds of trust in connection with the two loans encumbering the Subject Property were recorded. *See* RJN, Exhibits 1-3. Thus, the Loans are purchase money loans in a residential mortgage transaction, and thereby exempted from the right to rescission under section §1635. Accordingly, no claim for rescission of the two subject loans under TILA can be asserted against JPMorgan, and the motion to dismiss this claim

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

must be granted.

**D. EVEN ASSUMING PLAINTIFF COULD RESCIND UNDER THE TILA, THE LIMITATIONS PERIOD HAS EXPIRED**

Plaintiff also seeks to rescind the subject loan transactions based upon the allegation that "JPMorgan's loan to plaintiff violates TILA because 1ST NATIONAL…failed to provide the Plaintiff the required two copies of the Notice of Right to Cancel[.]" *See,* Complaint, ¶ 37. Preliminarily, JPMorgan was neither the originating lender of the subject loan transactions nor the assignee of such transactions. *See,* RJN, Exhibits 1-3. As such, JPMorgan cannot be liable to Plaintiff for such failure of 1st National to provide the required notices. Moreover, even assuming *arguendo* JPMorgan could be held liable—a fact JPMorgan does not concede—any claim for rescission must be brought within three years of consummation of the transaction or prior to the "sale of the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); *see also, Murray v. Fifth Third Bank,* Slip Copy, 2007 WL 956916 (E.D.Mich., 2007).

As stated above, Plaintiff's First and Second Loans closed on February 22, 2006. *See,* Complaint, Exhibits A and B; *see also* RJN, Exhibits 2 and 3. Plaintiff filed suit in April of 2009, more than three years after the subject loans closed. *See* Complaint. Consequently, Plaintiff's TILA claim for rescission is barred by the statute of limitations.

**V. PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT"**

In support of the claim for violations of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. Sections 2601 *et seq*., Plaintiff alleges that "JPMorgan failed to acknowledge Plaintiff's Qualified Written Request…within 20 business days of receipt." *See* Complaint, ¶ 96. However, as stated below, this claim fails.

RESPA section 2605(e)(1)(B), states in relevant part:

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

> "For purposes of this subsection, a **qualified written request** shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."

In this regard, Plaintiff alleges that "JPMorgan failed to acknowledge Plaintiff's Qualified Written Request[.]" *See,* Complaint, ¶ 96. However, the purported Qualified Written Request letter ("QWR") attached as Exhibit D, while it is addressed to Washington Mutual, fails to provide the requisite information to enable the servicer to identify the borrower. In fact, by January 14 , 1009 (the date the QWR), Washington Mutual ceased to exist. Because the purported QWR was sent to Washington Mutual, Plaintiff cannot seek any damages under RESPA against JPMorgan.

Moreover, the purported QWR fails to provide the borrowers account number, and ambiguously provides an IndyMac loan number and a 1st National loan number. Furthermore, even if, assuming *arguendo,* that the QWR contained sufficient information, alleging a breach of RESPA duties alone does not state a claim under RESPA.

> "Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages. *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation)." *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006).

Here, the Complaint contains no allegation that JPMorgan's alleged failure to respond to the purported QWR caused any pecuniary loss to Plaintiff. That is, a

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

plaintiff must plead how his damages resulted from alleged violation of RESPA. Instead, Plaintiff nebulously alleges that he is entitled to "actual damages (additional costs incurred for follow up correspondence)[.]" *See*, Complaint, ¶ 98. Without the causal connection, no claim for violation of RESPA can be asserted. *Hutchinson*, 410 F.Supp.2d at 383.

For the foregoing reasons, the claim for violation of RESPA must be dismissed.

## VI. PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT" FAILS

In general, FDCPA was enacted to eliminate abusive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. California's Rosenthal Debt Collection Practices Act ("CFDCPA") precludes a "debt collector" from collecting, or attempting to collect, from a "debtor" on a consumer debt in a threatening or harassing manner. *See, Civil Code* §§ 1788, et seq. The CFDCPA outlines specific examples of prohibited practices, and includes, threats (*Civil Code* §§ 1788.10); obscenity (*Civil Code* §§ 1788.11); misleading or false communications (*Civil Code* §§ 1788.13); communications to third parties such as employers (*Civil Code* §§ 1788.12); and overreaching (*Civil Code* §§ 1788.14-16). Similarly, the FDCPA under 15 USC § 1692 was enacted to eliminate abusive debt collection practices by debt collectors and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.

