1  DAVID R. ZARO (BAR NO. 124334)
   JOSHUA R. MANDELL (BAR NO. 225269)
2  ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
   515 South Figueroa Street, Ninth Floor
3  Los Angeles, California 90071-3309
   Phone: (213) 622-5555
4  Fax: (213) 620-8816
   E-Mail: dzaro@allenmatkins.com
5         jmandell@allenmatkins.com

6  Attorneys for Defendant
   ONEWEST BANK, FSB

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

| 11 SHAUNN A. FULLMER, | Case No. 2:09-cv-01037-GEB-JFM |
|---|---|
| 12 Plaintiffs, | Judge: Garland E. Burrell, Jr. |
| 13 vs. | **NOTICE OF MOTION AND MOTION TO DISMISS THE** |
| 14 JPMORGAN CHASE BANK, NA., as successor by merger to WASHINGTON | **COMPLAINT FOR FAILURE TO STATE A CLAIM** |
| 15 MUTUAL BANK, and ONEWEST BANK, FSB as successor by acquisition | [Filed concurrently with Request for Judicial Notice in Support Thereof] |
| 16 of INDYMAC FEDERAL BANK, | |
| 17 Defendants. | |
| 18 | Date: August 31, 2009 |
| 19 | Time: 9:00 a.m. Ctrm: 10 |
| 20 | Complaint Filed: May 5, 2009 |

21     **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

22        PLEASE TAKE NOTICE that on August 31, 2009, at 9:00 a.m. or as soon

23  thereafter as the matter may be heard in Courtroom 10 of the above-entitled Court,

24  defendant OneWest Bank, FSB ("OneWest"), will move the Court to dismiss the

25  complaint ("Complaint") of plaintiff Shaunn A. Fullmer ("Plaintiff") pursuant to

26  Federal Rules of Civil Procedure ("FRCP") § 12(b)(6) on the grounds that it fails to

27  state a claim upon which relief can be granted. This motion is based on the

28  following:

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA                                                                    -1-

Case No. 2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1.     Plaintiff's claim for "Violation of Truth in Lending Laws" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2.     Plaintiff's claim for "Violations of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3.     Plaintiff's claim for "Violations of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et. seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4.     Plaintiff's claim for "Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5.     Plaintiff's claim for "Violation of the Fair Credit Reporting Act" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

This motion is based on this Notice, the Memorandum of Points and Authorities filed herewith, Request for Judicial Notice, the records and pleadings on file herein, and on such other evidence as may be presented.

Dated:  July 22, 2009

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA R. MANDELL


By:      /s/ Joshua R. Mandell
JOSHUA R. MANDELL
Attorneys for Defendant
ONEWEST BANK, FSB

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-2-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................ 1

II.     SUMMARY OF RELEVANT FACTS .......................................................... 2

III.    THE STANDARD FOR A MOTION TO DISMISS ...................................... 2

IV.     PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF TRUTH IN LENDING LAWS" AS ASSERTED AGAINST ONEWEST ................................................................................................. 3

    A.      As A Matter of Law, Plaintiff Cannot State A Claim Against OneWest Because It Is Not Liable Under TILA ................... 3

    B.      OneWest Cannot Be Liable For Damages For TILA Violations Because The Claim Is Barred By Statute of Limitations ................................................................................. 4

    C.      Plaintiff's Rescission Claim Is Untimely ................................ 5

    D.      Plaintiff Is Not Entitled To Rescind The Loan ...................... 6

V.      PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT" ................................................................................... 7

VI.     PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT" FAILS ............................................. 8

VII.    PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR BUSINESS PRACTICES" ....................................................................... 10

    A.      Plaintiff's Claim For Unfair Business Practices Is Preempted ............................................................................... 10

    B.      Plaintiff Lacks Standing To Assert This Claim .................. 11

    C.      Plaintiff's Claim Is Subject To Dismissal Because Plaintiff Does Not Allege With Particularity Any Conduct By Defendants In Violation Of Section 17200 ....................... 12

    D.      Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of Conduct" ........................................................... 13

VIII.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR "VIOLATION OF THE FAIR CREDIT REPORTING ACT" .................. 13

IX.     CONCLUSION ........................................................................................... 15

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

(i)

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Alkan v. CitiMortgage, Inc.,*
336 F.Supp.2d 1061 (N.D.Cal. 2004) ........................................ 14

*American Mortgage Network, Inc. v. Shelton,*
486 F.3d 815 (4th Cir. 2007) ..................................................... 6

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.,*
159 F.3d 1178 (9th Cir. 1998) .................................................. 10

*Barquis v. Merchants Collection Assn.,*
7 Cal.3d 94 (1972) ................................................................... 13

*Bell Atlantic Corp. v. Twombly,*
127 S.Ct. 1955 (2007) ............................................................... 2

