Kimberlee A. Rode (State Bar No. 186132)
Law Office of Kimberlee A. Rode
9284 Jackson Road
Sacramento, CA  95826
Telephone: (916) 417-4564
Facsimile: (916) 244-7006

Attorney for Plaintiff Shaunn A. Fullmer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shaunn A. Fullmer,<br><br>             Plaintiff,<br><br>        and<br><br>JPMorgan Chase Bank, NA., as successor<br>and/or acquirer of assets and liabilities to/from<br>Washington Mutual Bank  and LENDER DOE<br>ONE and OneWest Bank, FSB as successor by<br>acquisition of Indymac Federal Bank and<br>LENDER DOE TWO<br><br>             Defendants | Case No.:  2:09-cv-01037-GEB-JFM<br><br>**FIRST AMENDED COMPLAINT FOR**<br>**DAMAGES AND FOR INJUNCTIVE**<br>**RELIEF AND DEMAND FOR JURY TRIAL**<br><br>1.   TRUTH IN LENDING ACT<br>      VIOLATIONS<br>2.   RESPA VIOLATIONS<br>3.   FAIR DEBT COLLECTION<br>      PRACTICES ACT VIOLATIONS<br>      (State/Federal)<br>4.   VIOLATIONS OF CALIFORNIA<br>      BUSINESS & PROFESSIONS CODE §<br>      17200<br>5.   Breach of Covenant of Good Faith and<br>      Fair Dealing.<br>6.   Wrongful Foreclosure<br>7.   Slander of Title<br>8.   Slander of Credit |

## I. INTRODUCTION

1.     This is an action pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. §1601, et seq.,

Bus. & Prof. Code § 17200, et seq., and other statutory and common laws in effect. Plaintiff

Shaunn A. Fullmer ("Plaintiff"), brings this action against JPMorgan Chase Bank, N.A., as

successor by merger to Washington Mutual Bank ("JPMORGAN"), LENDER DOE ONE

("DOE1"), OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank

("OneWest") and LENDER DOE TWO ("DOE2") based, in part, on Defendants failure to properly rescind the loan of Plaintiff pursuant to the Truth In Lending Act subjecting Plaintiff to damages.

2.    Specifically, Defendants JPMORGAN and/or DOE1 and/or their predecessor, failed to properly provide two copies each of the Notice of Right to Cancel to plaintiff in violation of 12 C.F.R. §226.23, Reg. Z §226.4(a)(2)-1 and Reg. Z §226.4(b)(2).

3.    Defendant JPMORGAN, as agent for DOE1, failed to comply with the Federal Real Estate Settlement Procedures Act by properly responding to a Qualified Written Request.  12 U.S.C. §2605.

4.    Defendant JPMORGAN, as agent for DOE1, failed to comply with California Business and Professions Code §17200 et seq. by untimely responding to the Plaintiff's request for rescission, willfully failing to provide the name, address and telephone number of the owner of the obligation and systematically failing to act in any good faith with the Plaintiff's requests.

5.    Defendant JPMORGAN, as agent for DOE1, failed to comply with State Fair Debt Collection Practices by continually contacted Plaintiff after Plaintiff had requested the contact stop pursuant to State law.

6.    Specifically, Defendants ONEWEST and/or DOE2 and/or their predecessor, failed to properly provide two copies each of the Notice of Right to Cancel to plaintiff in violation of 12 C.F.R. §226.23, Reg. Z §226.4(a)(2)-1 and Reg. Z §226.4(b)(2).

7.    Defendant ONEWEST, as agent for DOE2, failed to comply with the Federal Real Estate Settlement Procedures Act by properly responding to a Qualified Written Request.  12 U.S.C. §2605.

8.    Defendant ONEWEST, as agent for DOE2, failed to comply with California Business and Professions Code §17200 et seq. by untimely responding to the Plaintiff's request for rescission, willfully failing to provide the name, address and telephone number of the owner of the obligation and systematically failing to act in any good faith with the Plaintiff's requests.

9.     Defendant ONEWEST, as agent for DOE2, failed to comply with State Fair Debt Collection Practices by continually contacted Plaintiff after Plaintiff had requested the contact stop pursuant to State law.

## II. JURISDICTION

10.     Subject Matter Jurisdiction is conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337. The Court has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

11.     The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over the parties in this action by the fact that Defendants are either individuals who reside in this District within California or are corporations duly licensed to do business in California.

13.     Venue is proper within this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the named Defendants because it regularly conducts business in this judicial district.

## III. PARTIES

14.     The Plaintiff, Shaunn A. Fullmer, is a natural person, (hereinafter referred to as "Fullmer") and was at all times relevant, residing at 4048 Monte Verde Drive, El Dorado Hills, CA  95762 (the "Subject Property").

15.     Plaintiff believes that Defendant JPMorgan Chase Bank, NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank , is or at all times relevant to this action was, a domestic corporation, business entity, and/or a "Doing Business As" entity with a mailing address of 1111 POLARIS PARKWAY, COLUMBUS, OH 43240.

16.     Plaintiff believes and thereon alleges that at all times relevant hereto, JPMorgan Chase Bank, NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank , in the ordinary course of business, holds and services loans for consumers located nationwide, including California.

17.     Plaintiff believes that Defendant OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank is, or at all times relevant to this action was, a domestic limited liability corporation, business entity, and/or a "Doing Business As" entity, with a mailing address of 888 East Walnut Street, Pasadena, CA 91101.

18.     Plaintiff believes and thereon alleges that at all times relevant hereto, OneWest Bank, FSB as successor by acquisition of Indymac Federal Bank, in the ordinary course of business, holds and services loans for consumers located nationwide, including California.

