1  JOHN M. SORICH (CA Bar No. 125223)
   jsorich@adorno.com
2  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
3  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
4  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
5  Tel: (714) 852-6800
   Fax: (714) 852-6899
6
   Attorneys for Defendant
7  JPMORGAN CHASE BANK, N.A., AS AN ACQUIRER OF
   CERTAIN ASSETS AND LIABILITIES OF WASHINGTON
8  MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER,
   erroneously sued as JPMORGAN CHASE BANK, NA., as
9  successor and/or acquirer of assets and liabilities to/from
   Washington Mutual Bank and LENDER DOE ONE
10

11              UNITED STATES DISTRICT COURT

12            EASTERN DISTRICT OF CALIFORNIA

13

14  SHAUNN A. FULLMER,                    CASE NO.: 09-cv-01037-JFM

15         Plaintiff,                     JUDGE:   Hon. John F. Moulds

16  v.                                    NOTICE OF MOTION AND MOTION TO
                                          DISMISS THE FIRST AMENDED
17  JPMORGAN CHASE BANK, NA., as successor COMPLAINT FOR FAILURE TO STATE
    and/or acquirer of assets and liabilities to/from  A CLAIM
18  Washington Mutual Bank and LENDER DOE
    ONE and ONEWEST BANK, FSB as successor [Filed concurrently with Request for Judicial
19  by acquisition of Indymac Federal Bank and Notice in Support Thereof]
    LENDER DOE TWO,
20                                         DATE:    12/10/09
           Defendants.                     TIME:    11:00 a.m.
21                                         CRTRM:   26

22                                         Action Filed: April 17, 2009

23

24  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25         PLEASE TAKE NOTICE that on December 10, 2009, at 11:00 a.m. or as soon thereafter as

26  the matter may be heard in Courtroom 26 of the above-entitled Court, defendant JPMorgan Chase

27  Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the

28  FDIC acting as receiver ("JPMorgan" or "Defendant"), erroneously sued as JPMorgan Chase Bank,

1

1091325.1

NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank and LENDER DOE ONE, will move the Court to dismiss the First Amended Complaint ("FAC") of plaintiff Shaunn A. Fullmer ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP") § 12(b)(6) on the grounds that it fails to state a claim upon which relief can be granted.  This motion is based on the following:

1.      Plaintiff's claim for "Violation of Truth in Lending Laws" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2.      Plaintiff's claim for "Violations of Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3.      Plaintiff's claim for "Fair Debt Collection Practices Act Violations" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4.      Plaintiff's claim for "Violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 et seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5.      Plaintiff's claim for "Breach of Implied Covenant of Good Faith and Fair Dealing" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

6.      Plaintiff's claim for "Slander of Credit" fails to state fact sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

///
///
///
///
///
///
///
///
///

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

2

**NOTICE OF MOTION AND MOTION TO DISMISS**

1       This motion is based on this Notice, the Memorandum of Points and Authorities filed

2   herewith, Request for Judicial Notice, the records and pleadings on file herein, and on such other

3   evidence as may be presented.

4

5   DATED:  August 31, 2009              ADORNO YOSS ALVARADO & SMITH
                                     A Professional Corporation

6

7                                     By:  /s/ S. Christopher Yoo
                                       JOHN M. SORICH

8                                          S. CHRISTOPHER YOO
                                       Attorneys for Defendant

9                                          JPMORGAN CHASE BANK, N.A., AS AN
                                       ACQUIRER OF CERTAIN ASSETS AND

10                                         LIABILITIES OF WASHINGTON MUTUAL
                                       BANK FROM THE FDIC ACTING AS

11                                         RECEIVER, erroneously sued as JPMORGAN
                                       CHASE BANK, NA., as successor and/or

12                                         acquirer of assets and liabilities to/from
                                       Washington Mutual Bank and LENDER DOE

13                                         ONE

**NOTICE OF MOTION AND MOTION TO DISMISS**

1091325.1

1

2

# **TABLE OF CONTENTS**

3                                                                                          <u>Page</u>

4

5

6   **I.**   SUMMARY OF ARGUMENT.................................................................1

7   **II.**  SUMMARY OF RELEVANT FACTS.................................................2

8   **III.** THE STANDARD FOR A MOTION TO DISMISS....................................2

9   **IV.** PLAINTIFF'S CLAIM FOR "VIOLATION OF TRUTH IN LENDING LAWS" FAILS AS ASSERTED AGAINST JPMORGAN .........................3

10          **A.**   As A Matter of Law, Plaintiff Cannot State a Claim against JPMorgan Because It is Not Liable Under TILA ................................3

11          **B.**   Plaintiff Fails To Plead Facts To Show Public Law 111-22 Applies To The Subject Loans And/Or To JPMorgan ......................................4

12          **C.**   JPMorgan Cannot Be Liable For Damages For TILA Violations Because The Claim Is Barred By Statute of Limitations.....................5

13          **D.**   Because The Loans Were Purchase Money Mortgage Loans, Plaintiff Does Not Have The Right To Rescind .................................6

14          **E.**   Even Assuming Plaintiff Could Rescind Under The TILA, The Limitations Period Has Expired.............................................................7

15          **F.**   Rescission Is Not Automatic ................................................................7

16  **V.**   PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT" ..............................9

17  **VI.**  PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT" FAILS................................................10

18  **VII.** PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR BUSINESS PRACTICES" .......................................................................................11

19          **A.**   Plaintiff Lacks Standing To Assert This Claim ................................11

20          **B.**   Plaintiff's Claim Is Subject To Dismissal Because Plaintiff Does Not Allege With Particularity Any Conduct By Defendants In Violation Of Section 17200.................................................................12

21          **C.**   Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of Conduct"..............................................................................................13

22  **VIII.** PLAINTIFF'S CLAIM FOR "BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING" FAILS ...........................................14

23  **IX.**  PLAINTIFF'S CLAIM FOR "SLANDER OF CREDIT" FAILS.................15

24  **X.**   CONCLUSION.......................................................................................17

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

i

1091325.1

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Alkan v. CitiMortgage, Inc.,* 336 F.Supp.2d 1061, 1063 (N.D.Cal. 2004)...................16

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*
  159 F.3d 1178, 1181 (9th Cir. 1998)...........................................................................11