In this case, the underlying basis of Plaintiff's claim is that despite written notification of Plaintiff's desire that all communications cease, JPMorgan allegedly "repeatedly contacted Plaintiff attempting to collect the debt". *See,* Complaint, ¶¶ 14-15. However, Plaintiff fails to properly plead any cause of action for violation of the FDCPA or CFDCPA against Defendant.

Plaintiff summarily alleges that JPMorgan allegedly "repeatedly contacted Plaintiff attempting to collect the debt". *See,* Complaint, ¶ 14-15. This is a mere

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

conclusory statement. Plaintiff sets forth no facts as to when such communications took place, and fail to identify what types of communications were made and the nature of those communications. Indeed, even if proper notification is sent to cease communication, not all subsequent communication is prohibited. *See,* 15 USC §1692c(c) [Providing that debt collector may advise consumer that further collection efforts being terminated, or notify the consumer that creditor may invoke specified remedies ordinarily invoked by creditor; or to notify the consumer that the creditor intends to invoke a specified remedy.]; *see also, Santaro v. CTC Foreclosure Service,* 12 Fed.Appx. 476 (9th Cir. 2007 [loan servicing company's conduct did not constitute "debt collecting" within meaning of state and federal Fair Debt Collection Practices Act, despite direct contact with mortgagors after being notified that they were represented by counsel, where first contact was letter from company offering loan workout, and second direct contact was a statutorily required notice of pending foreclosure sale of the property, which was sent by foreclosure service company, and did not seek to collect the debt.].

Although the Court must construe the facts in the light most favorable to the non-moving party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Because the allegation is conclusory at best, Plaintiff cannot state a claim for unfair debt collection practices under either the FDCPA or CFDCPA.

## VII. PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR BUSINESS PRACTICES"

### A. Plaintiff Lacks Standing To Assert This Claim

Plaintiff lacks standing to assert a claim under Section 17200. Prior to its

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

amendment in 2004, Section 17200 and related provisions permitted any person acting for the general public to sue for relief from unfair competition and does not predicate standing on a showing of injury or damage. *Californians For Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006). As amended by Proposition 64, section 17204 now limits standing in a Section 17200 action to certain specified public officials and to "any person who has suffered injury in fact and has lost money or property as a result of ... unfair competition." *Id.*

In this case, conspicuously absent from the Complaint is any allegation that Plaintiff has suffered any loss as a result of the purported unfair business practice. *See,* Complaint, ¶¶ 19-24. Plaintiff does not allege what money or property Plaintiff allegedly loss as a result of any purported violation of Section 17200. *Id.*. Indeed, Plaintiff fails to allege any damage that he incurred for Defendants' alleged violation of Section 17200. *Id.* Thus, Plaintiff lacks standing to assert this claim.

**B. Plaintiff's Claim Is Subject To Dismissal Because Plaintiff Does Not Allege With Particularity Any Conduct By Defendants In Violation Of Section 17200**

In order to allege a claim for an unlawful business practice under Section 17200, the plaintiff must allege facts to demonstrate that the practice violates the law. *See*, *People v. McKale,* 25 Cal.3d 626, 635 (1979). Establishing an "unlawful business practices" claim under section 17200 necessarily requires the violation of an independent underlying law or statute often referred to as the "borrowed claim." *Id.* at 626. Thus, as a general rule, Section 17200 is typically found to encompass an action that constitutes a business practice and that "at the same time is forbidden by law." *Id.* at 625. A plaintiff alleging unfair business practices therefore under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation. *Khoury*, 14 Cal. App 4th at 616 [Emphasis Added].

Here, Plaintiff's claim is entirely predicated on the prior causes of action alleged in the Complaint. *See,* Complaint, ¶ 22. In particular, Plaintiff alleges that

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

"JPMorgan violated TILA, RESPA, and the Fair Debt Collection Practices Act." *Id.* However, as discussed in full above, Plaintiff's fail to state any claim upon which relief can be granted against JPMorgan for violation of TILA, RESPA, and/or the Fair Debt Collection Practices Act. Consequently, Plaintiff's claim, which is entirely dependent on such violations, necessarily fails.