*Betancourt v. Countrywide Home Loans, Inc.,*
344 F.Supp.2d 1253 (D. Colo. 2004) .......................................... 5

*Bills v. BNC Mortg., Inc.,*
502 F.Supp.2d 773 (N.D. Ill. 2007) ............................................ 3

*Brodo v. Bankers Trust Co.,*
847 F.Supp. 353 (E.D. Pa. 1994) ............................................... 3

*Californians For Disability Rights v. Mervyn's,*
LLC 39 Cal.4th 223 (2006) ...................................................... 11

*Chow v. Aegis Mortg. Corp.,*
286 F.Supp.2d 956 (N.D. Ill. 2003) ............................................ 3

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ..................................................... 10

*Cross v. Downey Savings and Loan Ass'n,*
2009 WL 481482, *4 (C.D. Cal. 2009) ...................................... 11

*Garza v. American Home Mortgage,*
2009 WL 188604, *5 (E.D. Cal. 2009) ............................... 6, 7, 11

*Hewlett v. Squaw Valley Ski Corp.,*
54 Cal.App.4th 499 (1977) ...................................................... 13

*Hutchinson v. Delaware Sav. Bank FSB,*
410 F.Supp.2d 374 (D.N.J. 2006) ............................................... 8

*Microsoft Corp. v. A-Tech Corp.,*
855 F. Supp. 308 (C.D. Cal. 1994) ........................................... 13

*Miguel v. Country Funding Corp.,*
309 F.3d 1161 (9th Cir. 2002) ................................................... 6

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

833155.01/LA

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

|  | Page(s) |
|---|---|
| *Montoya v. Countrywide,* 2009 WL 1813973, *4 (N.D. Cal. 2009) | 7 |
| *Munoz v. Financial Freedom Senior Funding Corp,* 567 F.Supp.2d 1156 (C.D. Cal. 2008) | 11 |
| *Peasley v. Verizon Wireless,* 364 F.Supp.2d 1198 (S.D. Cal. 2005) | 14 |
| *People v. McKale,* 25 Cal.3d 626 (1979) | 12 |
| *Reyes v. Downey Sav. & Loan Ass'n,* 541 F.Supp.2d 1108 (C.D. Cal. 2008) | 11 |
| *Santaro v. CTC Foreclosure Service,* 12 Fed.Appx. 476 (9th Cir. 2007) | 9 |
| *Shelley v. Quality Loan Service Corp.,* 2009 WL 1740904, *2-3 (C.D. Cal. 2009) | 7 |
| *Silvas v. E*Trade Mortgage Corp.,* 514 F.Supp.2d 1001 (9th Cir. 2008) | 10, 11 |
| *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776 (W.D.Kent. 2003) | 14 |
| *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584 (E.D.Va. 2006) | 4 |
| *Whisenant v. First National Bank & Trust Company,* 258 F.Supp.2d 1312 (N.D. Oklahoma 2003) | 14 |
| *Yamamoto v. Bank of New York,* 329 F.3d 1167 (9th Cir. 2003) | 6 |

**Statutes**

| | |
|---|---|
| 12 U.S.C. § 1463 | 10 |
| 12 U.S.C. § 2601 | 2, 7 |
| 12 U.S.C. § 2605(f)(1)(A) | 8 |
| 15 U.S.C. § 1635 | 3 |
| 15 U.S.C. § 1635(f) | 5 |
| 15 U.S.C. § 1640 | 3 |
| 15 U.S.C. § 1640(a) | 3 |
| 15 U.S.C. § 1640(e) | 4 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

(ii)

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

**Page(s)**

15 U.S.C. § 1641 ................................................................................................ 3

15 U.S.C. § 1681s-2(b) .................................................................................... 14

15 U.S.C. § 1692 ......................................................................................... 2, 8

15 USC § 1692c(c) ........................................................................................... 9

Bus. & Prof. Code § 17200 ................................................. 2, 10, 11, 12, 13

*California Civil Code* § 1788 ......................................................................... 8

*California Civil Code* § 1788.10 .................................................................... 8

*California Civil Code* § 1788.11 .................................................................... 8

*California Civil Code* § 1788.13 .................................................................... 8

*California Civil Code* §§ 1788.14-16 ........................................................... 8

F.R.C.P. § 12(b)(6) ....................................................................................... 1, 2

U.S.C. § 1681s-2 ............................................................................................ 14

**Rules**

12 C.F.R. § 226.2(a)(13) ................................................................................. 5

12 C.F.R. § 560.2 .......................................................................................... 10

**Constitutional Provisions**

RESPA § 2605(e)(1)(B) ................................................................................... 7

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

833155.01/LA

(iii)

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff seeks to rescind two loan transactions provided to Plaintiff and his wife, Detra Fullmer (who is not a party to this action), in connection with the real property located at 4048 Monte Verde Drive, El Dorado Hills, California ("Subject Property").  To that end, Plaintiff alleges violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA") among others.  However, all of Plaintiffs claims fail as asserted against OneWest.