19.     Plaintiff believes that Defendant LENDER DOE ONE was, or at all times relevant to this action was, a domestic corporation, business entity, and/or a "Doing Business As" entity.  Plaintiff does not know the true name of LENDER DOE ONE as Defendant JPMORGAN has willfully failed to identify LENDER DOE ONE of which they service their loan and Plaintiff will amend this complaint once the identity of LENDER DOE ONE is discovered.

20.     Plaintiff believes that Defendant LENDER DOE TWO was, or at all times relevant to this action was, a domestic corporation, business entity, and/or a "Doing Business As" entity.  Plaintiff does not know the true name of LENDER DOE TWO as Defendant ONEWEST has willfully failed to identify LENDER DOE TWO of which they service their loan and Plaintiff will amend this complaint once the identity of LENDER DOE TWO is discovered.

## IV. PRELIMINARY ALLEGATIONS

21.     On or about February 22, 2006, Plaintiff entered into two consumer credit transactions, a first deed of trust in the amount of $500,000.00 (ONEWEST servicing Loan Number 3001758477) and a second deed of trust in the amount of $45,000.00 (JPMORGAN servicing Loan Number

0691008775)  (collectively referred to as "Loan Transaction") with 1st National Lending Services in which the extended consumer credit was subject to a finance charge and which was initially payable to 1st National Lending Services.  A true and correct copy of the Note and security instrument (First Deed of Trust) provided to Plaintiff by 1st National Lending Services is attached as Exhibit "A".  A true and correct copy of the Note and security instrument (Second Deed of Trust) provided to Plaintiff by 1st National Lending Services is attached as Exhibit "B".

22.    1st National Lending Services was required to provide Plaintiff certain disclosures pursuant to the TILA and Reg. Z.

23.    Plaintiff's loans are subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z") as 1st National Lending Services was a "creditor" pursuant to said Act.

24.    TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions.  This three-day right to cancel applies to Plaintiff's loans with 1st National Lending Services now serviced by JPMORGAN and ONEWEST since the transaction was on the Plaintiff's principal residence and was a refinance transaction.

25.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a).

26.    If the required notices of cancellation (Notice of Right to Cancel) are not provided or provided inaccurately, then the right to cancel extends to three years after the date of the loan. 15 U.S.C. § 1635(f).

27.    If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

28.    A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's <u>wish</u> to cancel the transaction to the creditor's place of business or upon notice to the assignee of the creditor.

29.    <u>Notice is effective upon mailing</u> and <u>notice on the agent servicing the loan is effective notice on the holder of the mortgage</u>. 12 C.F.R. § 226.23(a)(2).

30.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

31.    Within twenty (20) days after the receipt of a consumer's <u>election to cancel the transaction</u>, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. § 1635(b); 15 C.F.R. § 226.23(d).

32.    By a letter dated January 14, 2009 (Exhibit "C" and Exhibit "D" attached and incorporated herein by reference), Plaintiff notified 1st National Lending Services (predecessor of JPMORGAN), and DOE1, through their agent JPMORGAN, and  DOE2, through their agent ONEWEST, that he wase making a Qualified Written Request under RESPA, pointed out the deficient notices of right to cancel under the Truth In Lending Act and that Plaintiff was rescinding his loans pursuant to the Truth In Lending Act.

33.    1st National Lending Services was required to provide Plaintiff with two copies each of a completed Notice of Right to Cancel at the time of consummation or at the time of giving the final disclosures on both loans.

34.    1st National Lending Services violated TILA by failing to provide Plaintiff with two copies of the Notice of Right to Cancel on each loan.

35.    Said failure to provide the proper notices allows Plaintiff to rescind the loans as to the assignees, DOE1 and DOE2 herein.

36.     While Plaintiff believes that JPMORGAN and ONEWEST are servicing agents for a securitized pool, as of the date of this filing, we believe that JPMORGAN and ONEWEST are jointly and severely liable for damages related to this action as they have failed to identify their principal, DOE1 and DOE2 (of who they act as agent for).

37.     Plaintiff contends, under common law and Restatement of Agency , if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, so long as the relationship of the agency and the identity of the principal have been disclosed. When the agency is undisclosed or partially disclosed, however, under common law, both the agent and the principal are liable.

**FIRST CAUSE OF ACTION TRUTH IN LENDING ACT**
**FOR RESCISSION AND DAMAGES AGAINST JPMORGAN AND DOE1**
**(Violations of Truth in Lending Laws)**
**(Damages pursuant to 15 U.S.C. §1635(g) and 15 U.S.C. §1640)**
**(Order directing JPMORGAN to comply with 15 U.S.C. § 1641)**

38.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

39.     15 U.S.C. § 1601, et seq., is the Federal Truth in Lending Act ("TILA"). The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (1C.F.R. § 2) and its Official Staff Commentary. Compliance by lenders with Regulation Z became mandatory October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also binding on all creditors.

40.     The purpose of TILA is to protect consumers. This is stated in 12 C.F.R. § 226.1, which reads:

> *§ 226.Authority, purpose, coverage, organization, enforcement and liability... (b) Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling.*

41.     Reg. Z also mandates very specific disclosure requirements regarding home loans with which creditors, must comply (if they fail to do so, <u>assignees are only liable for rescission and for damages related to their failure to act on the rescission</u>):

> § 226.17. General disclosure requirements. (a) Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.18.

42.     JPMORGAN failed to comply with Plaintiff's request for the name, address and telephone number of the true note holders as requested in the Plaintiff's January 14, 2009 (Exhibit D) letter pursuant to 15 U.S.C. § 1641.