Barquis v. Merchants Collection Assn., 7 Cal.3d 94, 113 (1972) ...............................13

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007)......................................3

*Bills v. BNC Mortg.*, Inc., 502 F.Supp.2d 773 (N.D.Ill.,2007).......................................3

*Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 359 (E.D.Pa., 1994)..............................3

*Californians For Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006).....11

*Careau & Co. v. Security Pacific Business Credit*
  222 Cal.App.3d 1371, 1395 (1990)............................................................................14

*Carlos v. Ocwen Loan Servicing, LLC* 2009 WL 1295873 *4 (E.D.Cal.) ....................8

*Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003)........................3

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)......................11

*Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666,
  *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) ..............................9

*Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D.W.Va.1998)................11

*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977)....................13, 14

*Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188 (D.Or.2002) ...........................11

*Hutchinson v. Delaware Sav. Bank FSB*
  410 F.Supp.2d 374, 383 (D.N.J. 2006) .......................................................................9

*Large v. Conseco Financing Servicing Corp.*
  292 F.3d 49, 54-55 (1st Cir. 2002)...............................................................................8

*Mangindin v. Washington Mutual Bank* 2009 WL1766601 *3 (N.D. Cal.)..................8

*Martinez v. EMC Mortgage Corporation* 2009 WL2043013 *6 (E.D. Cal.)................8

*Microsoft Corp. v. A-Tech Corp*, 855 F. Supp. 308, 313 (C.D. Cal. 1994)................12

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ii

1

**TABLE OF AUTHORITIES**

Page

*Murray v. Fifth Third Bank,* Slip Copy, 2007 WL 956916 (E.D.Mich., 2007) .............7

*Peasley v. Verizon Wireless*, 364 F.Supp.2d at 1200...................................................16

*People* at 635; *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal. 1994)...........................................................................................................................14

*People v. McKale*, 25 Cal. 3d 626 (1979)...................................................................12

*Racine & Laramie, Ltd. v. Department of Parks & Recreation* 11 Cal.App.4th 1026, at 1034 (1992)...........................................................14

*Reyes v. Premier Home Funding, Inc.* 2009 WL1704574 *8 (N.D. Cal.)....................8

*Sitanggang v. Indymac Bank, F.S.B.* 2009 WL 1286484 (E.D.Cal.)............................8

*Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 784 (W.D.Kent. 2003) ............15

*Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006) .................5

*Turczynski v. Friedman*, 2007 WL 4556923, * 4 (E.D. Cal. 2007)...............................6

*Whisenant v. First National Bank & Trust Company* 258 F.Supp.2d 1312, 1316-1317 (N.D. Oklahoma 2003).......................................15

*Whisenant v. First National Bank & Trust Company*, 258 F.Supp.2d at 1316 ...........16

*Yamamoto v. Bank of New York,* 329 F.3d 1167, 1172 (9th Cir. 2003.........................7

**Statutes**

12 C.F.R. § 226(f) ......................................................................................................6

12 U.S.C. § 2605 ........................................................................................................9

12 U.S.C. § 2605(f)(1)(A)...........................................................................................9

15 U.S.C. § 1602 ......................................................................................................4, 6

15 U.S.C. § 1635 .........................................................................................................6

15 U.S.C. §§ 1640, 1641 .............................................................................................3

*Civil Code* §§ 1788, et seq. .......................................................................................10

*Civil Code* §§ 1788.10 ..............................................................................................10

iii

1091325.1

1

2

## **TABLE OF AUTHORITIES**

3

<u>Page</u>

4

5   *Civil Code* §§ 1788.11 ...............................................................................10

6   *Civil Code* §§ 1788.12 ...............................................................................10

7   *Civil Code* §§ 1788.13 ...............................................................................10

8   *Civil Code* §§ 1788.14-16 .........................................................................10

9   Section 17200...............................................................................................11

10  **Other Authorities**

11  <u>15 U.S.C. § 1681s-2(b)</u> ...............................................................................15

12  **Other Authorities**

13  Business and Professions Code § 17200........................................................12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS

1091325.1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver ("JPMorgan" or "Defendant"), erroneously sued as JPMorgan Chase Bank, NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank and LENDER DOE ONE, submit the following Memorandum of Points and Authorities in support of the motion to dismiss the First Amended Complaint ("FAC") of plaintiff Shaunn A. Fullmer ("Plaintiff").

### I.   SUMMARY OF ARGUMENT

Subsequent to the filing of Defendant's Motion to Dismiss the Complaint but prior to the hearing on said motion, Plaintiff filed an amended complaint.  Notwithstanding, Plaintiff's FAC fails to cure many of the deficiencies raised in the Defendant's initial Motion to Dismiss.

In essence, Plaintiff seeks to rescind two loan transactions provided to Plaintiff and his wife, Detra Fullmer (who is not a party to this action), in connection with the real property located at 4048 Monte Verde Drive, El Dorado Hills, California ("Subject Property").  To that end, Plaintiff alleges violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA") among others.  However, all of Plaintiff's claims fail as asserted against JPMorgan.

JPMorgan has absolutely no recorded interest in the Subject Property.  *See* Request for Judicial Notice ("RJN"), Exhibits 1-3.  Moreover, JPMorgan is not the lender of the loan encumbering the Subject Property.  *Id.*  Consequently, JPMorgan cannot be held liable for any purported violation of TILA.  Moreover, Plaintiff is not entitled to rescission since the subject loans were purchase money loans.  Further, any claim for rescission and statutory damages is time barred since Plaintiff has asserted such claims more than three years since the loan was closed.

Plaintiff's RESPA claim likewise fails as Plaintiff fails to allege any purported pecuniary loss associated with JPMorgan's alleged failure to respond to a Qualified Written Request.  Plaintiff cannot state a claim for violation of the Fair Debt Collection Practices Act since it is based solely on conclusory allegations.  Likewise, Plaintiff's claims for unfair business practices fails because the claim is entirely predicated on JPMorgan's alleged violation of TILA, RESPA, and the Fair Debt Collection Practices Act which all fail as asserted against JPMorgan.  Moreover, Plaintiff has no

1

1091325.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    standing to allege this claim.