### C. Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of Conduct"

Moreover, a claim of unfair business practice under Section 17200 must be premised upon a "pattern of behavior" or a "course of conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977). Thus, as a general rule, Section 17200 is typically found to encompass an action which constitutes a business practice and that "at the same time is forbidden by law." *Id.*, citing *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972). In order to allege a claim for an unlawful business practice under 17200, the plaintiff must allege facts to demonstrate that the practice violates the law. *See, People* at 635; *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal. 1994). The aforementioned allegations do not constitute a "pattern of behavior," "course of conduct" or "business practice" within the meaning of Section 17200. Because Plaintiff relies on an isolated event with respect to Defendants' purported misconduct in relation to the Loan in support of this claim Plaintiff fails to allege actions that rise to the level of a "pattern of behavior," "course of conduct" or "business practice" within the meaning of the statute. *Hewlett*, 54 Cal.App.4th at 519.

For the foregoing reasons, claim for unfair business practices under Bus. & Prof. Code § 17200 is subject to dismissal.

## VIII. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR "VIOLATION OF THE FAIR CREDIT REPORTING ACT"

In support of this claim, Plaintiff alleges that "Defendants are prohibited from reporting any delinquency pending the resolution of this matter" since "Plaintiff has

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

rescinded his loan, disputed the debt under the Fair Debt Collection Practices Act and has made a Qualified Written Request under RESPA[.]" *See,* Complaint, ¶ 28. However, Plaintiff's claim fails.

Plaintiff cannot state a claim for any violation of Federal Fair Credit Reporting Act ("FCRA"). <u>A furnisher of credit information, however, has no responsibility to investigate a credit dispute until *after* it receives notice from a consumer reporting agency that the consumer disputes the remarks</u>. 15 U.S.C. § 1681s-2(b). Under the statutory language, notification from a consumer is not enough. *Id.*; *see also, Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 784 (W.D.Kent. 2003). In this regard, the court in *Whisenant v. First National Bank & Trust Company*, 258 F.Supp.2d 1312, 1316-1317 (N.D. Oklahoma 2003), held:

> "The Federal Credit Reporting Act imposes a second set of duties under § 1681s-2(b) that requires furnishers of information to: (1) conduct an investigation with respect to disputed information; (2) review all relevant information provided by the consumer reporting agency; (3) report the results of the investigation to the consumer reporting agency; and (4) if the investigation finds that the information is incomplete or inaccurate, report those results to all other national consumer reporting agencies. <u>A private right of action does exist for violations of this set of duties, but it is vital to note that these duties are only triggered after a furnisher of information receives notice of a consumer dispute from a credit reporting agency. In the absence of such notification, no duty arises</u>....(Emphases added).

Thus, liability under Section§ 1681s-2(b) is only triggered after a furnisher of information receives notice of a consumer dispute from a credit reporting agency. *Whisenant v. First National Bank & Trust Company*, 258 F.Supp.2d at 1316; *Peasley v. Verizon Wireless*, 364 F.Supp.2d at 1200.

<u>There is no allegation in the Complaint that any credit reporting agency provided Defendant notice of a dispute as to any incomplete or inaccurate information contained in Plaintiff's credit report</u>. *See,* Complaint. <u>Where no such allegation is contained, no claim can be stated</u>. *See, Alkan v. CitiMortgage, Inc.,* 336 F.Supp.2d 1061, 1063 (N.D.Cal. 2004) (claim for relief under 15 U.S.C. § 1681s-2 was properly stated against furnisher of credit information where plaintiff alleged that Experian

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

notified defendant of disputed information and defendant failed to investigate accuracy of information). Therefore, Plaintiff's claim fails and is subject to dismissal.

## IX. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant their motion to dismiss without leave to amend as to all claims asserted against Defendant.

DATED: July 13, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AS AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER, erroneously sued as JPMORGAN CHASE BANK, NA., as successor by merger to Washington Mutual Bank

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

14

NOTICE OF MOTION AND MOTION TO DISMISS

1085899.2

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

*Fullmer v. JP Morgan Chase Bank, NA, et al.*

USDC Case No.: 09-cv-01037-GEB-JFM

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On July 13, 2009, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 13, 2009, at Santa Ana, California.

Cynthia Rosas

Cynthia Rosas

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**SERVICE LIST**

*Fullmer v. JP Morgan Chase Bank, NA, et al.*
USDC Case No.: 09-cv-01037-GEB-JFM

Kimberlee A. Rode, Esq.
L/O KIMBERLEE A. RODE
9245 Laguna Springs Drive, Suite 200
Elk Grove, CA 95758

Telephone: (916) 417-4564
Facsimile: (916) 244-7006

**Attorneys for Plaintiff**

Adorno Yoss Alvarado & Smith
Attorneys At Law
Santa Ana

PROOF OF SERVICE

1085976.1