As against OneWest, Plaintiff's claims for violation of TILA fails for each of the following independent reasons:  (1) the claim for rescission is barred by the 3-year statute of limitations; (2) the claim for statutory damages is barred by the one-year statute of limitations; (3) TILA claims are unavailable against mere a servicer of a loan; and (4) Plaintiff has not and cannot tender repayment of the loan.

Plaintiff's RESPA claim likewise fails as Plaintiff fails to allege any purported pecuniary loss associated with OneWest's alleged failure to respond to a Qualified Written Request.  Plaintiff cannot state a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") since it is based solely on conclusory allegations.  Plaintiff's claims for unfair business practices ("UCL") fails because the claim is (1) preempted by federal law and (2) predicated on OneWest's alleged violation of TILA, RESPA, and the FDCPA, each of which also fail as asserted against OneWest.  Moreover, Plaintiff has no standing to allege this claim.

Plaintiff's last claim for violation of the Fair Credit Reporting Act ("FCRA") is also fatally defective.  Plaintiff fails to properly plead this claim, as liability thereunder is triggered when a creditor fails to respond to a notice of dispute received from a credit reporting agency.  Plaintiff makes no such allegation.

For these reasons, all claims against Defendants must be dismissed without leave to amend.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS
-1-

## II.   SUMMARY OF RELEVANT FACTS

The following are the relevant allegations in the Complaint and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

- The real property that is the subject of this dispute is located at 4048 Monte Verde Drive, El Dorado Hills, California 95762 (previously defined as "Subject Property"). *See* Compl., ¶ 8; Request for Judicial Notice ("RJN"), Exs 1-3.

- Plaintiff and his wife, Detra Fullmer, obtained a mortgage loan in the sum of S500,000.00 ("Loan"). The Loan was secured by a deed of trust ("DOT") encumbering the Subject Property that was recorded on or about March 3, 2006 with the El Dorado County Recorder as instrument number 2006-0014494-00. The DOT identifies 1st National Lending Services. ("1st National") as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary, and Greenhead Investments, Inc. ("Greenhead") as the trustee, and Plaintiff and his wife, Detra Fullmer, as the borrowers. RJN, Exhibit 2.

- Foreclosure proceedings have commenced against the Subject Property. RJN, Ex. 1.

- Plaintiff and his wife, Detra Fullmer, obtained a second mortgage loan in the sum of $45,000.00 ("Second Loan"). The Second Loan was secured by a subordinate deed of trust ("Second DOT") encumbering the Subject Property that was recorded on or about March 3, 2006 with the El Dorado County Recorder as instrument number 2006-0014495-00. RJN, Ex. 3. The Second DOT identifies 1st National as the lender, Greenhead as the trustee, and Plaintiff and his wife, Detra M. Fullmer, as the borrowers. *Id.*

## III.   THE STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-2-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1  **IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF**

2        **TRUTH IN LENDING LAWS" AS ASSERTED AGAINST ONEWEST**

3        Plaintiff alleges that OneWest violated TILA due to failure to disclose

4  material terms of the two subject loans encumbering the Subject Property that are

5  the subject of this Action.  Under TILA, a borrower has two remedies for loan

6  disclosure violations, rescission pursuant to 15 U.S.C. § 1635 and statutory damages

7  pursuant to 15 U.S.C. § 1640. For the reasons set forth below, this claim fails.

8        **A.   As A Matter of Law, Plaintiff Cannot State A Claim Against**

9        **OneWest Because It Is Not Liable Under TILA**

10        OneWest cannot be liable for any purported disclosure violations under TILA

11  as a matter of law.  The only parties who can be liable for TILA violations are the

12  original creditor and assignees of that creditor.  15 U.S.C. §§ 1640, 1641.  Servicers

13  of consumer obligations are not to be treated as assignees for purposes of imposing

14  liability unless they are also the owner of the obligation.  *Chow v. Aegis Mortg.*

15  *Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003).

16        In *Chow*, the Plaintiff brought an action for TILA violations against various

17  parties, including the loan servicer.  The loan servicer, GMAC, brought a summary

18  judgment motion and argued that because it was only the servicer of the mortgage

19  loan, not the owner, it could not be liable as an assignee.  The Court, agreed and

20  held that GMAC could not be held liable as an assignee for the alleged TILA

21  violations. *See also, Bills v. BNC Mortg.*, Inc., 502 F.Supp.2d 773 (N.D. Ill. 2007)

22  (action was brought for violation of TILA against loan service, court dismissed

23  claim).