43.     Factually supporting said refusal, attached as Exhibit H is Defendant's Motion to Dismiss filed in this action which states in clear terms on Page 1 at lines 15 – 18, "*JPMorgan has absolutely no recorded interest in the Subject Property… Morever, JPMorgan is not the lender of the loan encumbering the Subject Property. .. At most, JPMorgan is the loan servicer*."

44.     Prior to JPMORGAN's bold admission, it held itself out as the note holder and has kept and continues to keep the identity of the true note owner from Plaintiff which Plaintiff believes is a fraudulent act as they have been making an intentional misrepresentation and actively concealing known the fact:

    a.  JPMORGAN is required to disclose said information pursuant to 15 U.S.C. § 1641.

    b.  JPMORGAN was not the true note holder at the time requested and recklessly claimed it was, knowing it was not true.

    c.  JPMORGAN knew that Plaintiff would rely on said statements as fact thereby believing any remedy they proposed was done so by the true note holder.

    d.  Plaintiff was not aware that said representation was false.

e.   Plaintiff has been harmed in that they have had to bring this action to enforce their rights and will continue to be harmed until they can obtain the name and contact information of the true owner of the note through discovery.

45.   While Plaintiff believes that JPMORGAN was merely a servicing agent at the time of filing the complaint and this amended complaint, their true role is unknown and they could be a servicing agent, lender, or have an interest in the subject loan, despite their representation in Exhibit H, and are intentionally keeping their true role a mystery in light of Plaintiff's request for said information in a Qualified Written Request.

46.   Generally, a servicing agent does not have liability under the Truth In Lending Act but Plaintiff does believe they have liability under common law (Restatement of Agency), because if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, so long as the relationship of the agency and the identity of the principal have been disclosed. When the agency is undisclosed or partially disclosed, however, both the agent and the principal are liable.  As alleged herein, JPMORGAN is intentionally withholding the identity of their principal thereby rendering themselves liable for their acts.

47.   Effective May 20, 2009, Public Law 111-22, Helping Families Save Their Homes Act of 2009, was signed into law by President Obama to address the difficulties homeowners are having in securing from servicing companies the information of who actually owns their loans.

48.   Public Law 111-22 requires that creditors identify the creditors they assign loans to and impose liability on servicers who do not disclose the identity of the owners of the obligations they service loans for.  JPMORGAN has willfully failed to comply with Public Law 111-22.

a.   Pursuant to 15 U.S.C. 1641, any civil action that may be brought against any creditor may also be brought against any assignee of the creditor.

b.   Typically such liability is limited to errors apparent on the face of the disclosure statement (15 U.S.C. 1641(e)).

c.   However, 15 U.S.C. 1641(c) states that the assignee is subject to the rescission rights of the consumer even if there was not any error apparent on the face of the disclosures.

49.   DOE1's loans to plaintiff violates TILA because 1st National Lending Services failed to provide the Plaintiff the required two copies each of the Notice of Right to Cancel for the Plaintiff's loans with the accurate information as required by the statute.

50.   As a result of the failure to provide accurate and true copies of the Notice of Right to Cancel for the Loan Transaction, Plaintiff was entitled to the extended three year right to rescind the Loan Transaction and did in fact exercise that right.

51.   Since DOE1 failed to take action within 20 days, ownership of the property vests in the obligor without obligation on their part to pay for it.

52.   Plaintiff alleges that the improper providing of rescission forms is a prevalent problem in the lending industry, known by JPMORGAN and DOE1, of which they willfully fail to put in place proper controls to ensure their obligations under the Truth In Lending Act, i.e. providing rescission rights and notices, is met by the agents and the predecessors in interest they employ.

a.   Creditors and assignees routinely claim that the providing of completed copies to consumers are mere technical violations.

b.   Plaintiff contends that creditors and assignees compliance with providing proper and completed rescission forms to consumers is a relatively simple task with proper controls but that creditors and assignees are negligently failing to meet their obligations.

53.   Plaintiff further contends, while not their responsibility but the responsibility of the creditor, they lack the proper expertise to properly calculate business days as, on information and belief, business day for rescission purposes is different than a lay persons belief of what a business day is and therefore needs a complete form with the actual dates completed to be given proper disclosure of when their right to cancel begins and ends.

54.     Plaintiffs extended right to rescind on the second deed of trust was in effect on January 14, 2009 when Plaintiff validly rescinded the transaction by sending to JPMORGAN, DOE1's agent, the demand for rescission as alleged herein  (Exhibit D).

55.     Said demand was sent to the servicing agent of DOE1, JPMORGAN, who is authorized to receive notices on behalf of DOE1 under California agency laws and pursuant to the Truth In Lending Act.

56.     In an attempt to mitigate the damages, Plaintiff offered alternatives in its rescission request by agreeing to settle the issue in multiple manners such as a modification and even left open the door to counterproposals from Defendant.  Merely handing the keys to Defendant would have caused more harm than the proposals offered.

    a.   Plaintiff did so on the belief of the general principal that "victims of legal wrong should make reasonable efforts to avoid incurring further damage."

    b.   Furthermore, since every contract has an element of "good faith and fair dealing" said attempts were to act in good faith in attempting to resolve the rescission issue.

57.     Defendant JPMorgan, on behalf of DOE1, did not act upon Plaintiffs attempt to mitigate damages or act in good faith towards a resolution.

58.     The model form of a rescission notice (H-8) under Appendix H to Regulation Z begins the exercise of the rescission by the statement "I WISH TO CANCEL".

59.     Black's Law Dictionary defines "wish" as "eager desire; longing; expression of desire; a thing desired; an object of desire."  Desire is further defined as "to ask, to request."

60.     In effect, a consumer merely must notify the creditor of the desire to cancel for notice to be effective and is not required by said notice to contain proof of tender or a definitive statement of rescission.