2        Plaintiff's last claim for "Slander of Credit" is apparently a re-casting of his claim for

3    violation of the Fair Credit Reporting Act. This claim is also fatally defective. Plaintiff fails to

4    properly plead this claim, as liability thereunder is triggered when a creditor fails to respond to a

5    notice of dispute received from a credit reporting agency. Plaintiff makes no such allegation.

6        For these reasons, all claims against Defendants must be dismissed without leave to amend.

7    **II.    SUMMARY OF RELEVANT FACTS**

8        The following are the relevant allegations in the Complaint and judicially noticeable facts set

9    forth in the documents included in the Request for Judicial Notice:

10   - The real property that is the subject of this dispute is located at 4048 Monte Verde Drive,
     El Dorado Hills, California 95762 (previously defined as "Subject Property"). *See*

11   Complaint, ¶ 8; Request for Judicial Notice ("RJN"), Exhibits 2-3

12   - A Grant Deed wherein Plaintiff and his wife, Detra Fullmer, acquired title to the Subject

13   Property was recorded on March 3, 2006 with the El Dorado County Recorder as
     instrument number 2006-0014493-00. *See* RJN, Exhibit 1.

14

15   - Plaintiff and his wife, Detra Fullmer, obtained a mortgage loan in the sum of $500,000.00
     ("Loan"). The Loan was secured by a deed of trust ("DOT") encumbering the Subject

16   Property that was recorded on or about March 3, 2006 with the El Dorado County
     Recorder as instrument number 2006-0014494-00. The DOT identifies 1st National

17   Lending Services. ("1st National") as the lender, Mortgage Electronic Registration
     Systems, Inc. ("MERS") as the nominee beneficiary, and Greenhead Investments, Inc.

18   ("Greenhead") as the trustee, and Plaintiff and his wife, Detra Fullmer, as the borrowers.
     *See* RJN, Exhibit 2.

19

20   - Plaintiff and his wife, Detra Fullmer, obtained a second mortgage loan in the sum of
     $45,000.00 ("Second Loan"). The Second Loan was secured by a subordinate deed of

21   trust ("Second DOT") encumbering the Subject Property that was recorded on or about
     March 3, 2006 with the El Dorado County Recorder as instrument number 2006-

22   0014495-00. *See,* RJN, Exhibit 3. The Second DOT identifies 1st National as the lender,
     Greenhead as the trustee, and Plaintiff and his wife, Detra M. Fullmer, as the borrowers.

23   *Id.*

24

25   **III.    THE STANDARD FOR A MOTION TO DISMISS**

         A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state
26
     a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to
27
     dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds of
28

2

**NOTICE OF MOTION AND MOTION TO DISMISS**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a

2   cause of action's elements will not do.   *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959

3   (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on

4   the assumption that all of the complaint's allegations are true."  *Id.*

5   **IV.    PLAINTIFF'S CLAIM FOR "VIOLATION OF TRUTH IN LENDING LAWS"**

6   **FAILS AS ASSERTED AGAINST JPMORGAN**

7           Plaintiff, in a redundant fashion, effectively alleges that JPMorgan purportedly violated the

8   Truth in Lending Act ("TILA") for: (1) not acknowledging Plaintiff's notice of rescission; and (2)

9   purportedly failing to provide the name, address, and telephone number of the "true note holder".

10  *See,* FAC, ¶¶ 42 and 48.  In that regard, Plaintiff seeks to rescind the subject loan and seeks civil

11  damages.  However, Plaintiff's claims fail as asserted against JPMorgan.

12  **A.    As A Matter of Law, Plaintiff Cannot State a Claim against JPMorgan Because**

13  **It is Not Liable Under TILA**

14          JPMorgan cannot be liable for any purported disclosure violations under TILA as a matter of

15  law.  The only parties who can be liable for TILA violations are the original creditor and assignees

16  of that creditor.  15 U.S.C. §§ 1640, 1641.  Servicers of consumer obligations are not to be treated as

17  assignees for purposes of imposing liability unless they are also the owner of the obligation. *Chow v.*

18  *Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003).

19          In *Chow*, the Plaintiff brought an action for TILA violations against various parties,

20  including the loan servicer.  The loan servicer, GMAC, brought a summary judgment motion and

21  argued that because it was only the servicer of the mortgage loan, not the owner, it could not be

22  liable as an assignee.  The Court, agreed and held that GMAC could not be held liable as an assignee

23  for the alleged TILA violations.  *See also*, *Bills v. BNC Mortg.*, Inc., 502 F.Supp.2d 773

24  (N.D.Ill.,2007) (action was brought for violation of TILA against loan service, court dismissed

25  claim).

26          Section 1640(a) "permits only a 'creditor' to be held liable for a monetary penalty or an

27  award of attorney's fees for a TILA violation."  *Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 359

28  (E.D.Pa., 1994).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

3

**NOTICE OF MOTION AND MOTION TO DISMISS**

Under TILA a "creditor" is defined as a person who:

> (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and
> (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement.  15 U.S.C. § 1602.

Here, 1st National was the original lender of the First and Second Loan. *See,* Complaint, Exhibits A and B; *see also,* RJN, Exhibits 2 and 3.  In addition, Plaintiff alleges that JPMorgan is the servicing agent. *See,* FAC, ¶ 45.  This allegation is supported by the recorded documents. *See,* RJN, Exhibits 1-3.  There is no assignment recorded pursuant to either the First or Second DOT. *Id.* Accordingly, since JPMorgan was not the originating lender or assignee in connection with either the First or Second Loan, it is not a proper party to a TILA action.   Consequently, Plaintiff's claim fails and is subject to dismissal.

**B.**      **Plaintiff Fails To Plead Facts To Show Public Law 111-22 Applies To The Subject Loans And/Or To JPMorgan**

Plaintiff alleges that JPMorgan "has willfully failed to comply with Public Law 111-22" which "requires that creditors identify the creditors they assign loans to and impose liability on servicers who do not disclose the identity of the owners of the obligations they service loans for." *See,* FAC, ¶ 48.  In that regard, Plaintiff apparently contends that JPMorgan violated the TILA for allegedly failing to comply with Public Law 111-22.  Plaintiff's contention is flawed.