24        Section 1640(a) "permits only a 'creditor' to be held liable for a monetary

25  penalty or an award of attorney's fees for a TILA violation." *Brodo v. Bankers Trust*

26  *Co.*, 847 F.Supp. 353, 359 (E.D. Pa. 1994).

27        Under TILA a "creditor" is defined as a person who:

28              (1)   regularly extends, whether in connection with loans,
          sales of property or services, or otherwise, consumer credit

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-3-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1          which is payable by agreement in more than four
2          installments or for which the payment of a finance charge
            is or may be required, and

3          (2)    is the person to whom the debt arising from the
4          consumer credit transaction is initially payable on the face
            of the evidence of indebtedness or, if there is no such
5          evidence of indebtedness, by agreement. 15 U.S.C. 1602.

6       Here, 1st National was the original lender of the First and Second Loan. *See*,

7 Compl., Exs. A and B.  More important, Plaintiff admits that OneWest is no more

8 than the servicer of the loan.  Compl., ¶¶ 28 and 91.  Accordingly, OneWest is not a

9 proper party to a TILA action.

      **B.**      **OneWest Cannot Be Liable For Damages For TILA Violations**

10

11                **Because The Claim Is Barred By Statute of Limitations.**

12       Plaintiff seeks compensatory and statutory damages in connection with the

13 TILA claim.  *See* Compl., ¶¶ 85-88.  Even assuming that Plaintiff properly pled a

14 claim for TILA violations, which OneWest does not concede, OneWest cannot be

15 liable for damages because the statute of limitations has expired.  Civil penalties

16 under TILA are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e).

17 Section 1640(e) states, in part:

18          Any action under this section may be brought in any
            United States district court, or in any other court of
19          competent jurisdiction, *within one year from the date of*
            *the occurrence of the violation.*" (Emphasis added).
20

21       In *Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.3d 584, 589 (E.D.Va. 2006),

22 the Court granted the defendant's motion for summary judgment of plaintiffs' count

23 of statutory damages, attorney costs and fees, and forfeiture of the tender because

24 the plaintiffs filed their claim after the expiration of the TILA's one year statute of

25 limitations.  The Court held that the one (1) year statute of limitations period

26 applying to claims for civil damages arising from TILA violations begins to run

27 from the date of the complained of violation.  If the violation is one of disclosure in

28 a closed-end credit transaction, the date of the occurrence of the violation is no later

**LAW OFFICES**
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

833155.01/LA

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

-4-

1  than the date the plaintiff enters the loan agreement. *Betancourt v. Countrywide*

2  *Home Loans, Inc.*, 344 F.Supp.2d 1253, 1258 (D. Colo. 2004); 12 C.F.R.

3  § 226.2(a)(13) (a loan is deemed consummated at "the time a consumer becomes

4  contractually obligated on a credit transaction").

5       In this case, Plaintiffs First and Second Loans closed on February 22, 2006.

6  Compl., Exs. A and B; *see also*, RJN, Exs 2-3.  One year from February 22, 2006

7  was February 22, 2007.  Plaintiff filed suit in April 2009, more than three years after

8  the subject loans closed and Plaintiff purportedly obtained the deficient disclosures.

9  Consequently, any claim for damages for improper TILA disclosures are time-

10  barred because the statute of limitations period began to run on the date the two

11  subject loans closed in February of 2006.  Hence, Plaintiffs damage claim expired in

12  February of 2007, one year after the two subject loans closed. *Tucker v. Beneficial*

13  *Mortg. Co.*, 437 F.Supp.3d 584.  Accordingly, Plaintiffs request for statutory

14  damages is time barred.

15       **C.**    **Plaintiff's Rescission Claim Is Untimely.**

16       Plaintiff also seeks to rescind the subject loan transactions based upon the

17  allegation that OneWest's loan to plaintiff violates TILA because 1st NATIONAL...

18  failed to provide the Plaintiff the required two copies of the Notice of Right to

19  Cancel[.]" Compl., ¶ 69.  Preliminarily, OneWest was neither the originating lender

20  of the subject loan transactions nor the assignee of such transactions. *See*, RJN, Exs

21  2-3.  Plaintiff admits that OneWest is merely the servicer of his loan.  Compl., ¶¶ 28

22  and 91.  As such, OneWest cannot be liable to Plaintiff for such failure of 1st

23  National to provide the required notices.  Moreover, even assuming that OneWest

24  could be held liable--a fact OneWest does not concede--any claim for rescission

25  must be brought within three years of consummation of the transaction or prior to

26  the "sale of the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f).

27  Section 1635(f) is "'an absolute limitation on rescission actions' which bars any

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-5-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1 | claims filed more than three years after the consummation of the transaction."

2 | *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002).