61.     A true and correct copy of the Notices of Right to Cancel which failed to comply with the Truth In Lending Act related to the second deed of trust is attached as Exhibit F.

62.     JPMORGAN and DOE1's failure to act on the rescission request and take the action necessary and appropriate to reflect the termination of the security interest within 20 days after Plaintiff's rescission of the transaction violated the Truth In Lending Act.

63.     Pursuant to 15 U.S.C. § 1640, Plaintiff has one year from the refusal by JPMORGAN AND DOE1 (or their agent) to file suit for damages, attorney's fees and costs and by this complaint and has done so.

64.     While the Plaintiff properly rescinded the loan within the 3 year statute of limitations for said remedy, Defendant JPMORGAN and DOE1 were obligated to act on the request and see it completion, which they did not do, therefore Plaintiff hereby requests damages, costs and attorney fees pursuant to 15 U.S.C. §1640.

65.     The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).   As a damage under 15 U.S.C. §1640, Plaintiff requests damages equal to that which Plaintiff would have received if Defendant complied with 15 U.S.C. §1635.

66.     As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).

67.     The security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute.

68.     Non-compliance with the rescission request is a violation of the act which gives rise to a claim for actual and statutory damages under 15 USC §1640.

69.     TILA rescission does not only cancel a security interest in the property but it also cancels any liability to pay finance and other charges, including accrued interest, points, broker fees, closing costs and provides that the creditor and/or assignee must refund all fees paid.

70.    Plaintiff requests damages from DOE1 in the form of a court order rendering the security instrument of DOE1 void and ownership of the property (money lent to Plaintiff) vests to the Plaintiff without obligation on their part to pay for it.

71.    Plaintiff requests damages from DOE1 in any other alternative relief the court deems fit and proper to effectuate the self executing process of 15 U.S.C. §1635.

72.    Plaintiff requests damages from JPMORGAN and DOE1 in the form of all costs and attorney fees incurred related to this action as allowed by 15 U.S.C. §1640.

73.    Plaintiff requests statutory damages from JPMORGAN and DOE1 of $2,000.00 for failing to rescind the loan as required by TILA.

74.    Plaintiff requests damages from JPMORGAN and DOE1 for the return of all fees, interest and finance charges related to the DOE1 loan.

75.    Plaintiff requests the court grant Declaratory Relief perfecting that Plaintiff timely rescinded their loan within the statutory 3 year period pursuant to 15 U.S.C. §1635.

76.    Plaintiff requests the court grant injunctive relief against JPMORGAN and DOE1 preventing enforcement of the security interest of the subject loan until final disposition of this action.

77.    Plaintiff requests that the court order JPMORGAN to comply with Plaintiff's request for the name, address and telephone number of the true note holder as requested in the Plaintiff's January 14, 2009 (Exhibit D) letter pursuant to 15 U.S.C. § 1641.

**SECOND CAUSE OF ACTION TRUTH IN LENDING ACT**
**FOR RESCISSION AND DAMAGES AGAINST ONEWEST AND DOE2**
**(Violations of Truth in Lending Laws)**
**(Damages pursuant to 15 U.S.C. §1635(g) and 15 U.S.C. §1640)**
**(Order directing ONEWEST to comply with 15 U.S.C. § 1641)**

78.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

79.    15 U.S.C. § 1601, et seq., is the Federal Truth in Lending Act ("TILA"). The Federal Reserve Board of Governors implements the Federal Truth in Lending Act through Regulation Z (1C.F.R. § 2) and its Official Staff Commentary. Compliance by lenders with Regulation Z became

mandatory October 1, 1982. Likewise, Official Staff Commentary issued by the Federal Reserve Board is also binding on all creditors.

80.    The purpose of TILA is to protect consumers. This is stated in 12 C.F.R. § 226.1, which reads:

> *§ 226.Authority, purpose, coverage, organization, enforcement and liability... (b) Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and costs. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling.*

81.    Reg. Z also mandates very specific disclosure requirements regarding home loans with which creditors, must comply (if they fail to do so, <u>assignees are only liable for rescission and for damages related to their failure to act on the rescission</u>):

> *§ 226.17. General disclosure requirements. (a) Form of disclosures. (1) The creditor shall make the disclosures required by this subpart clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures shall be grouped together, shall be segregated from everything else, and shall not contain any information not directly related to the disclosures required under § 226.18.*

82.    ONEWEST failed to comply with Plaintiff's request for the name, address and telephone number of the true note holders as requested in the Plaintiff's January 14, 2009 (Exhibit C) letter pursuant to 15 U.S.C. § 1641.

83.    Factually supporting said refusal, attached as Exhibit G is Defendant's Motion to Dismiss filed in this action which states in clear terms on Page 1 at lines 15 – 18, "*TILA claims are unavailable against a mere servicer of a loan.*"

84.    Prior to ONEWEST's admission, it held itself out as the note holder and has kept and continues to keep the identity of the true note owner from Plaintiff which Plaintiff believes is a fraudulent act as they have been making an intentional misrepresentation and actively concealing known the fact:

   f.   ONEWEST is required to disclose said information pursuant to 15 U.S.C. § 1641.

g.   ONEWEST was not the true note holder at the time requested and recklessly claimed it was, knowing it was not true.

h.   ONEWEST knew that Plaintiff would rely on said statements as fact thereby believing any remedy they proposed was done so by the true note holder.

i.   Plaintiff was not aware that said representation was false.

j.   Plaintiff has been harmed in that they have had to bring this action to enforce their rights and will continue to be harmed until they can obtain the name and contact information of the true owner of the note through discovery.