First, Plaintiff fails to set forth any facts to show that Public Law 111-22 even applies to this Action or to JPMorgan.  Public Law 111-22 is entitled "Helping Families Save Their Homes Act of 2009", amends several federal regulations, and effective May 20, 2009. *See,* Pub. Law 111-22, Div. A, § 1(a), May 20, 2009, 123 Stat. 1632.  Notably, Plaintiff fails to identify the provision JPMorgan purportedly violated.  In addition, Plaintiff fails to plead that any provision of this act is applicable to this Action.  Absent more, Plaintiff's blind assertion that JPMorgan violated such act is conclusory and insufficient upon which to state a claim.

**NOTICE OF MOTION AND MOTION TO DISMISS**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1091325.1

1    Nevertheless, to the extent that Plaintiff alleges that JPMorgan violated 15 USC 1641(g), this

2    provision was not in effect until May 20, 2009.  *See,* Pub. Law 111-22, Div. A, § 1(a), May 20,

3    2009, 123 Stat. 1632.  15 U.S.C. 1641(g) provides that "In addition to other disclosures required by

4    this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise

5    transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt

6    shall notify the borrower in writing of such transfer[.]"  15 U.S.C. Section 1641(g). In this case,

7    Plaintiff generally alleges that JPMorgan violated this provision.  However, Plaintiff fails to provide

8    any facts other than mere conclusory allegations.  As indicated above, Plaintiff fails to allege that

9    this provision even applies to this Action or JPMorgan.  Consequently, Plaintiff's claim fails and is

10   subject to dismissal.

11          **C.     JPMorgan Cannot Be Liable For Damages For TILA Violations Because The**

12                   **Claim Is Barred By Statute of Limitations**

13          Plaintiff seeks compensatory, statutory and punitive damages in connection with the TILA

14   claim.  *See* FAC, ¶ 72.  Defendant notes that the grounds upon which Plaintiff asserts his TILA

15   claim is unclear, e.g., whether Plaintiff seeks damages in connection with disclosure violations or in

16   connection with the newly enacted 15 U.S.C. § 1641(g).  Nevertheless, even *assuming arguendo,*

17   that Plaintiff properly pled a claim for TILA violations based on deficient disclosures, which

18   JPMorgan does not concede, JPMorgan cannot be liable for damages because the statute of

19   limitations has expired.  Civil penalties under TILA are subject to a one-year statute of limitations.

20   15 U.S.C. § 1640(e).  Section 1640(e) states, in part:

21              "Any action under this section may be brought in any United States district
                court, or in any other court of competent jurisdiction, within one year from
22              the date of the occurrence of the violation." (Emphasis added).

23          In *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006), the Court

24   granted the defendant's motion for summary judgment of plaintiffs' count of statutory damages,

25   attorney costs and fees, and forfeiture of the tender because the plaintiffs filed their claim after the

26   expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute

27   of limitations period applying to claims for civil damages arising from TILA violations begins to run

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS**

1091325.1

1  from the date of the complained of violation.  If the violation is one of disclosure in a closed-end

2  credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff

3  enters the loan agreement.

4        In this case, Plaintiff's First and Second Loans closed on February 22, 2006.  *See,* FAC,

5  Exhibits A and B; *see also,* RJN, Exhibits 2 and 3.  One year from February 22, 2006 was February

6  22, 2007.  Plaintiff filed suit in April 2009, more than three years after the subject loans closed and

7  Plaintiff purportedly obtained the deficient disclosures.  Consequently, any claim for damages for

8  improper TILA disclosures are time-barred because the statute of limitations period began to run on

9  the date the two subject loans closed in February of 2006.  Accordingly, the claim is subject to

10  dismissal without leave to amend.

11     **D.     Because The Loans Were Purchase Money Mortgage Loans, Plaintiff Does Not**

12             **Have The Right To Rescind**

13        Moreover, to the extent that Plaintiff's claim is predicated on the purported failure to

14  acknowledge Plaintiff's rescission claim, such claim also fails.  No claim for rescission based on

15  violation of TILA can be asserted against JPMorgan because the First and Second Loans were

16  purchase money loans.  *See* RJN, Exhibits 1-3.  TILA gives an obligor the right to rescind any credit

17  transaction in which a security interest is created in the obligor's home, if a lender fails to make the

18  required material disclosures.  15 U.S.C. § 1635.  The loan cannot be rescinded, however, if the loan

19  was a <u>purchase money</u> loan.  15 U.S.C. § 1635(e)(1).

20        Section 1635(e)(1) states that section 1635 "does not apply to a residential mortgage

21  transaction as defined in section 1602(w) of this title."  *See also*, 12 C.F.R. § 226(f) (exempting

22  residential mortgage transactions from rescission rights); *Turczynski v. Friedman*, 2007 WL

23  4556923, * 4 (E.D. Cal. 2007) (residential mortgages are not rescindable under TILA).  The term

24  "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase

25  money security interest arising under an installment sales contract, or equivalent consensual security

26  interest is created or retained against the consumer's dwelling <u>to finance the acquisition or initial</u>

27  <u>construction of such dwelling</u>.  15 U.S.C. § 1602(w).

28        Here, the recorded documents indicate that the First and Second Loans were purchase money

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   loans.  Plaintiff obtained title to the Subject Property by way of the Grant Deed, which was <u>recorded</u>

2   <u>on March 3, 2006</u>, the same date in which the two deeds of trust in connection with the two loans

3   encumbering the Subject Property were recorded.  *See* RJN, Exhibits 1-3.  Thus, the Loans are

4   purchase money loans in a residential mortgage transaction, and thereby exempted from the right to

5   rescission under section §1635.  Accordingly, no claim for rescission of the two subject loans under

6   TILA can be asserted against JPMorgan, and the motion to dismiss this claim must be granted

7   without leave to amend.