3 |     As stated above, Plaintiff's First and Second Loans closed on February 22,

4 | 2006.  Plaintiff filed suit in April of 2009, more than three years after the subject

5 | loans closed.  Consequently, Plaintiff's TILA claim for rescission is barred by the

6 | statute of limitations.

7 |     **D.**    **Plaintiff Is Not Entitled To Rescind The Loan.**

8 |     In addition to the reasons set forth above, Plaintiff's TILA claim also fails

9 | because Plaintiff has not alleged that he is able to repay the loan proceeds.  Prior to

10 | ordering rescission based on a lender's alleged TILA violations, a court may require

11 | borrowers to prove ability to repay loan proceeds:

12 |         As rescission under § 1635(b) is an on-going process
consisting of a number of steps, there is no reason why a

13 | court that may alter the sequence of procedures *after*
deciding that rescission is warranted, may not do so *before*

14 | deciding that rescission is warranted when it finds that,
assuming grounds for rescission exist, rescission still

15 | could not be enforced because the borrower cannot
comply with the borrower's rescission obligations no

16 | matter what. Such a decision lies within the court's
equitable discretion, taking into consideration all the

17 | circumstances including the nature of the violations and
the borrower's ability to repay the proceeds. If, as was the

18 | case here, it is clear from the evidence that the borrower
lacks capacity to pay back what she has received (less

19 | interest, finance charges, etc.), the court does not lack
discretion to do before trial what it could do after.

20 | 

21 | *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming

22 | summary judgment in favor of the lender).  In *Garza v. American Home Mortgage*,

23 | 2009 WL 188604, *5 (E.D. Cal. 2009), this Court granted a motion to dismiss in

24 | favor of lender where, as here, the plaintiff failed to allege an ability to repay the

25 | loan proceeds, a "necessary element" of a TILA rescission claim. *See also*

26 | *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007)

27 | ("Once the trial judge in this case determined that the [plaintiffs] were unable to

28 | tender the loan proceeds, the remedy of unconditional rescission was

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-6-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    inappropriate."); *Shelley v. Quality Loan Service Corp.*, 2009 WL 1740904, *2-3

2    (C.D. Cal. 2009) (same); *Montoya v. Countrywide*, 2009 WL 1813973, *4 (N.D.

3    Cal. 2009) (same).

4        Here, not only has Plaintiff failed to allege an ability or willingness to repay

5    what he borrowed, but the commencement of foreclosure proceedings against the

6    Subject Property, as reflected in the recordation of a Notice of Default confirms his

7    *inability* to repay.  RJN, Ex. 1.  Without an ability to repay what he borrowed,

8    rescission is an "empty remedy."  *Garza*, 2009 WL 188604 at *5.  Leave to amend

9    under these circumstances will be futile.

10   **V.**    **PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF**

11       **REAL ESTATE SETTLEMENT PROCEDURES ACT"**

12        In support of the claim for violation of RESPA, 12 U.S.C. Sections 2601 *et*

13   *seq.*, Plaintiff alleges that "OneWest failed to acknowledge Plaintiff's Qualified

14   Written Request ... within 20 business days of receipt."  Compl., ¶ 102.[1]  However,

15   as stated below, this claim fails.

16        RESPA section 2605(e)(1)(B), states in relevant part:

17          For purposes of this subsection, a qualified written request
          shall be a written correspondence, other than notice on a
18          payment coupon or other payment medium supplied by the
          servicer, that (i) includes, or otherwise enables the servicer
19          to identify, the name and account of the borrower; and (ii)
          includes a statement of the reasons for the belief of the
20          borrower, to the extent applicable, that the account is in
          error or provides sufficient detail to the servicer regarding
21          other information sought by the borrower.

22

23        In this regard, Plaintiff alleges that OneWest failed to acknowledge Plaintiff's

   Qualified Written Request[.]"  Compl., ¶ 105.  However, the purported Qualified

24

   Written Request letter ("QWR") attached to the Complaint is not addressed to

25

   OneWest.  In fact, on January 14, 1009 (the date of the QWR), OneWest was not

26

27    [1]

28    After paragraph 98, the Complaint restarts numbering its paragraphs at "1".
     Paragraph "102" is therefore the same as paragraph "4" on page 16 of the
     Complaint.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA               -7-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    even in existence.  Because the purported QWR was not sent to OneWest, Plaintiff

2    cannot seek any damages under RESPA against OneWest.

3          Moreover, alleging a breach of RESPA duties alone does not state a claim

4    under RESPA.  Plaintiff must, at minimum, also allege that the breach resulted in

5    actual damages.  *See*, 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this

6    section shall be liable to the borrower ... [for] any actual damages to the borrower as

7    a result of the failure."); *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d

8    374, 383 (D.N.J. 2006).