85.   While Plaintiff believes that ONEWEST was merely a servicing agent at the time of filing the complaint and this amended complaint, their true role is unknown and they could be a servicing agent, lender, or have an interest in the subject loan, despite their representation in Exhibit G, and are intentionally keeping their true role a mystery in light of Plaintiff's request for said information in a Qualified Written Request.

86.   Generally, a servicing agent does not have liability under the Truth In Lending Act but Plaintiff does believe they have liability under common law (Restatement of Agency), because if an agent has actual or apparent authority, the agent will not be liable for acts performed within the scope of such authority, so long as the relationship of the agency and the identity of the principal have been disclosed. When the agency is undisclosed or partially disclosed, however, both the agent and the principal are liable.  As alleged herein, ONEWEST is intentionally withholding the identity of their principal thereby rendering themselves liable for their acts.

87.   Effective May 20, 2009, Public Law 111-22, Helping Families Save Their Homes Act of 2009, was signed into law by President Obama to address the difficulties homeowners are having in securing from servicing companies the information of who actually owns their loans.

88.     Public Law 111-22 requires that creditors identify the creditors they assign loans to and impose liability on servicers who do not disclose the identity of the owners of the obligations they service loans for.  ONEWEST has willfully failed to comply with Public Law 111-22.

    a.  Pursuant to 15 U.S.C. 1641, any civil action that may be brought against any creditor may also be brought against any assignee of the creditor.

    b.  Typically such liability is limited to errors apparent on the face of the disclosure statement (15 U.S.C. 1641(e)).

    c.  However, 15 U.S.C. 1641(c) states that the assignee is subject to the rescission rights of the consumer even if there was not any error apparent on the face of the disclosures.

89.     DOE2's loans to plaintiff violates TILA because 1st National Lending Services failed to provide the Plaintiff the required two copies each of the Notice of Right to Cancel for the Plaintiff's loans with the accurate information as required by the statute.

90.     As a result of the failure to provide accurate and true copies of the Notice of Right to Cancel for the Loan Transaction, Plaintiff was entitled to the extended three year right to rescind the Loan Transaction and did in fact exercise that right.

91.     Since DOE2 failed to take action within 20 days, ownership of the property vests in the obligor without obligation on their part to pay for it.

92.     Plaintiff alleges that the improper providing of rescission forms is a prevalent problem in the lending industry, known by ONEWEST and DOE2, of which they willfully fail to put in place proper controls to ensure their obligations under the Truth In Lending Act, i.e. providing rescission rights and notices, is met by the agents and the predecessors in interest they employ.

    a.  Creditors and assignees routinely claim that the providing of completed copies to consumers are mere technical violations.

b. Plaintiff contends that creditors and assignees compliance with providing proper and completed rescission forms to consumers is a relatively simple task with proper controls but that creditors and assignees are negligently failing to meet their obligations.

93. Plaintiff further contends, while not their responsibility but the responsibility of the creditor, they lack the proper expertise to properly calculate business days as, on information and belief, business day for rescission purposes is different than a lay persons belief of what a business day is and therefore needs a complete form with the actual dates completed to be given proper disclosure of when their right to cancel begins and ends.

94. Plaintiffs extended right to rescind on the second deed of trust was in effect on January 14, 2009 when Plaintiff validly rescinded the transaction by sending to ONEWEST, DOE2's agent, the demand for rescission as alleged herein  (Exhibit D).

95. Said demand was sent to the servicing agent of DOE2, ONEWEST, who is authorized to receive notices on behalf of DOE2 under California agency laws and pursuant to the Truth In Lending Act.

96. In an attempt to mitigate the damages, Plaintiff offered alternatives in its rescission request by agreeing to settle the issue in multiple manners such as a modification and even left open the door to counterproposals from Defendant.  Merely handing the keys to Defendant would have caused more harm than the proposals offered.

a. Plaintiff did so on the belief of the general principal that "victims of legal wrong should make reasonable efforts to avoid incurring further damage."

b. Furthermore, since every contract has an element of "good faith and fair dealing" said attempts were to act in good faith in attempting to resolve the rescission issue.

97. Defendant JPMorgan, on behalf of DOE2, did not act upon Plaintiffs attempt to mitigate damages or act in good faith towards a resolution.

98.     The model form of a rescission notice (H-8) under Appendix H to Regulation Z begins the exercise of the rescission by the statement "I WISH TO CANCEL".

99.     Black's Law Dictionary defines "wish" as "eager desire; longing; expression of desire; a thing desired; an object of desire."  Desire is further defined as "to ask, to request."

100.    In effect, a consumer merely must notify the creditor of the desire to cancel for notice to be effective and is not required by said notice to contain proof of tender or a definitive statement of rescission.

101.    A true and correct copy of the Notices of Right to Cancel which failed to comply with the Truth In Lending Act related to the first deed of trust is attached as Exhibit E.

102.    ONEWEST and DOE2's failure to act on the rescission request and take the action necessary and appropriate to reflect the termination of the security interest within 20 days after Plaintiff's rescission of the transaction violated the Truth In Lending Act.

103.    Pursuant to 15 U.S.C. § 1640, Plaintiff has one year from the refusal by ONEWEST AND DOE2 (or their agent) to file suit for damages, attorney's fees and costs and by this complaint and has done so.

104.    While the Plaintiff properly rescinded the loan within the 3 year statute of limitations for said remedy, Defendant ONEWEST and DOE2 were obligated to act on the request and see it completion, which they did not do, therefore Plaintiff hereby requests damages, costs and attorney fees pursuant to 15 U.S.C. §1640.

105.    The statute and regulation specify that the security interest, promissory note or lien arising by operation of law on the property becomes automatically void. (15 U.S.C. § 1635(b); Reg. Z §§ 226.15(d)(1), 226.23(d)(1).   As a damage under 15 U.S.C. §1640, Plaintiff requests damages equal to that which Plaintiff would have received if Defendant complied with 15 U.S.C. §1635.