8         **E.**    **Even Assuming Plaintiff Could Rescind Under The TILA, The Limitations**

9               **Period Has Expired**

10   Plaintiff also seeks to rescind the subject loan transactions based upon the allegation that

11   "JPMorgan's loan to plaintiff violates TILA because 1ST NATIONAL…failed to provide the Plaintiff

12   the required two copies of the Notice of Right to Cancel[.]"  *See,* FAC, .  Preliminarily, JPMorgan

13   was neither the originating lender of the subject loan transactions nor the assignee of such

14   transactions.  *See,* RJN, Exhibits 1-3.  As such, JPMorgan cannot be liable to Plaintiff for such

15   failure of 1st National to provide the required notices.  Moreover, even assuming *arguendo*

16   JPMorgan could be held liable—a fact JPMorgan does not concede—any claim for rescission must

17   be brought within three years of consummation of the transaction or prior to the "sale of the sale of

18   the property, whichever occurs first."  15 U.S.C. § 1635(f); *see also, Murray v. Fifth Third Bank,* Slip

19   Copy, 2007 WL 956916 (E.D.Mich., 2007).

20   As stated above, Plaintiff's First and Second Loans closed on February 22, 2006.  *See,* FAC,

21   Exhibits A and B; *see also* RJN, Exhibits 2 and 3.  Plaintiff filed suit in April of 2009, more than

22   three years after the subject loans closed.  *See* FAC.  Consequently, Plaintiff's TILA claim for

23   rescission is barred by the statute of limitations.

24         **F.**    <u>**Rescission Is Not Automatic**</u>

25   Contrary to Plaintiff's contention in the FAC, a claim for rescission pursuant to the TILA is

26   not automatic.  Nothing in TILA establishes that a borrower's "mere assertion of the right to

27   rescission has the automatic effect of voiding the contract."  *Yamamoto v. Bank of New York,* 329

28   F.3d 1167, 1172 (9th Cir. 2003) (*citing Large v. Conseco Financing Servicing Corp.,* 292 F.3d 49,

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

7

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   54-55 (1st Cir. 2002)).   Section 1635(b) states that, "[w]hen an obligor exercises his right to

2   rescind," the creditor's security interest "becomes void." *Id.*; *Large*, *supra*, 292 F.3d at 54. "The

3   natural reading of this language is that the security interest becomes void when the obligor exercises

4   a right to rescind that is available in the particular case, either because the creditor acknowledges

5   that the right of rescission is available, or because the appropriate decision maker has so

6   determined." *Large*, *supra,* 292 F.3d at 54.   If a lender disputes a borrower's purported right to

7   rescind, the designated decision maker must decide whether the conditions for rescission have been

8   met. *Id.* "Otherwise, a borrower could get from under a secured loan simply claiming TILA

9   violations, whether or not then lender had actually committed any." *Yamamoto, supra,* 329 F.3d at

10   1172.

11   Thus, a TILA rescission claim is subject to dismissal absent a meaningful allegation of

12   tender. *Reyes v. Premier Home Funding, Inc.* 2009 WL1704574 *8 (N.D. Cal.) [Motion to dismiss

13   granted as to Plaintiff's rescission claim pursuant to TILA where Plaintiff failed to allege tender or

14   allege equitable circumstances exist conditioning rescission on any tender  would be inappropriate];

15   *Mangindin v. Washington Mutual Bank* 2009 WL1766601 *3 (N.D. Cal.) [Same]; *Martinez v. EMC*

16   *Mortgage Corporation* 2009 WL2043013 *6 (E.D. Cal.) [Motion to dismiss granted as to Plaintiff's

17   rescission claim, court noted "absent meaningful tender, TILA rescission is an empty remedy, not

18   capable of being granted"];   *Carlos v. Ocwen Loan Servicing, LLC* 2009 WL 1295873 *4 (E.D.Cal.)

19   [In dismissing Plaintiff's TILA rescission claim, noted "that without plaintiffs' tender, 'rescission

20   under TILA is an empty remedy, not capable of being granted.' The absence of a sufficiently alleged

21   notice of rescission <u>and tender</u> of loan proceeds dooms plaintiffs' TILA rescission claim to warrant

22   its dismissal."] *Sitanggang v. Indymac Bank, F.S.B.* 2009 WL 1286484 (E.D.Cal.) [same].

23   Here, even assuming Plaintiff were entitled to rescission, a fact JPMorgan does not concede,

24   rescission is not automatic.  Conspicuously absent from the FAC is a tender allegation.  Indeed,

25   Plaintiff fails to allege that he can meet his rescission obligations.  Absent such allegation, Plaintiff's

26   TILA rescission claim is subject to dismissal.

27

28

1091325.1

V.    **PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF REAL ESTATE**
      **SETTLEMENT PROCEDURES ACT"**

In support of the claim for violations of Real Estate Settlement Procedures Act (RESPA), 12

U.S.C. Sections 2601 *et seq.*, Plaintiff alleges that JPMorgan "failed to respond to Plaintiff's

Qualified Written Request...within 60 business days of receipt."  *See* FAC, ¶ 130.   However, this

claim fails.

RESPA section 2605(e)(1)(B), states in relevant part:

> "For purposes of this subsection, a **qualified written request** shall be a written
> correspondence, other than notice on a payment coupon or other payment medium
> supplied by the servicer, that (i) includes, or otherwise enables the servicer to
> identify, the name and account of the borrower; and (ii) <u>includes a statement of the
> reasons for the belief of the borrower, to the extent applicable, that the account is in
> error or provides sufficient detail to the servicer regarding other information sought
> by the borrower.</u>"

The purported Qualified Written Request letter ("QWR") attached as Exhibit D, while it is

addressed to Washington Mutual, fails to provide the requisite information to enable the servicer to

identify the borrower.  The purported QWR fails to provide the borrowers account number, and

ambiguously provides an IndyMac loan number and a 1st National loan number.  Furthermore, even

if, assuming *arguendo,* that the QWR contained sufficient information, alleging a breach of RESPA

duties alone does not state a claim under RESPA.

> "Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages.
> *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be
> liable to the borrower ... [for] any actual damages to the borrower as a result of the
> failure."); *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S.
> Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605
> must allege a pecuniary loss attributable to the alleged violation)." *Hutchinson v.
> Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006).

Here, the FAC contains no allegation that JPMorgan's alleged failure to respond to the

purported QWR caused any pecuniary loss to Plaintiff.  That is, a plaintiff must plead how his

damages resulted from alleged violation of RESPA.  Instead, Plaintiff nebulously alleges that he has

been "forced" to address Defendant's Motions to Dismiss and engage in litigation. *See*, FAC, ¶ 132.