9          Here, the Complaint contains no allegation that OneWest's alleged failure to

10   respond to the purported QWR caused any pecuniary loss to Plaintiff.  That is, a

11   plaintiff must plead how his damages resulted from alleged violation of RESPA.

12   Without the causal connection, no claim for violation of RESPA can be asserted.

13   *Hutchinson*, 410 F.Supp.2d at 383.

14         For the foregoing reasons, the claim for violation of RESPA must be

15   dismissed.

16   **VI.   PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT**

17         **COLLECTION PRACTICES ACT" FAILS**

18         In general, FDCPA was enacted to eliminate abusive debt collection practices

19   by debt collectors and to insure that those debt collectors who refrain from using

20   abusive debt collection practices are not competitively disadvantaged.  California's

21   Rosenthal Debt Collection Practices Act ("CFDCPA") precludes a "debt collector"

22   from collecting, or attempting to collect, from a "debtor" on a consumer debt in a

23   threatening or harassing manner.  *See, Civil Code* §§ 1788, *et seq*.  The CFDCPA

24   outlines specific examples of prohibited practices, and includes, threats (*Civil Code*

25   §§ 1788.10); obscenity (*Civil Code* §§ 1788.11); misleading or false

26   communications (*Civil Code* §§ 1788.13); communications to third parties such as

27   employers (*Civil Code* §§ 1788.12); and overreaching (*Civil Code* §§ 1788.14-16).

28   Similarly, the FDCPA under 15 USC § 1692 was enacted to eliminate abusive debt

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-8-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    collection practices by debt collectors and to insure that those debt collectors who

2    refrain from using abusive debt collection practices are not competitively

3    disadvantaged.

4         In this case, the underlying basis of Plaintiffs claim is that despite written

5    notification of Plaintiffs desire that all communications cease, OneWest allegedly

6    "repeatedly contacted Plaintiff attempting to collect the debt." Compl., ¶ 113.

7    However, Plaintiff fails to properly plead any cause of action for violation of the

8    FDCPA or CFDCPA against OneWest.

9         Plaintiff summarily alleges that OneWest allegedly "repeatedly contacted

10   Plaintiff attempting to collect the debt." Compl., ¶ 113. This is a mere conclusory

11   statement. Plaintiff sets forth no facts as to when such communications took place,

12   and fails to identify what types of communications were made and the nature of

13   those communications. Indeed, even if proper notification is sent to cease

14   communication, not all subsequent communication is prohibited. *See*, 15 USC

15   § 1692c(c) (Providing that debt collector may advise consumer that further

16   collection efforts being terminated, or notify the consumer that creditor may invoke

17   specified remedies ordinarily invoked by creditor; or to notify the consumer that the

18   creditor intends to invoke a specified remedy.); *see also Santaro v. CTC*

19   *Foreclosure Service*, 12 Fed.Appx. 476 (9th Cir. 2007) (loan servicing company's

20   conduct did not constitute "debt collecting" within meaning of state and federal Fair

21   Debt Collection Practices Act, despite direct contact with mortgagors after being

22   notified that they were represented by counsel, where first contact was letter from

23   company offering loan workout, and second direct contact was a statutorily required

24   notice of pending foreclosure sale of the property, which was sent by foreclosure

25   service company, and did not seek to collect the debt.).

26        Although the Court must construe the facts in the light most favorable to the

27   non-moving party, "conclusory allegations of law and unwarranted inferences are

28   not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v.*

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA                                    -9-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1  *Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  "[T]he court is not

2  required to accept legal conclusions cast in the form of factual allegations if those

3  conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult*

4  *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Because the allegation is

5  conclusory at best, Plaintiff cannot state a claim for unfair debt collection practices

6  under either the FDCPA or CFDCPA.

7  **VII.   PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR BUSINESS**

8  **PRACTICES"**

9      **A.    Plaintiff's Claim For Unfair Business Practices Is Preempted.**

10      California's Unfair Competition Law ("UCL"), Business & Professions Code

11  § 17200, et seq., defines unfair competition to include unlawful, unfair or fraudulent

12  business acts or practices and unfair or misleading advertising.  Here, Plaintiff

13  alleges a violation of the UCL predicated solely upon the alleged violations of

14  TILA, RESPA and the FDCPA.  Compl., ¶ 120.  This claim is preempted by federal

15  law.

16      When federal law preempts a field, "it leaves no room for the states to

17  supplement it."  *Silvas v. E*Trade Mortgage Corp.*, 514 F.Supp.2d 1001, 1003 n.3

18  (9th Cir. 2008).  By enacting the Home Owners' Loan Act ("HOLA"), 12 U.S.C.

19  § 1463, in 1933, Congress gave the Office of Thrift Supervision ("OTS") broad

20  authority to issue regulations governing federal thrifts.  *Silvas*, 514 F.3d at 1005.