106.   As noted by the Official Staff Commentary, the creditor's interest in the property is "automatically negated regardless of its status and whether or not it was recorded or perfected." (Official Staff Commentary §§ 226.15(d)(1)-1, 226.23(d)(1)-1.).

107.   The security interest is void and of no legal effect irrespective of whether the creditor makes any affirmative response to the notice. Also, strict construction of Regulation Z would dictate that the voiding be considered absolute.

108.   Non-compliance with the rescission request is a violation of the act which gives rise to a claim for actual and statutory damages under 15 USC §1640.

109.   TILA rescission does not only cancel a security interest in the property but it also cancels any liability to pay finance and other charges, including accrued interest, points, broker fees, closing costs and provides that the creditor and/or assignee must refund all fees paid.

110.   Plaintiff requests damages from DOE2 in the form of a court order rendering the security instrument of DOE2 void and ownership of the property (money lent to Plaintiff) vests to the Plaintiff without obligation on their part to pay for it.

111.   Plaintiff requests damages from DOE2 in any other alternative relief the court deems fit and proper to effectuate the self executing process of 15 U.S.C. §1635.

112.   Plaintiff requests damages from ONEWEST and DOE2 in the form of all costs and attorney fees incurred related to this action as allowed by 15 U.S.C. §1640.

113.   Plaintiff requests statutory damages from ONEWEST and DOE2 of $2,000.00 for failing to rescind the loan as required by TILA.

114.   Plaintiff requests damages from ONEWEST and DOE2 for the return of all fees, interest and finance charges related to the DOE2 loan.

115.   Plaintiff requests the court grant Declaratory Relief perfecting that Plaintiff timely rescinded their loan within the statutory 3 year period pursuant to 15 U.S.C. §1635.

116.   Plaintiff requests the court grant injunctive relief against ONEWEST and DOE2 preventing enforcement of the security interest of the subject loan until final disposition of this action.

117.   Plaintiff requests that the court order ONEWEST to comply with Plaintiff's request for the name, address and telephone number of the true note holder as requested in the Plaintiff's January 14, 2009 (Exhibit C) letter pursuant to 15 U.S.C. § 1641.

### THIRD CAUSE OF ACTION FOR REAL ESTATE SETTLEMENT PROCEDURES ACT VIOLATIONS AGAINST ALL DEFENDANTS
**(Violations of Real Estate Settlement Procedures Act,**
**12 U.S.C. § 2601 <u>et</u> <u>seq</u>. – Failing to Properly Respond to a QWR)**

118.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

119.   JPMORGAN is the agent of the owner of the obligation, DOE1.

120.   ONEWEST is the agent of the owner of the obligation, DOE2.

121.   Violation of RESPA applies to servicing agents related to their servicing activities.

122.   DOE1, as the principal to their agency with JPMORGAN is liable for the acts of their agent under agency law and as such, Plaintiff contends that both DOE1 and JPMORGAN are jointly and severally liable for damages stated herein.

123.   DOE2, as the principal to their agency with ONEWEST is liable for the acts of their agent under agency law and as such, Plaintiff contends that both DOE2 and ONEWEST are jointly and severally liable for damages stated herein.

124.   The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA") was enacted on December 22, 1974.

125.   RESPA applies to "federally related mortgage loans," which is defined at 12 U.S.C. § 2602(1).  RESPA initially applied only to certain first liens on residential real property.  On October 28, 1992, the law was amended to cover subordinate liens and loans used to prepay or pay off an existing loan secured by the same property.  12 U.S.C. § 2602(1); 24 C.F.R. § 3500.2.

126.   Plaintiff's January 14, 2009 letter (Exhibits C and D) was sent via a Certificate of Mailing with the United States Post Office.

127.   Defendants did not properly respond to Plaintiffs request.

128.   Plaintiff's request is consistent with a Qualified Written Request under 12 U.S.C. § 2605(e), which imposes upon "loan servicers" the duty to timely respond to a "qualified written request" from a borrower.

129.   A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that –

    a.   includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

    b.   includes a statement of the reasons for <u>the belief of the borrower</u>, not the belief of the servicer, to the extent applicable, that the account is in error **or provides sufficient detail to the servicer regarding other information sought by the borrower**.

130.   To date, Defendants have failed to respond to Plaintiffs Qualified Written Request pursuant to RESPA within 60 business days of receipt (12 U.S.C. 2605(e)(1)(A)) from their January 14, 2009 letter which was sent via a Certificate of Mailing with the United States Post Office. Allowing for mailing of 5 days, they are required to respond to the QWR by April 8, 2009, which did not occur.

131.   12 U.S.C. §2605(e)(2) requires a loan servicer to take certain action within 60 days of receipt of a qualified written request. Such action may include:

    a.   providing the borrower with a written explanation or clarification that includes . . .

        i.   information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

ii.   the name and telephone number of an individual employed by, or the office or

department of, the servicer who can provide assistance to the borrower. 12 U.S.C.

§ 2605(e)(2).

132.   Plaintiff has been harmed because he was unable to name the real party in interest to this suit

because Defendants failed to properly respond to the QWR. Had they given the information

requested, they would not have been forced to address Motion's to Dismiss claiming ONEWEST

and JPMORGAN are merely loan servicers and engaging in expensive litigation just to discover

who their lender is when Defendants were obligated to give said information.

133.   Pursuant to 12 U.S.C. 2605 (f), Plaintiff is entitled from both ONEWEST and LENDER

DOE, actual damages, statutory penalty of $1,000.00 and attorney fees and costs.