However, Plaintiff's claim of "damages" is tenuously related to the purported RESPA violation.

Adorno Yoss Alvarado & Smith
Attorneys at Law
Santa Ana

9

1    Indeed, Plaintiff would necessarily incur expenses to litigate this action which clearly encompasses

2    unrelated claims for relief.  Plaintiff simply fails to plead actual damages directly related to the

3    purported failure to respond to the deficient QWR.  Without the causal connection, no claim for

4    violation of RESPA can be asserted.  *Hutchinson*, 410 F.Supp.2d at 383.  For the foregoing reasons,

5    the claim for violation of RESPA must be dismissed.

6    **VI.    PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT COLLECTION**

7    **PRACTICES ACT" FAILS**

8          In general, FDCPA was enacted to eliminate abusive debt collection practices by debt

9    collectors and to insure that those debt collectors who refrain from using abusive debt collection

10   practices are not competitively disadvantaged.  California's Rosenthal Debt Collection Practices Act

11   ("CFDCPA") precludes a "debt collector" from collecting, or attempting to collect, from a "debtor"

12   on a consumer debt in a threatening or harassing manner.  *See, Civil Code* §§ 1788, et seq.  The

13   CFDCPA outlines specific examples of prohibited practices, and includes, threats (*Civil Code* §§

14   1788.10); obscenity (*Civil Code* §§ 1788.11); misleading or false communications (*Civil Code* §§

15   1788.13); communications to third parties such as employers (*Civil Code* §§ 1788.12); and

16   overreaching (*Civil Code* §§ 1788.14-16).  Similarly, the FDCPA under 15 USC § 1692  was

17   enacted to eliminate abusive debt collection practices by debt collectors and to insure that those debt

18   collectors who refrain from using abusive debt collection practices are not competitively

19   disadvantaged.

20         In this case, Plaintiff summarily alleges that JPMorgan allegedly "repeatedly contacted

21   Plaintiff attempting to collect the debt".  *See,* FAC, ¶ 140.  This is a mere conclusory statement.

22   Plaintiff sets forth no facts as to when such communications took place, and fail to identify what

23   types of communications were made and the nature of those communications.  Indeed, even if proper

24   notification is sent to cease communication, not all subsequent communication is prohibited. *See,* 15

25   USC §1692c(c) [Providing that debt collector may advise consumer that further collection efforts

26   being terminated, or notify the consumer that creditor may invoke specified remedies ordinarily

27   invoked by creditor; or to notify the consumer that the creditor intends to invoke a specified

28   remedy.]; *see also, Santaro v. CTC Foreclosure Service,* 12 Fed.Appx. 476 (9th Cir. 2007 [loan

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

10

**NOTICE OF MOTION AND MOTION TO DISMISS**

1091325.1

1   servicing company's conduct did not constitute "debt collecting" within meaning of state and federal

2   Fair Debt Collection Practices Act, despite direct contact with mortgagors after being notified that

3   they were represented by counsel, where first contact was letter from company offering loan

4   workout, and second direct contact was a statutorily required notice of pending foreclosure sale of

5   the property, which was sent by foreclosure service company, and did not seek to collect the debt.].

6         Although the Court must construe the facts in the light most favorable to the non-moving

7   party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

8   motion to dismiss." *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178,

9   1181 (9th Cir. 1998). "[T]he court is not required to accept legal conclusions cast in the form of

10  factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*

11  *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).   Because the allegation is

12  conclusory at best, Plaintiff cannot state a claim for unfair debt collection practices under either the

13  FDCPA or CFDCPA.

14        Moreover, Plaintiff cannot state a claim under the FDCPA based upon the lender enforcing

15  its security interest under the deed of trust because the act of foreclosing upon a property cannot be

16  the basis of an FDCPA claim. *See Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188

17  (D.Or.2002) (the activity of foreclosing on the property pursuant to a deed of trust did not constitute

18  the collection of a debt within the meaning of the FDCPA); *Heinemann v. Jim Walter Homes, Inc.*,

19  47 F.Supp.2d 716, 722 (D.W.Va.1998), aff'd, 173 F.3d 850 (4th Cir.1999) (finding that the act of

20  foreclosing on the property pursuant to the deed of trust did not fall within the terms of the FDCPA).

21        Based on the foregoing, Plaintiff's claim fails and must be dismissed.

22  **VII.   PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR BUSINESS**

23  **PRACTICES"**

24      **A.   Plaintiff Lacks Standing To Assert This Claim**

25        Plaintiff lacks standing to assert a claim under Section 17200.  Prior to its amendment in

26  2004, Section 17200 and related provisions permitted any person acting for the general public to sue

27  for relief from unfair competition and does not predicate standing on a showing of injury or damage.

28  *Californians For Disability Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006).  As amended by

11

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  Proposition 64, section 17204 now limits standing in a Section 17200 action to certain specified

2  public officials and to "any person who has suffered injury in fact and has lost money or property as

3  a result of ... unfair competition." *Id.*

4        In this case, conspicuously absent from the FAC is any allegation that Plaintiff has suffered

5  any loss as a result of the purported unfair business practice. *See,* FAC, ¶¶ 144-153.  Plaintiff does

6  not allege what money or property Plaintiff allegedly loss as a result of any purported violation of

7  Section 17200. *Id.*.  Indeed, Plaintiff fails to allege any damage that he incurred for Defendants'

8  alleged violation of Section 17200. *Id.*  Thus, Plaintiff lacks standing to assert this claim.

9        **B.      Plaintiff's Claim Is Subject To Dismissal Because Plaintiff Does Not Allege With**

10            **Particularity Any Conduct By Defendants In Violation Of Section 17200**

11        In order to allege a claim for an unlawful business practice under Section 17200, the plaintiff

12  must allege <u>facts</u> to demonstrate that the practice violates the law. *See, People v. McKale,* 25 Cal.3d

13  626, 635 (1979).  Establishing an "unlawful business practices" claim under section 17200

14  necessarily requires the violation of an independent underlying law or statute often referred to as the

15  "borrowed claim." *Id.* at 626.  Thus, as a general rule, Section 17200 is typically found to

16  encompass an action that constitutes a business practice and that "at the same time is forbidden by

17  law." *Id.* at 625.  A plaintiff alleging unfair business practices therefore under these statutes must

18  state with <u>reasonable particularity</u> the facts supporting the statutory elements of the violation.