21  HOLA has been described by the Ninth Circuit as a "radical and comprehensive

22  response to the inadequacies of the existing state system," and "so pervasive as to

23  leave no room for state regulatory control."  *Id.* at 1004.  As the principal regulator

24  for federal thrifts, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2.

25  That regulation provides that the OTS "occupies the entire field of lending

26  regulation for federal savings associations."  12 C.F.R. § 560.2; *Silvas*, 514 F.3d at

27  1005.  Where, as here, a plaintiff relies on a state laws of general application, but

28  the claim is predicated upon violation of federal laws, federal law preempts.  *Reyes*

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

833155.01/LA

-10-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1   *v. Downey Sav. & Loan Ass'n*, 541 F.Supp.2d 1108, 1113 (C.D. Cal. 2008).  Courts

2   have repeatedly dismissed UCL claims as preempted by HOLA where the UCL

3   claim is predicated upon violation of TILA, RESPA and the FDCPA.  *See Silvas,*

4   514 F.3d at 1006 (dismissing UCL claim as preempted by HOLA where predicated

5   upon violation of TILA); *Reyes*, 541 F.Supp. 2d at 1113 (same); *Garza*, 2009 WL

6   188604 at *6 (same); *Munoz v. Financial Freedom Senior Funding Corp*, 567

7   F.Supp.2d 1156, 1164 (C.D. Cal. 2008) (dismissing UCL claim as preempted by

8   HOLA where predicated upon violation of RESPA); *Cross v. Downey Savings and*

9   *Loan Ass'n*, 2009 WL 481482, *4 (C.D. Cal. 2009) (dismissing UCL claim as

10  preempted by HOLA where predicated upon violation of FDCPA).

11          Here, Plaintiff has based his UCL claim against OneWest on its alleged

12  failures to comply with TILA, RESPA and the FDCPA.  As such, this claim must be

13  dismissed with prejudice as preempted.  Moreover, Plaintiff's attempt to plead

14  around his time-barred TILA claim by asserting a claim under the UCL only

15  bolsters dismissal.  *See Garza*, 2009 WL 188604 at *6 ("A court may not allow

16  plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of

17  action as one for unfair competition.'"); *Silvas*, 514 F.3d at 1007 n.3 (rejecting

18  plaintiffs' attempt to "take advantage of the longer statute of limitations under UCL

19  to remedy TILA violations, because without the extended limitation period their

20  claims would be barred").

21          **B.      Plaintiff Lacks Standing To Assert This Claim.**

22          Plaintiff lacks standing to assert a claim under Section 17200.  Prior to its

23  amendment in 2004, Section 17200 and related provisions permitted any person

24  acting for the general public to sue for relief from unfair competition and does not

25  predicate standing on a showing of injury or damage.  *Californians For Disability*

26  *Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006).  As amended by Proposition

27  64, section 17204 now limits standing in a Section 17200 action to certain specified

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-11-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1   public officials and to "any person who has suffered injury in fact and has lost

2   money or property as a result of... unfair competition." *Id.*

3       In this case, conspicuously absent from the Complaint is any allegation that

4   Plaintiff has suffered any loss as a result of the purported unfair business practice.

5   *See*, Compl., ¶¶ 117-122.  Plaintiff does not allege what money or property Plaintiff

6   allegedly lost as a result of any purported violation of Section 17200.  *Id.*  Indeed,

7   Plaintiff fails to allege any damage that he incurred for Defendants' alleged violation

8   of Section 17200.  *Id.*  Thus, Plaintiff lacks standing to assert this claim.

9   **C.**      **Plaintiff's Claim Is Subject To Dismissal Because Plaintiff Does**

10           **Not Allege With Particularity Any Conduct By Defendants In**

11           **Violation Of Section 17200**

12      In order to allege a claim for an unlawful business practice under Section

13  17200, the plaintiff must allege *facts* to demonstrate that the practice violates the

14  law. *See People v. McKale*, 25 Cal.3d 626, 635 (1979).  Establishing an "unlawful

15  business practices" claim under section 17200 necessarily requires the violation of

16  an independent underlying law or statute often referred to as the "borrowed claim."

17  *Id.* at 626.  Thus, as a general rule, Section 17200 is typically found to encompass an

18  action that constitutes a business practice and that "at the same time is forbidden by

19  law." *Id.* at 625.  A plaintiff alleging unfair business practices therefore under these

20  statutes must state with *reasonable particularity* the facts supporting the statutory

21  elements of the violation. *Khoury*, 14 Cal. App 4th at 616 (Emphasis added).

22      Here, Plaintiffs claim is entirely predicated on the prior causes of action

23  alleged in the Complaint.  Compl., ¶ 122.  As discussed above, Plaintiff fails to state

24  any claim upon which relief can be granted against OneWest for violation of TILA,

25  RESPA, and/or the FDCPA.  Consequently, Plaintiff's claim, which is entirely

26  dependent on such violations, necessarily fails.