## FOURTH CAUSE OF ACTION FOR FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS AGAINST ALL DEFENDANTS
### Rosenthal Fair Debt Collection Practices Act
### California Civil Code §§ 1788-1788.32)

134.   JPMORGAN is the agent of the owner of the obligation of DOE1.

135.   ONEWEST is the agent of the owner of the obligation of DOE2.

136.   Defendant JPMORGAN is a debt collector under the RFDCPA as they are currently

servicing the loan on behalf of an unknown investor or on behalf of themselves (admitted as a fact

in Exhibit H by JPMORGAN).

137.   Defendant ONEWEST is a debt collector under the RFDCPA as they are currently servicing

the loan on behalf of an unknown investor or on behalf of themselves (admitted as a fact in Exhibit

G by ONEWEST).

138.   The Rosenthal Fair Debt Collection Practices Act in § 1788.17 requires that all debt

collectors, as defined under § 1788.2(c), which includes a creditor or anyone else collecting a debt

on behalf of others, must comply with the provisions of 15 U.S.C. §1692b -§1692j and subject to

the remedies of 15 U.S.C. § 1692k.

139.   Defendants JPMORGAN and ONEWEST received the Plaintiff's letter dated January 14, 2009 (Exhibit "C" and "D" and incorporated herein by reference). Plaintiff's letter stated, in part:

> *"In addition, Mr. Fullmer is asserting his rights under Section 805 of the Federal Fair Debt Collections Practices Act and the California Rosenthal's Fair Debt Collection Practices Act (applying to all creditors the Federal statute) in that he wishes that all communications cease in relation to the debt except in the form of a written response to the request contained in this letter or those allowed per the statute."*

140.   Despite said notification, Defendants ONEWEST and JPMORGAN repeatedly contacted Plaintiff attempting to collect the debt by a high volume of phone calls and written correspondence.

141.   Such violation is a willful disregard for the rights of the Plaintiff and pursuant to California Civil Code § 1788.30 Plaintiff is entitled to actual damages, statutory penalty of no less than $100.00 and no more than $1,000.00 and actual attorney fees.

142.   Plaintiff further requests injunctive relief to stop Defendants calls harassing the Plaintiff.

143.   Plaintiff contends that JPMORGAN and ONEWEST do not have in place reasonable procedures necessary to avoid such a violation and their acts were therefore willful and they should not be allowed to avoid said damages and awards by claiming their acts were merely a bona fide error.

### FIFTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES
### AGAINST ALL DEFENDANTS
**(Violation of California's Unfair Competition Law,**
**Bus. & Prof. Code §17200 et seq.)**

144.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

145.   The Court has jurisdiction over this action pursuant to Business and Professions Code §§ 17200 et seq., specifically Business and Professions Code § 17203, which provides any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction; and the court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of

any practice which constitutes unfair competition, or as may be necessary to restore to any person

in interest any money or property, real or personal, which may have been acquired by means of

such unfair competition; and Business and Professions Code Section 17204, which provides for

actions for any relief pursuant to the Unfair Competition Law to be prosecuted exclusively in a

court of competent jurisdiction by any board, officer, person, corporation or association or by any

person acting for the interests of itself, its members or the general public.

146.   At all times relevant to this Complaint, ONEWEST and JPMORGAN were acting as loan

servicers, and DOE1 and DOE2 were acting as the owner of the obligation, who are in the business

of providing and servicing residential mortgages to the general public and was acting within the

scope of that business with regard to the loan transactions provided to Plaintiff.

147.   JPMORGAN is the agent of the owner of the obligation of DOE1.

148.   ONEWEST is the agent of the owner of the obligation of DOE2.

149.   As set forth above under the First through Fourth Causes of Action, ONEWEST,

JPMORGAN, DOE1 and DOE2 violated TILA, RESPA and Fair Debt Collection statutes.

150.   In addition, both JPMORGAN and ONEWEST have admitted they were servicing agents of

the loans (Exhibit G and H) and in those roles purposely evaded providing Plaintiff the true names

and contact information of who owns the obligation despite Plaintiffs lawful request as a QWR and

under TILA.  In Motions to Dismiss filed in the case, they also acted in total bad faith in attempted

to assert the fact that they are merely a servicer as a defense to claims of Plaintiff when they

engaged in unlawful failure to disclose said information.  Such an attempt shows enormous bad

faith and systematic attempt to engage in unfair business practices that harm all similarly situation

Plaintiffs in California.

151.   Since Plaintiff rescinded their loan in January 14, 2009, ONEWEST and JPMORGAN has

continually engaged in harassment of the Plaintiff, communicated regarding the debt, invaded the

privacy of Plaintiff and reported negative credit of Plaintiff, all the while never responding to Plaintiff's request for rescission and Qualified Written Requested.

152.   Furthermore, ONEWEST filed a foreclosure notice on Plaintiffs property on June 23, 2009 while not even answering Plaintiffs requests.

153.   WHEREFORE, Plaintiff prays for judgment for rescission, damages, attorney fees and any other relief the court deems fit and proper.

<u>**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**</u>
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

154.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

155.   Defendant's (principals and agents) predecessor entered into written agreements with Plaintiff based upon the term on the loans as stated in the Note.

156.   The Notice of Right to Cancel was prepared and created by Defendants predecessor, and applicable to Plaintiff's loan, did not disclose, and by omission, failed to inform Plaintiff what the rescission period was in violation of TILA as alleged herein.

157.   Despite calling to the attention of the Defendants the rescission problems and Plaintiff's offer to resolve the issue by negotiation, Defendants did not engage in the slightest effort of good faith to resolve the issue with Plaintiff.

a.   In fact, Defendant OneWest filed a foreclosure notice without responding to Plaintiff.

158.   Defendants unfairly interfered with Plaintiff's rights to receive the benefits of the contract.

159.   Plaintiff, on the other hand, did all of those things the contract required of her under the terms of the loan transactions.

160.   At all times relevant, Defendants unreasonably denied Plaintiff the benefits promised to him under the terms of the Note, including providing a proper Notice of Right to Cancel.

161.   Plaintiff contacted Defendants on January 14, 2009 pointing out defects in their contract, proposed a solution and made the requests under statutory authority.  Defendants did not comply

with the statutory requests or engage in any good faith effort to resolve the issue.  Instead, they sent threatening letters demanding payments on a rescinded loan and if said payments were not made, they would foreclose on the property.

162.   Knowing the truth and motivated by profit and market share, Defendants have knowingly and willfully breached the implied covenant of good faith and fair dealing by engaging in the acts and/or fraudulent omissions to mislead and/or deceive Plaintiff and others similarly situated as alleged herein.

163.   Defendant's breaches, as alleged herein, were committed with willful and wanton disregard for whether or not Plaintiff or others similarly situated could exercise their consumer rights (TILA, RESPA and Fair Debt Collection) and merely ignored their requests which is not reasonable.

164.   Defendants placing of their corporate and/or individual profits over the rights of others is particularly vile, base, contemptible, and wretched and said acts and/or omissions were performed on the part of officers, directors, and/or managing agents of each corporate defendant and/or taken with the advance knowledge of the officers, directors, and/or managing agents who authorized and/or ratified said acts and/or omissions. Defendants thereby acted with malice and complete indifference to and/or conscious disregard for the rights and safety of others, including Plaintiff and the General Public.

165.   At all times relevant, Defendants' conduct, as alleged herein, were malicious, oppressive, and/or fraudulent.

166.   As a result of Defendants' conduct, Plaintiff has suffered harm as proven hereto before and to be proven at trial.

167.   WHEREFORE, Plaintiff is entitled to declaratory relief, all damages proximately caused by Defendant's breach of the implied covenant of good faith and fair dealing as alleged herein, punitive damages, pre-judgment interest, costs of suit and other relief as the Court deems just and proper.

## SEVENTH CAUSE OF ACTION AGAINST
## DEFENDANTS ONEWEST AND DOE2
## (Wrongful Foreclosure)

168.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

169.   Plaintiff has notified Defendant ONEWEST and DOE2 (by and through their agent ONEWEST) of their exercise of Plaintiffs rescission under the Truth In Lending Act.

170.   In response, Defendant ONEWEST and DOE2 filed a Notice of Default (foreclosure) on June 23, 2009 without ever responding to the TILA claim or their Qualified Written Request under RESPA.  A true and correct copy of the Notice of Default is attached as Exhibit I.

171.   Plaintiff's complaint was originally filed on April 17, 2009 and Defendant ONEWEST was served substantially before ONEWEST filed a Notice of Default (foreclosure).

172.   As a proximate result of the negligent or reckless conduct of ONEWEST the Plaintiff's credit has been impaired and he is threatened with the eminent loss of their property despite the fact that the loan has received a rescission notice and the amount owed and demanded of ONEWEST is in dispute.

173.    Unless enjoined, the Plaintiff will suffer irreparable harm and will not have an adequate remedy at law.

174.   As a proximate result of the negligent actions of ONEWEST and DOE2, the Plaintiff has suffered consequential damage and will continue to suffer additional damage in an amount to be fully proved at the time of trial.

## EIGHTH CAUSE OF ACTION AGAINST
## DEFENDANTS ONEWEST AND DOE2
## (Slander of Title)

175.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

176.   Defendants ONEWEST and DOE2 have caused to be recorded various documents including a Notice of Default which has impaired the Plaintiffs title which constitutes slander of title and the Plaintiff should be awarded resulting damages to be fully proved at the time of trial.

### NINTH CAUSE OF ACTION AGAINST
### ALL DEFENDANTS
### (Slander of Credit)

177.   Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

178.   The Plaintiff alleges that the actions and inactions of the Defendants have impaired his credit causing him to lose the ability to have good credit entitling him to damages, including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

A. For actual damages according to proof;

B. For compensatory damages as permitted by law;

C. For consequential damages as permitted by law;

D. For statutory damages as permitted by law;

E. For rescission;

F. For equitable relief, including restitution;

G. For restitutionary disgorgement of all profits Defendant obtained as a result of their unfair competition;

H. For interest as permitted by law;

I. For Declaratory Relief;

J. For Injunctive Relief;

K. For reasonable attorneys' fees and costs; and

L. For such other relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38, Plaintiff Shaunn A. Fullmer hereby

demands a jury trial on all issues triable by jury.


Dated:  August 13, 2009                By: _/s/ Kimberlee A. Rode_____
                                        Kimberlee A. Rode, Attorney for
                                        Shaunn A. Fullmer

## Exhibit List

| | |
|---|---|
| Exhibit A | Copy of Note and Deed of Trust on First Deed of Trust |
| Exhibit B | Copy of Note and Deed of Trust on Second Deed of Trust |
| Exhibit C | Rescission Letter dated January 14, 2009 to Indymac Bank |
| Exhibit D | Rescission Letter dated January 14, 2009 to Washington Mutual |
| Exhibit E | Copies of Notice of Right to Cancel received by Plaintiffs on first deed of trust. |
| Exhibit F | Copies of Notice of Right to Cancel received by Plaintiffs on second deed of trust. |
| Exhibit G | Copy of Motion to Dismiss by OneWest |
| Exhibit H | Copy of Motion to Dismiss by JPMorgan |
| Exhibit I | Copy of Notice of Default (foreclosure) filed by ONEWEST |