19  *Khoury*, 14 Cal. App 4th at 616 [Emphasis Added].

20        Here, Plaintiff's claim is entirely predicated on the prior causes of action alleged in the FAC.

21  *See,* FAC, ¶ 149.  In particular, Plaintiff alleges that "JPMorgan...violated TILA, RESPA, and the

22  Fair Debt Collection statutes." *Id.*  However, as discussed in full above, Plaintiff's fail to state any

23  claim upon which relief can be granted against JPMorgan for violation of TILA, RESPA, and/or the

24  Fair Debt Collection Practices Act.

25        Moreover, a plaintiff cannot pursue claim under Section 17200 based on TILA violations.

26  Indeed, Congress limited and tailored the relief that private plaintiffs can obtain for TILA violations

27  and preempts state laws that are inconsistent with the provisions of TILA to the extent of the

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS**

1091325.1

1  inconsistency.  *See*, 15 U.S.C. § 1610(a)(1); *see also, Reyes v. Downey Savings and Loan Ass'n,*

2  *F.A.* 541 F.Supp.2d 1108, 1115 (C.D.Cal.,2008).

3      In *Reyes,* in the context of the UCL, the Court reaffirmed the principal that states may not

4  avoid preemption by adopting federal laws and adding supplemental remedies. *Reyes,* 541 F.Supp.2d

5  at 1115. "It becomes clear that states are adding supplemental remedies 'if there are procedural

6  differences between the state law and the federal law.'" *Id.* at 1115.  In examining TILA and the

7  UCL, the court found that:

8          While TILA only provides for a one-year statute of limitations period, the UCL
9          provides for a four-year statute of limitations period. [ ] This procedural difference
           amounts to state regulation of savings associations since it alters the rules controlling
10          how the associations operate.

11      *Id.* at 1115.

12      Consequently, the court found that the plaintiffs' use of the UCL as predicated on TILA was

13  preempted, and dismissed the UCL claim.  *Id.*  In this case, Plaintiff's UCL claim is also barred to

14  the extent that it is based on TILA violations.

15      Moreover, since Plaintiff's underlying or Because Plaintiff's underlying or "borrowed"

16  claims under the TILA fail as asserted against Chase as discussed *infra,* Plaintiff, in turn, cannot

17  state a claim for unlawful business practices under Section 17200.

18      **C.**    **Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of Conduct"**

19      Moreover, Plaintiff's unfounded allegation that Defendants acted in "total bad faith" by

20  effectively presenting objections to the deficiently pled initial complaint in this matter does little to

21  support his contention.  *See,* FAC, ¶ 150.

22      A claim of unfair business practice under Section 17200 must be premised upon a "pattern of

23  behavior" or a "course of conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519

24  (1977).  Thus, as a general rule, Section 17200 is typically found to encompass an action which

25  constitutes a business practice and that "at the same time is forbidden by law." *Id.*, citing *Barquis v.*

26  *Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972).  In order to allege a claim for an unlawful

27  business practice under 17200, the plaintiff must allege facts to demonstrate that the practice violates

28  the law.  *See, People* at 635; *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal.

13

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1091325.1

1   1994).   The aforementioned allegations do not constitute a "pattern of behavior," "course of

2   conduct" or "business practice" within the meaning of Section 17200.  Because Plaintiff relies on an

3   isolated event with respect to Defendants' purported misconduct in relation to the Loan in support of

4   this claim Plaintiff fails to allege actions that rise to the level of a "pattern of behavior," "course of

5   conduct" or "business practice" within the meaning of the statute.  *Hewlett*, 54 Cal.App.4th at 519.

6   Further, as discussed herein Plaintiff fails to plead that JPMorgan engaged in wrongful conduct

7   giving rise to the alleged claims.

8          For the foregoing reasons, claim for unfair business practices under Bus. & Prof. Code §

9   17200 is subject to dismissal.

10  **VIII.   PLAINTIFF'S CLAIM FOR "BREACH OF IMPLIED COVENANT OF GOOD**

11  **          FAITH AND FAIR DEALING" FAILS**

12         Plaintiff's claim for "Breach of Implied Covenant of Good Faith and Fair Dealing" is

13  deficiently pled.  To establish this claim, a plaintiff must plead: (1) that the parties entered into a

14  contract; (2) that plaintiff did all, or substantially all of the significant things that the contract

15  required him/her to do or that he/she was excused from having to do those things; (3) that all

16  conditions required for defendant's performance had occurred; (4) that defendant unfairly interfered

17  with plaintiff's right to receive the benefits of the contract; and (5) that plaintiff was harmed by

18  defendant's conduct.  *See,* CACI Jury Instruction No. 325 (2008 ed.). The implied covenant of good

19  faith and fair dealing is limited to assuring compliance with the express terms of the contract,

20  liability cannot be extended to create obligations not contemplated by the contract. *See, Racine &*

21  *Laramie, Ltd. v. Department of Parks & Recreation*, 11 Cal.App.4th 1026, at 1034 (1992).

22         Moreover, if the allegations do not go beyond the statement of a mere contract breach and,

23  relying on the same alleged acts, simply seek the same damages or other relief already claimed in a

24  companion contract cause of action, the cause of action for breach of implied covenant of good faith

25  and fair dealing may be disregarded as superfluous as no additional claim is actually stated. *Careau*

26  *& Co. v. Security Pacific Business Credit*, 222 Cal.App.3d 1371, 1395 (1990).

27         Preliminarily, Plaintiff fails to plead the existence of a contract between Plaintiff and

28  JPMorgan. *See,* FAC, 155. Absent the existence of a contract between Plaintiff and JPMorgan,

14

**NOTICE OF MOTION AND MOTION TO DISMISS**

1091325.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   there can be no implied covenant of good faith and fair dealing.  Thus, this claim necessarily fails.

2   Even assuming *arguendo* that an agreement existed between JPMorgan and Plaintiff, a fact

3   JPMorgan does not concede, Plaintiff's claim still fails.  In support of this claim, Plaintiff alleges that

4   "[d]espite calling to the attention of the Defendants the rescission problems…Defendants did not

5   engage in the slightest effort…to resolve this issue[.]"  *See,* FAC, ¶ 157.  As discussed above,

6   rescission is not automatic.  Second, as a practical matter such allegation cannot support a claim for

7   breach of the implied covenant of good faith and fair dealing since Plaintiff fails to allege the benefit

8   JPMorgan allegedly interfered with under the alleged contract.  Plaintiff does not identify any

9   benefit of any of the subject loan that Plaintiff did not receive.  *Id.*

10   In addition, Plaintiff fails to plead the other essential elements of this claim.  Indeed, Plaintiff

11   fails to allege that he did all of the things under the contract that he was required to do.  *See,* FAC, ¶¶

12   154-167..  Plaintiff also fails to plead that the conditions required for Defendant's performance had

13   occurred.  *Id.*  Therefore, absent the pleading of all elements of this claim, the claim for "Breach of

14   the Implied Covenant of Good Faith and Fair Dealing" must be dismissed.

15   **IX.   PLAINTIFF'S CLAIM FOR "SLANDER OF CREDIT" FAILS**

16   Plaintiff alleges that "the actions and inactions of the defendants have impaired his credit[.]"

17   *See,* FAC, ¶ 178.  However, Plaintiff fails to adequately allege a legal theory for this claim, such

18   claim fails to provide fair notice to JPMorgan of the grounds on which the claim rests.  *See,* FRCP

19   8(a)(2).  For this reason alone the claim fails.

20   To the extent that Plaintiff's claim can be construed as based on credit reporting, Plaintiff

21   fails to allege with any degree of factual support, how JPMorgan purportedly "impaired his credit".

22   Moreover, Plaintiff cannot state a claim for any violation of FCRA because <u>a furnisher of credit</u>

23   <u>information has no responsibility to investigate a credit dispute until *after* it receives notice from a</u>

24   <u>consumer reporting agency that the consumer disputes the remarks.</u>  15 U.S.C. § 1681s-2(b).  Under

25   the statutory language, notification from a consumer is not enough.  *Id.*; *see also, Stafford v. Cross*

26   *Country Bank*, 262 F.Supp.2d 776, 784 (W.D.Kent. 2003).  In this regard, the court in *Whisenant v.*

27   *First National Bank & Trust Company*, 258 F.Supp.2d 1312, 1316-1317 (N.D. Oklahoma 2003),

28   held:

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

15

1     "The Federal Credit Reporting Act imposes a second set of duties under §
2     1681s-2(b) that requires furnishers of information to:  (1) conduct an
investigation with respect to disputed information;  (2) review all relevant
3     information provided by the consumer reporting agency;  (3) report the
results of the investigation to the consumer reporting agency;  and (4) if the
4     investigation finds that the information is incomplete or inaccurate, report
those results to all other national consumer reporting agencies.  <u>A private
5     right of action does exist for violations of this set of duties, but it is vital to
note that these duties are only triggered after a furnisher of information
6     receives notice of a consumer dispute from a credit reporting agency.  In the
absence of such notification, no duty arises</u>....(Emphases added).

7     Thus, liability under Section§ 1681s-2(b) is only triggered after a furnisher of information

8  receives notice of a consumer dispute from a credit reporting agency. *Whisenant v. First National*

9  *Bank & Trust Company*, 258 F.Supp.2d at 1316; *Peasley v. Verizon Wireless*, 364 F.Supp.2d at

10  1200.

11     Here, there is no allegation in the FAC that any credit reporting agency provided JPMorgan

12  with a notice of a dispute as to any incomplete or inaccurate information contained in Plaintiff's

13  credit report. *See,* FAC, ¶¶ 177-178.  Where no such allegation is contained, no claim can be stated.

14  *See, Alkan v. CitiMortgage, Inc.,* 336 F.Supp.2d 1061, 1063 (N.D.Cal. 2004) (claim for relief under

15  15 U.S.C. § 1681s-2 was properly stated against furnisher of credit information where plaintiff

16  alleged that Experian notified defendant of disputed information and defendant failed to investigate

17  accuracy of information).   For these reasons, the claim is subject to dismissal without leave to

18  amend.

19

20

21

22

23

24

25

26  ///

27  ///

28  ///

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

16

**NOTICE OF MOTION AND MOTION TO DISMISS**

1   **X.   <u>CONCLUSION</u>**

2        For the foregoing reasons, Defendant respectfully requests that the Court grant their motion

3   to dismiss without leave to amend as to all claims asserted against Defendant.

4

5   DATED:  August 31, 2009                     ADORNO YOSS ALVARADO & SMITH
                                                A Professional Corporation
6
                                                By:  /s/ S. Christopher Yoo
7                                                    JOHN M. SORICH
                                                     S. CHRISTOPHER YOO
8                                                    Attorneys for Defendant
                                                     JPMORGAN CHASE BANK, N.A., AS AN
9                                                    ACQUIRER OF CERTAIN ASSETS AND
                                                     LIABILITIES OF WASHINGTON MUTUAL
10                                                   BANK FROM THE FDIC ACTING AS
                                                     RECEIVER, erroneously sued as JPMORGAN
11                                                   CHASE BANK, NA., as successor and/or
                                                     acquirer of assets and liabilities to/from
12                                                   Washington Mutual Bank and LENDER DOE
                                                     ONE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS**

1091325.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE
*Fullmer v. JP Morgan Chase Bank, NA, et al.*
USDC Case No.: 09-cv-01037-GEB-JFM

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On August 31, 2009, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6))** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows: **SEE ATTACHED SERVICE LIST**

☒  **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐  **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐  **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 31, 2009, at Santa Ana, California.

*Julie Sandoval*
Julie Sandoval

---

PROOF OF SERVICE

1085976.1

## SERVICE LIST

*Fullmer v. JP Morgan Chase Bank, NA, et al.*
USDC Case No.: 09-cv-01037-GEB-JFM

Kimberlee A. Rode, Esq.
L/O KIMBERLEE A. RODE
9245 Laguna Springs Drive, Suite 200
Elk Grove, CA 95758

Telephone: (916) 417-4564
Facsimile:  (916) 244-7006

**Attorneys for Plaintiff**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1085976.1