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-12-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

**D.      Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of Conduct"**

Moreover, a claim of unfair business practice under Section 17200 must be premised upon a "pattern of behavior" or a "course of conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977). Thus, as a general rule, Section 17200 is typically found to encompass an action which constitutes a business practice and that "at the same time is forbidden by law." *Id.*, citing *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972). In order to allege a claim for an unlawful business practice under 17200, the plaintiff must allege facts to demonstrate that the practice violates the law. *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal. 1994). The aforementioned allegations do not constitute a pattern of behavior, course of conduct or business practice within the meaning of Section 17200. Because Plaintiff relies on an isolated event with respect to OneWest's purported misconduct in relation to the Loan in support of this claim Plaintiff fails to allege actions that rise to the level of a "pattern of behavior," "course of conduct" or "business practice" within the meaning of the statute. *Hewlett*, 54 Cal.App.4th at 519.

For the foregoing reasons, claim for unfair business practices under Bus. & Prof. Code § 17200 is subject to dismissal.

**VIII.  PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR "VIOLATION OF THE FAIR CREDIT REPORTING ACT"**

In support of this claim, Plaintiff alleges that "Defendants are prohibited from reporting any delinquency pending the resolution of this matter" since "Plaintiff has rescinded his loan, disputed the debt under the Fair Debt Collection Practices Act and has made a Qualified Written Request under RESPA[.]" Compl., ¶ 126. However, Plaintiffs claim fails.

Plaintiff cannot state a claim for any violation of Federal Fair Credit Reporting Act ("FCRA"). A furnisher of credit information, however, has no

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

-13-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1   responsibility to investigate a credit dispute until *after* it receives notice from a

2   consumer reporting agency that the consumer disputes the remarks. 15 U.S.C.

3   § 1681s-2(b). Under the statutory language, notification from a consumer is not

4   enough. *Id.*; *see also Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 784

5   (W.D.Kent. 2003). In this regard, the court in *Whisenant v. First National Bank &*

6   *Trust Company*, 258 F.Supp.2d 1312, 1316-1317 (N.D. Oklahoma 2003), held:

7        The Federal Credit Reporting Act imposes a second set of
        duties under § 1681 s-2(b) that requires furnishers of

8        information to: (1) conduct an investigation with respect to
        disputed information; (2) review all relevant information

9        provided by the consumer reporting agency; (3) report the
        results of the investigation to the consumer reporting

10       agency; and (4) if the investigation finds that the
        information is incomplete or inaccurate, report those

11       results to all other national consumer reporting agencies.
        *A private right of action does exist for violations of this set*

12       *of duties, but it is vital to note that these duties are only*
        *triggered after a furnisher of information receives notice*

13       *of a consumer dispute from a credit reporting agency. In*
        *the absence of such notification, no duty arises....*

14       (Emphasis added).

15   Thus, liability under Section§ 1681 s-2(b) is only triggered after a furnisher of

16   information receives notice of a consumer dispute from a credit reporting agency.

17   *Whisenant v. First National Bank & Trust Company*, 258 F.Supp.2d at 1316;

18   *Peasley v. Verizon Wireless*, 364 F.Supp.2d 1198, 1200 (S.D. Cal. 2005).

19       There is no allegation in the Complaint that any credit reporting agency

20   provided OneWest notice of a dispute as to any incomplete or inaccurate

21   information contained in Plaintiff's credit report. Where no such allegation is

22   contained, no claim can be stated. *See, Alkan v. CitiMortgage, Inc.*, 336 F.Supp.2d

23   1061, 1063 (N.D.Cal. 2004) (claim for relief under 15 U.S.C. § 1681s-2 was

24   properly stated against furnisher of credit information where plaintiff alleged that

25   Experian notified defendant of disputed information and defendant failed to

26   investigate accuracy of information). Therefore, Plaintiff's claim fails and is subject

27   to dismissal.

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA

Case No. 2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

-14-

1  **IX.    CONCLUSION**

2         For the foregoing reasons, OneWest respectfully requests that the Court grant

3  its motion to dismiss without leave to amend as to all claims asserted against

4  OneWest.

5

6  Dated:  July 22, 2009                    ALLEN MATKINS LECK GAMBLE
                                            MALLORY & NATSIS LLP
7                                           DAVID R. ZARO
                                            JOSHUA R. MANDELL
8

9                                           By:_____/s/ Joshua R. Mandell_____
                                                 JOSHUA R. MANDELL
10                                               Attorneys for Defendant
                                                 ONEWEST BANK, FSB
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

833155.01/LA                            -15-

Case No.  2:09-cv-01037-GEB-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS