DAVID R. ZARO (BAR NO. 124334)
JOSHUA R. MANDELL (BAR NO. 225269)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
         jmandell@allenmatkins.com

Attorneys for Defendant
ONEWEST BANK, FSB

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNN A. FULLMER,<br><br>        Plaintiffs,<br><br>    vs.<br><br>JPMORGAN CHASE BANK, NA., as successor by merger to WASHINGTON MUTUAL BANK, and ONEWEST BANK, FSB as successor by acquisition of INDYMAC FEDERAL BANK,<br><br>        Defendants. | Case No. 2:09-cv-01037-JFM<br><br>Mag. Judge:  John F. Moulds<br><br>NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>[Filed concurrently with Request for Judicial Notice in Support Thereof]<br><br>Date:   October 15, 2009<br>Time:  11:00 a.m.<br>Ctrm:  26 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 15, 2009 at 11:00 a.m. or as soon

thereafter as the matter may be heard in Courtroom 26 of the above-entitled Court,

defendant OneWest Bank, FSB ("OneWest"), will and hereby does move, the Court

for an order to dismiss the first amended complaint ("Complaint") of plaintiff

Shaunn A. Fullmer ("Plaintiff") pursuant to Federal Rules of Civil Procedure

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-1-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1  ("FRCP") § 12(b)(6) on the grounds that it fails to state a claim upon which relief
2  can be granted.  This Motion is based on the following:

3      1.     Plaintiff's claim for "Violation of Truth in Lending Laws" fails to state
4  facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5      2.     Plaintiff's claim for "Violations of Real Estate Settlement Procedures
6  Act, 12 U.S.C. § 2601 *et seq.*" fails to state facts sufficient to constitute a claim for
7  relief pursuant to FRCP 12(b)(6).

8      3.     Plaintiff's claim for "Rosenthal Fair Debt Collection Practices Act
9  California Civil Code §§ 1788-1788.32." fails to state facts sufficient to constitute a
10 claim for relief pursuant to FRCP 12(b)(6).

11     4.     Plaintiff's claim for "Violation of California's Unfair Competition Law,
12 Bus. & Prof. Code § 17200 *et seq.*" fails to state facts sufficient to constitute a claim
13 for relief pursuant to FRCP 12(b)(6).

14     5.     Plaintiff's claim for "Breach of Implied Covenant of Good Faith and
15 Fair Dealing" fails to state facts sufficient to constitute a claim for relief pursuant to
16 FRCP 12(b)(6).

17     6.     Plaintiff's claim for "Wrongful Foreclosure" fails to state facts sufficient
18 to constitute a claim for relief pursuant to FRCP 12(b)(6).

19     7.     Plaintiff's claim for "Slander of Title" fails to state facts sufficient to
20 constitute a claim for relief pursuant to FRCP 12(b)(6).

21     8.     Plaintiff's claim for "Slander of Credit" fails to state facts sufficient to
22 constitute a claim for relief pursuant to FRCP 12(b)(6).

23     This Motion is based on this Notice, the accompanying Memorandum of
24 Points and Authorities, the Request for Judicial Notice, the records and pleadings on
25 file herein, and on such other evidence as may be presented.

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-2-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1 | Dated:  August 31, 2009

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA R. MANDELL

By:      /s/ Joshua R. Mandell
JOSHUA R. MANDELL
Attorneys for Defendant
ONEWEST BANK, FSB

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-3-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

# <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ........................................................................... 1

II.    BACKGROUND AND SUMMARY OF RELEVANT FACTS ................... 1

III.   THE STANDARD FOR A MOTION TO DISMISS ..................................... 2

IV.    PLAINTIFF'S MOTIVES IN FILING THE ACTION ARE
       SUSPECT ...................................................................................... 3

V.     PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION
       OF TRUTH IN LENDING LAWS" .......................................................... 4

       A.    Plaintiff Is Not Entitled To Rescind The Loan ..................... 5

       B.    Plaintiff's Rescission Claim Is Untimely............................. 7

       C.    Plaintiff Fails To State A Claim For Damages Under TILA
             Against OneWest ...................................................................... 8

VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR
       "VIOLATIONS OF REAL ESTATE SETTLEMENT
       PROCEDURES ACT".............................................................................. 9

VII.   PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT
       COLLECTION PRACTICES ACT" FAILS ............................................. 10

VIII.  PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR
       BUSINESS PRACTICES" ....................................................................... 11

       A.    Plaintiff's Claim For Unfair Business Practices Is
             Preempted .................................................................................. 11

       B.    Plaintiff's Claim Is Subject To Dismissal Because Plaintiff
             Does Not Allege With Particularity Any Conduct By
             Defendants In Violation Of Section 17200 ........................ 13

       C.    Plaintiff Lacks Standing To Assert This Claim ................... 14

       D.    Plaintiff Fails To Allege A "Pattern Of Behavior" Or
             "Course Of Conduct".............................................................. 14

IX.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
       BREACH OF THE IMPLIED COVENANT OF GOOD FAITH
       AND FAIR DEALING ............................................................................. 15

X.     PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
       WRONGFUL FORECLOSURE ............................................................... 16

XI.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
       SLANDER OF TITLE.............................................................................. 17

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

(i)

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1

<u>Page</u>

XII.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR
       SLANDER OF CREDIT .................................................................. 18

XIII.  CONCLUSION............................................................................. 19

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

(ii)

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abdallah v. United Savings Bank,*
43 Cal.App.4th 1101 (1996) ............................................................... 16, 18

*American Mortgage Network, Inc. v. Shelton,*
486 F.3d 815 (4th Cir. 2007) ...................................................................... 6

*Arnolds Mgmt. Corp. v. Eischen,*
158 Cal.App.3d 575 (1984) ........................................................................ 18

*Aschcroft v. Iqbal,*
556 U.S. ---, 129 S.Ct. 1937, slip op. at 14 (2009).................................... 3

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.,*
159 F.3d 1178 (9th Cir. 1998) .................................................................. 11

*Barquis v. Merchants Collection Assn.,*
7 Cal.3d 94 (1972) .................................................................................... 14

*Beach v. Ocwen Fed. Bank,*
523 U.S. 410 (1998).................................................................................... 7

*Californians For Disability Rights v. Mervyn's, LLC*
39 Cal.4th 223 (2006) ............................................................................... 14

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ...................................................................... 11

*Foley v. Interactive Data Corp.,*
47 Cal.3d 654 (1988) ................................................................................ 15

*FPCI RE-HAB 01 v. E&G Invs., Ltd.,*
207 Cal.App.3d 1018 (1989) ..................................................................... 16

*Garza v. American Home Mortgage,*
2009 WL 188604 (E.D. Cal. 2009)..................................................... 6, 7, 12

*Hewlett v. Squaw Valley Ski Corp.,*
54 Cal.App.4th 499 (1977) ................................................................. 14, 15

*Howard v. Schaniel,*
113 Cal.App.3d 256 (1980) ................................................................. 17, 18

*Hutchinson v. Delaware Sav. Bank FSB,*
410 F.Supp.2d 374 (D.N.J. 2006)............................................................. 10

*In re Groat,*
369 B.R. 413 (Bankr. 8th Cir. 2007) .......................................................... 8

*Judd v. Resolution Trust Corp.,*
1997 WL 678171, *2 (D.D.C. 1997). ........................................................... 9

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

(iii)

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

| | **Page(s)** |
|---|---|
| *Karlsen v. American Sav. & Loan Assn.,*<br> 15 Cal.App.3d 112 (1971) .......................................... | 16, 18 |
| *Khoury v. Maly's of California, Inc.,*<br> 14 Cal.App.4th 616 (1993) ........................................ | 13 |
| *Kim v. Sumitomo Bank of California,*<br> 17 Cal.App.4th 974 (1993) ........................................ | 16 |
| *Los Angeles Equestrian Center, Inc. v. City of Los Angeles,*<br> 17 Cal.App.4th 432 (1993) ........................................ | 16 |
| *Microsoft Corp. v. A-Tech Corp.,*<br> 855 F. Supp. 308 (C.D. Cal. 1994) ............................. | 15 |
| *Miguel v. Country Funding Corp.,*<br> 309 F.3d 1161 (9th Cir. 2002) ................................... | 7 |
| *Montoya v. Countrywide,*<br> 2009 WL 1813973 (N.D. Cal. 2009) ......................... | 6 |
| *Munoz v. Financial Freedom Senior Funding Corp,*<br> 567 F.Supp.2d 1156 (C.D. Cal. 2008) ...................... | 12 |
| *Nguyen v. Calhoun,*<br> 105 Cal.App.4th 428 (2003) ..................................... | 17 |
| *Nixon v. Individual Head of St. Joseph Mort. Co.,*<br> 615 F.Supp. 898 (N.D. Ind. 1985) ............................ | 4 |
| *People v. McKale,*<br> 25 Cal.3d 626 (1979) .............................................. | 13 |
| *Price v. Wells Fargo Bank,*<br> 213 Cal.App.3d 465 (1989) ...................................... | 16 |
| *Racine & Laramie, LTD., Inc. v. Dep't of Parks & Recreation,*<br> 11 Cal.App.4th 1026 (1992) ..................................... | 16 |
| *Reyes v. Downey Sav. & Loan Ass'n,*<br> 541 F.Supp.2d 1108 (C.D. Cal. 2008) ...................... | 12 |
| *Rubin v. Green,*<br> 4 Cal.4th 1187 (1993) ............................................ | 14 |
| *Rutman Wine Co. v. E. & J. Gallo Winery,*<br> 829 F.2d 729 (9th Cir. 1987) ................................... | 13 |
| *Santaro v. CTC Foreclosure Service,*<br> 12 Fed.Appx. 476 (9th Cir. 2007) ............................ | 11 |
| *Semar v. Platte Valley Fed. Sav. & Loan Assn.,*<br> 791 F.2d 699 (9th Cir. 1986) ................................... | 7 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

(iv)

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

**Page(s)**

*Shelley v. Quality Loan Service Corp.,*
    2009 WL 1740904 (C.D. Cal. 2009) .......................................................... 6

*Silvas v. E\*Trade Mortgage Corp.,*
    514 F.Supp.2d 1001 (9th Cir. 2008) ........................................................ 12

*Sitanggang v. IndyMac Bank, F.S.B.,*
    2009 WL 1286484 (E.D. Cal. 2009) ..................................................... 4, 7

*Spencer v. DHI Mortg. Co., Ltd.,*
    --- F.Supp.2d ---, 2009 WL 1930161 (E.D. Cal. 2009) ..................... 15, 16

*United States Cold Storage v. Great W. Sav. & Loan Ass'n,*
    165 Cal.App.3d 1214 (1985) ............................................................. 16, 18

*Wong v. Home Loan Services, Inc.,*
    2009 WL 1705667 (E.D. Cal. 2009) ..................................................... 7, 17

*Yamamoto v. Bank of New York,*
    329 F.3d 1167 (9th Cir. 2003) .................................................................. 6

**Statutes**

12 U.S.C. § 1463 ............................................................................................. 12

12 U.S.C. § 2601 ............................................................................................... 2

12 U.S.C. § 2605(f)(1)(A) ................................................................................. 9

12 U.S.C. § 2605(i)(2)(A) ................................................................................. 9

15 U.S.C. § 1635 ............................................................................................... 4

15 U.S.C. § 1635(a) ........................................................................................... 7

15 U.S.C. § 1635(f) ........................................................................................... 7

15 U.S.C. § 1640 ............................................................................................... 4

Bus. & Prof. Code § 17200 ........................................................ 2, 11, 13, 14, 15

*California Civil Code* § 1788 ...................................................................... 2, 10

*California Civil Code* § 1788.10 ..................................................................... 10

*California Civil Code* § 1788.11 ..................................................................... 10

*California Civil Code* § 1788.13 ..................................................................... 10

*California Civil Code* § 47(b) ......................................................................... 14

*California Civil Code* §§ 1788.14-16 ............................................................. 10

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

(v)

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

**Page(s)**

## Other Authorities

12 C.F.R. § 560.2 ..................................................................................... 12

## Rules

F.R.C.P. § 12(b)(6)............................................................................ 2, 3, 13

F.R.C.P. § 8(a)......................................................................................... 2

F.R.C.P. § 8(e)......................................................................................... 3

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

(vi)

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Like many before him, Plaintiff defaulted on his mortgage and seeks to utilize the resources of this Court to help him avoid the contractual and statutory consequences of his default.  It is only after his default and the commencement of foreclosure proceedings that Plaintiff is heard to complain about his loan.  With sheer audacity, Plaintiff asks this Court, without any legal basis, to issue an order rendering the deed of trust "void" and to vest ownership of the property in him free and clear of his $500,000 debt to the lender.  In other words, Plaintiff wants this Court to declare that plaintiff is entitled to a free home.

In his quest to avoid foreclosure and receive a free home, Plaintiff relies on unsupported factual and legal claims which this court and other courts have rejected. Accordingly, OneWest respectfully requests that the Complaint be dismissed, in its entirety.  Moreover, because further amendment of the Complaint will be futile. OneWest requests the dismissal with prejudice.

## II.   BACKGROUND AND SUMMARY OF RELEVANT FACTS

Plaintiff filed this action in connection with the real property located at 4048 Monte Verde Drive, El Dorado Hills, California (the "Property").  Compl., ¶ 14. Plaintiff and his wife, Detra Fullmer (who is not a party to this action), obtained a first mortgage loan in the sum of $500,000.00 ("Loan"). *Id.*, ¶ 21, Ex. A.  The Loan was secured by a deed of trust ("DOT") encumbering the Property that was recorded on or about March 3, 2006 with the El Dorado County Recorder as instrument number 2006-0014494-00. The DOT identifies 1st National Lending Services. ("1st National") as the lender and Plaintiff and his wife as the borrowers. *Id.*; Request for Judicial Notice ("RJN"), Ex. 2.

Plaintiff and his wife obtained a second mortgage loan in the sum of $45,000.00 ("Second Loan").  Compl., ¶ 21.  The Second Loan was secured by a subordinate deed of trust ("Second DOT") encumbering the Property that was

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-1-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    recorded on or about March 3, 2006 with the El Dorado County Recorder as

2    instrument number 2006-0014495-00.  Compl., Ex. 2; RJN, Ex. 3.  The Second

3    DOT identifies 1st National as the lender and Plaintiff and his wife as the borrowers.

4    *Id.*

5         On or about January 1, 2009, Plaintiff defaulted on the Loan.  RJN, Ex. 1.  As

6    of June 19, 2009, the defaulted amount owed under the Loan was $16,205.28.  *Id.*

7    On June 23, 2009 a Notice of Default ("NOD") was recorded with the El Dorado

8    County Recorder as instrument number 2009-00305529-00.  Absent from the

9    Complaint is any allegation that Plaintiff attempted to reinstate the Loan by paying

10   the defaulted amounts.  Rather, Plaintiff alleges that a form letter sent on his behalf

11   by entity called Mortgage Litigation Consultants demanded rescission of the

12   defaulted Loan pursuant to the Truth-in-Lending Act ("TILA").  Compl., ¶ 94, Ex.

13   C.  Again, absent from the Complaint is any allegation that Plaintiff is ready,

14   willing and able to tender the Loan proceeds in order rescind the Loan pursuant to

15   TILA.

16        Plaintiff also alleges that Mortgage Litigation Consultants' form letter was a

17   Qualified Written Request ("QWR") within the meaning of the Real Estate

18   Settlement Procedures Act ("RESPA").  On its face, the alleged QWR was not

19   addressed to OneWest Bank, but IndyMac Federal Bank, FSB.  Compl., Ex. C.

20   OneWest Bank was not in existence at the time Mortgage Litigation Consultants

21   sent the alleged QWR and IndyMac Federal Bank was operated by the Federal

22   Deposit Insurance Corporation ("FDIC"), as its conservator.  RJN, Ex. 4.

23   **III.    THE STANDARD FOR A MOTION TO DISMISS**

24        A motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6)

25   may be brought where a plaintiff fails to state a claim upon which relief can be

26   granted.  Although the Federal Rules generally require a plaintiff to give only "a

27   short and plain statement of the claim" showing that the plaintiff is entitled to relief

28   (Fed. R. Civ. P. 8(a)), they also require all pleading to be "construed so as to do

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA                                                          -2-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1 | justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  In addition, although Rule 8 does not
2 | require detailed factual allegations, "it demands more than an unadorned, the-
3 | defendant-unlawfully-harmed-me accusation." *Aschcroft v. Iqbal*, 556 U.S. ---, 129
4 | S.Ct. 1937, slip op. at 14 (2009).  As recently explained by the Supreme Court, for a
5 | complaint to survive a motion to dismiss, the complaint "must contain sufficient
6 | factual matter, accepted as true, to 'state a claim to relief that is plausible on its
7 | face.'" *Id*.  A claim has facial plausibility when the plaintiff pleads factual content
8 | that allows the court to draw the reasonable inference that the defendant is liable for
9 | the misconduct alleged.  *Id*.  Whether a complaint states a plausible claim for relief
10 | is therefore a "context-specific task that requires the reviewing court to draw on its
11 | judicial experience and common sense." *Id*. slip op. at 15.

## IV.   PLAINTIFF'S MOTIVES IN FILING THE ACTION ARE SUSPECT

13 | Despite its length (178 paragraphs), the gravamen of the Complaint is
14 | simple—Plaintiff seeks to both avoid an impending non-judicial foreclosure and
15 | keep the Property free and clear of all liens and payment obligations under the Loan
16 | because the original lender, 1st National, allegedly failed to provide him with two
17 | copies of his Notice of Right to Cancel at consummation of the Loan in February
18 | 2006.  Plaintiff wants to do this without either (a) reinstating the Loan by paying
19 | OneWest the amount in default or, (b) tendering the amounts he borrowed in order
20 | to rescind.  In other words, Plaintiff seeks to turn his default under the Loan to his
21 | advantage by obtaining an unjust windfall—ownership of the Property without an
22 | obligation to pay for it.

23 | The single factual allegation that underlies the entirety of Plaintiff's
24 | Complaint is that Mortgage Litigation Consultants demanded, among other things,
25 | rescission of the Loan on his behalf in January 2009.  According to its website,
26 | Mortgage Litigation Consultants has "teamed up with the Law Offices of Kimberlee
27 | Rode" with the purpose to "find real and sustainable defects in the loan transaction
28 | *that give you leverage*." (emphasis added).  Its "litigation strategies" include,

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-3-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    among other things, "Turning Novel Theories into Factual Causes of Action" and

2    "Foreclosure terminating strategies that consider loan documents." RJN, Ex. 3.

3        In *Sitanggang v. IndyMac Bank, F.S.B.*, 2009 WL 1286484 (E.D. Cal. 2009),

4    this Court dismissed, *sua sponte*, an action with prejudice where the plaintiff, a

5    borrower in default of mortgage, similarly sought to stall and avoid a non-judicial

6    foreclosure based upon alleged violations of TILA.  The plaintiff did not deny that

7    she was in default and offered nothing to indicate that she was able to tender her

8    debt to warrant disruption of the non-judicial foreclosure. *Id.* at *2.  Rescission was

9    therefore unwarranted and the Court found that plaintiff's effort to stall foreclosure

10   and thereby vex defendants was an abuse of the judicial process that would subject

11   plaintiff to sanctions if she "attempt[s] to delay or obstruct rightful foreclosure of

12   her home." *Id.* *6-7.

13       In *Nixon v. Individual Head of St. Joseph Mort. Co.*, 615 F.Supp. 898, 899

14   (N.D. Ind. 1985), the court sanctioned the plaintiff, a borrower in default of his

15   mortgage, and found that he filed an action in "bad faith" where he sought to avoid

16   non-judicial foreclosure of his home where he too argued that he should be entitled

17   to keep the property without an obligation to pay for it.  The court concluded that

18   the expenditure of judicial resources was "especially egregious" in light of the fact

19   the plaintiff sought to avoid his obligations only after his default. *Id.* at 901.

20   **V.    PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATION OF**

21   **TRUTH IN LENDING LAWS"**

22       Under TILA, a borrower has two remedies for loan disclosure violations,

23   rescission pursuant to 15 U.S.C. § 1635 and statutory damages pursuant to 15

24   U.S.C. § 1640.  Here, Plaintiff alleges that 1st National, the lender that originated the

25   Loan, to deliver to Plaintiff two copies of his Notice of Right to Cancel form at the

26   time the Loan closed in February 2006.  Compl., ¶ 89.  Plaintiff also alleges that

27   DOE2 failed to rescind the Loan within 20 days of the alleged demand from

28   Mortgage Litigation Consultants.  Compl., ¶ 102.  As against OneWest, Plaintiff

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-4-

Case No. .2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    alleges only that OneWest did not disclose the name, address and telephone number

2    of the note holder, as demanded of IndyMac Federal Bank in the letter from

3    Mortgage Litigation Consultants.  Compl., ¶ 82.

4         As a result of these alleged violations, Plaintiff seeks multiple forms of relief,

5    including many not authorized by TILA.  These include:

6    - An order of this Court "rendering the security instrument of DOE2 void

7      and ownership of the property (money lent to Plaintiff) vests to the

8      Plaintiff without obligation on their [sic] part to pay for it."  Compl., ¶ 110.

9    - Attorneys fees and costs, plus statutory damages from OneWest in the

10     amount of $2,000 for failing to rescind the Loan.  Compl., ¶ 113.

11   - A declaration that Plaintiff timely rescinded the Loan within the 3-year

12     statutory period.  Compl., ¶ 115.

13   - Injunctive relief against OneWest preventing foreclosure of the Property.

14     Compl., ¶ 116.

15   - An order of this Court that OneWest comply with the January 2009

16     demand of Mortgage Litigation Consultants. Compl., ¶ 117.

17   - Rescission of the Loan. Compl., Prayer at ¶ E.

18   **A.    Plaintiff Is Not Entitled To Rescind The Loan.**

19        Plaintiff's TILA claim fails because Plaintiff has not and cannot allege that he

20   is able to repay the loan proceeds.  Prior to ordering rescission based on a lender's

21   alleged TILA violations, a court may require borrowers to prove ability to repay

22   loan proceeds:

23        As rescission under § 1635(b) is an on-going process

24        consisting of a number of steps, there is no reason why a

25        court that may alter the sequence of procedures *after*

26        deciding that rescission is warranted, may not do so *before*

27        deciding that rescission is warranted when it finds that,

28        assuming grounds for rescission exist, rescission still

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA                                    -5-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    could not be enforced because the borrower cannot

2    comply with the borrower's rescission obligations no

3    matter what. Such a decision lies within the court's

4    equitable discretion, taking into consideration all the

5    circumstances including the nature of the violations and

6    the borrower's ability to repay the proceeds. If, as was the

7    case here, it is clear from the evidence that the borrower

8    lacks capacity to pay back what she has received (less

9    interest, finance charges, etc.), the court does not lack

10   discretion to do before trial what it could do after.

11
     *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming
12
     summary judgment in favor of the lender).  In *Garza v. American Home Mortgage*,
13
     2009 WL 188604, *5 (E.D. Cal. 2009), this Court granted a motion to dismiss in
14
     favor of lender where, as here, the plaintiff failed to allege an ability to repay the
15
     loan proceeds, a "necessary element" of a TILA rescission claim.  *See also*
16
     *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007)
17
     ("Once the trial judge in this case determined that the [plaintiffs] were unable to
18
     tender the loan proceeds, the remedy of unconditional rescission was
19
     inappropriate."); *Shelley v. Quality Loan Service Corp.*, 2009 WL 1740904, *2-3
20
     (C.D. Cal. 2009) (same); *Montoya v. Countrywide*, 2009 WL 1813973, *4 (N.D.
21
     Cal. 2009) (same).
22
          Here, not only does Plaintiff fail to allege an ability or willingness to repay
23
     what he borrowed, he disavows his obligation to do so by seeking an order
24
     "rendering the security instrument of DOE2 void and ownership of the property
25
     (money lend to Plaintiff) vests to the Plaintiff *without obligations* on their [sic] part
26
     *to pay for it*." Compl., ¶ 110.  Moreover, the commencement of foreclosure
27
     proceedings against the Property, as reflected in the Notice of Default simply
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-6-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1  confirms his *inability* to repay.  RJN, Ex. 1; *Sitanggang*, 2009 WL 1286484 at *2

2  ("Plaintiff's inability make monthly promissory note payments reflects inability to

3  tender amounts owed bar her claims and requested relief.")  Without an ability to

4  repay what he borrowed, rescission is an "empty remedy."  *Garza*, 2009 WL 188604

5  at *5.  Leave to amend under these circumstances will be futile.  *Wong v. Home*

6  *Loan Services, Inc.*, 2009 WL 1705667, *3-4 (E.D. Cal. 2009) (Moulds, Mag.,

7  presiding) (recommendation that motion to dismiss be granted without leave to

8  amend where plaintiff failed to allege ability to tender the amounts owed).

9  **B.**   **Plaintiff's Rescission Claim Is Untimely.**

10        Under TILA, a buyer has three business days to rescind the loan transaction.

11  *See Semar v. Platte Valley Fed. Sav. & Loan Assn.*, 791 F.2d 699, 701 (9th Cir.

12  1986); 15 U.S.C. § 1635(a).  The right to rescission can be extended up to three

13  years if a lender fails to comply with TILA disclosure requirements.  *See Semar*,

14  791, F.2d at 701-02; 15 U.S.C. § 1635(f).  Specifically, "[a]n obligor's right of

15  rescission shall expire *three years after the date of consummation of the transaction*

16  *or upon the sale of the property, whichever occurs first*." 15 U.S.C. § 1635(f)

17  (emphasis added).  The three-year statue of limitation period is the outer limit on a

18  TILA rescission claim.  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998)

19  (holding that "the Act permits no federal right to rescind, defensively or otherwise,

20  after the 3-year period of § 1635(f) has run"); *Miguel v. Country Funding Corp.*, 309

21  F.3d 1161, 1164 (9th Cir. 2002) (Section 1635(f) is "'an absolute limitation on

22  rescission actions' which bars any claims filed more than three years after the

23  consummation of the transaction").

24        Any claim for rescission must be brought within three years of consummation

25  of the transaction or prior to the "sale of the sale of the property, whichever occurs

26  first." 15 U.S.C. § 1635(f).  As alleged in the Complaint, the Loan closed on

27  February 22, 2006.  Compl., ¶ 21.  Plaintiff did not initiate this lawsuit until

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-7-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1   April 17, 2009, more than three years after the Loan closed.  Consequently,

2   Plaintiff's TILA claim for rescission is untimely.

3       **C.**    **Plaintiff Fails To State A Claim For Damages Under TILA Against**

4             **OneWest**

5       Plaintiff seeks attorneys fees and costs, plus statutory damages from OneWest

6   in the amount of $2,000 because OneWest did not rescind the Loan within 20 days

7   of receipt of the Mortgage Litigation Consultants letter attached as Exhibit C to the

8   Complaint.  Compl., ¶ 113.  This claim is premised on the existence of an

9   underlying entitlement to rescission.  As a matter of logic and common sense, there

10   can be no liability for OneWest failing to do something that it is not required to do.

11   Thus, although 15 U.S.C. section 1635(b) may provide for voiding the security

12   interest and returning certain monies to borrowers within twenty days of a notice of

13   rescission, these obligations under TILA "assume[] that the notice of rescission was

14   proper in the first place." *In re Groat*, 369 B.R. 413, 419 (Bankr. 8th Cir. 2007).  As

15   such, the merits of a claim for failure to rescind necessarily depends on the validity

16   of the underlying claim for disclosure violations.  Here, because Plaintiff cannot

17   establish an underlying claim for TILA disclosure violations he cannot maintain his

18   claim for damages either.

19       In addition, the demand for rescission sent by Mortgage Litigation

20   Consultants was *not* addressed to OneWest.  Compl., Ex. C.  In fact, OneWest was

21   not even in existence at that time.  Moreover, the purported request to rescind is

22   anything but an unequivocal notice of election to rescind the Loan.  The most that is

23   stated is a conditional desire to rescind if the addressees of the letter choose, at some

24   nonspecific time, not to settle with Plaintiff:

25           Of course, we would be interested in a <u>reasonable counter</u>

26           <u>proposal</u>.  *If you reject our settlement or we do not come to*

27           *a resolution*, by this, as instructed in the attached

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-8-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1         document by Mr. Fullmer, Mr. Fullmer <u>hereby rescinds</u>

2         <u>the above referenced loan</u>.

3   The "attached document" signed by Plaintiff states only:

4         *If* required in my case, I hereby authorize "requestor" to

5         rescind the loan and any rescission coming from the Law

6         Offices of Kimberlee Rode or Mortgage Litigation

7         Consultants, shall be considered as coming directly from

8         me.

9

10  Compl., Ex. C (italics added).  To date, Plaintiff has neither made an unequivocal

11  election to rescind nor offered to tender payment to OneWest.

12  **VI.   PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF**

13        **REAL ESTATE SETTLEMENT PROCEDURES ACT"**

14        In support of the claim for violation of RESPA, Plaintiff alleges that OneWest

15  failed to respond to Plaintiff's Qualified Written Request within 60 days of receipt.

16  Compl., ¶ 130.  This claim fails for the following reasons.  First, the QWR was not

17  sent to OneWest but to IndyMac Federal Bank, an entity operated by the FDIC as its

18  conservator.  Compl., Ex. C; RJN, Ex. 4.  Pursuant to RESPA, the term "servicer"

19  *excludes* the FDIC as a conservator or receiver of a failed thrift.  12 U.S.C.

20  § 2605(i)(2)(A); *Judd v. Resolution Trust Corp.*, 1997 WL 678171 (D.D.C. 1997).

21  Thus, Plaintiff seeks to hold OneWest vicariously liable for the FDIC's purported

22  failure to respond to the QWR when the FDIC had no obligation to respond in the

23  first place.

24        In addition, merely alleging a breach of RESPA duties alone does not state a

25  claim under RESPA.  Plaintiff must, at minimum, also allege that the breach

26  resulted in actual damages.  *See*, 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to

27  comply with this section shall be liable to the borrower ... [for] any actual damages

28  to the borrower as a result of the failure.");  *Hutchinson v. Delaware Sav. Bank FSB*,

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-9-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1  410 F.Supp.2d 374, 383 (D.N.J. 2006).  Here, the Complaint contains no allegation

2  that OneWest's alleged failure to respond to the purported QWR caused any

3  pecuniary loss to Plaintiff.  That is, a plaintiff must plead how his damages resulted

4  from alleged violation of RESPA.  The most Plaintiff alleges is that he has been

5  harmed by having to defend the motion to dismiss invited by his own pleading.

6  Compl., ¶ 132.  Without the causal connection, no claim for violation of RESPA can

7  be asserted.  *Hutchinson*, 410 F.Supp.2d at 383.

8  **VII.   PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT**

9  **COLLECTION PRACTICES ACT" FAILS**

10       California's Rosenthal Debt Collection Practices Act ("CFDCPA") precludes

11  a "debt collector" from collecting, or attempting to collect, from a "debtor" on a

12  consumer debt in a threatening or harassing manner.  *See, Civil Code* §§ 1788, *et*

13  *seq.*  The CFDCPA outlines specific examples of prohibited practices, and includes,

14  threats (*Civil Code* §§ 1788.10); obscenity (*Civil Code* §§ 1788.11); misleading or

15  false communications (*Civil Code* §§ 1788.13); communications to third parties

16  such as employers (*Civil Code* §§ 1788.12); and overreaching (*Civil Code* §§

17  1788.14-16).

18       In this case, the underlying basis of Plaintiffs claim is that despite written

19  notification of Plaintiff's desire that all communications cease, OneWest allegedly

20  "repeatedly contacted Plaintiff attempting to collect the debt."  Compl., ¶ 113.

21  However, Plaintiff fails to properly plead any cause of action for violation of the

22  CFDCPA against OneWest.  At most, Plaintiff summarily alleges that OneWest

23  allegedly "repeatedly contacted Plaintiff attempting to collect the debt by a high

24  volume of phone calls and written correspondence."  Compl., ¶ 140.  This is a mere

25  conclusory statement.  Plaintiff sets forth no facts as to when such communications

26  took place, and fails to identify the nature of those communications.  Moreover,

27  Plaintiff fails to allege how or why efforts to collect on the defaulted Loan are

28  improper.  Indeed, even if proper notification is sent to cease communication, not all

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-10-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    subsequent communication is prohibited.  *See also Santoro v. CTC Foreclosure*

2    *Service*, 12 Fed.Appx. 476 (9th Cir. 2007) (loan servicing company's conduct did

3    not constitute "debt collecting" within meaning of state and federal Fair Debt

4    Collection Practices Act, despite direct contact with mortgagors after being notified

5    that they were represented by counsel, where first contact was letter from company

6    offering loan workout, and second direct contact was a statutorily required notice of

7    pending foreclosure sale of the property, which was sent by foreclosure service

8    company, and did not seek to collect the debt.).

9         Although the Court must construe the facts in the light most favorable to the

10   non-moving party, "conclusory allegations of law and unwarranted inferences are

11   not sufficient to defeat a motion to dismiss." *Associated Gen. Contrs. of Am. v.*

12   *Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998).  "[T]he court is not

13   required to accept legal conclusions cast in the form of factual allegations if those

14   conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult*

15   *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Because the allegation is

16   conclusory at best, Plaintiff cannot state a claim for unfair debt collection practices

17   under the CFDCPA.

18   **VIII.  PLAINTIFF FAILS TO STATE A CLAIM FOR "UNFAIR BUSINESS**

19        **PRACTICES"**

20        A.    **Plaintiff's Claim For Unfair Business Practices Is Preempted.**

21        California's Unfair Competition Law ("UCL"), Business & Professions Code

22   § 17200, et seq., defines unfair competition to include unlawful, unfair or fraudulent

23   business acts or practices and unfair or misleading advertising.  Here, Plaintiff

24   alleges a violation of the UCL predicated upon the alleged violations of TILA and

25   RESPA.  Compl., ¶ 149.  To the extent this claim is predicated upon violation of

26   these federal statutes, the claim is preempted by federal law.

27        When federal law preempts a field, "it leaves no room for the states to

28   supplement it."  *Silvas v. E*Trade Mortgage Corp.*, 514 F.Supp.2d 1001, 1003 n.3

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-11-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1  (9th Cir. 2008).  By enacting the Home Owners' Loan Act ("HOLA"), 12 U.S.C.

2  § 1463, in 1933, Congress gave the Office of Thrift Supervision ("OTS") broad

3  authority to issue regulations governing federal thrifts.  *Silvas*, 514 F.3d at 1005.

4  HOLA has been described by the Ninth Circuit as a "radical and comprehensive

5  response to the inadequacies of the existing state system," and "so pervasive as to

6  leave no room for state regulatory control."  *Id.* at 1004.  As the principal regulator

7  for federal thrifts, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2.

8  That regulation provides that the OTS "occupies the entire field of lending

9  regulation for federal savings associations."  12 C.F.R. § 560.2; *Silvas*, 514 F.3d at

10  1005.   Where, as here, a plaintiff relies on a state laws of general application, but

11  the claim is predicated upon violation of federal laws, federal law preempts.  *Reyes*

12  *v. Downey Sav. & Loan Ass'n*, 541 F.Supp.2d 1108, 1113 (C.D. Cal. 2008).  Courts

13  have repeatedly dismissed UCL claims as preempted by HOLA where the UCL

14  claim is predicated upon violation of TILA and RESPA.  *See Silvas,* 514 F.3d at

15  1006 (dismissing UCL claim as preempted by HOLA where predicated upon

16  violation of TILA); *Reyes*, 541 F.Supp. 2d at 1113 (same); *Garza*, 2009 WL 188604

17  at *6 (same); *Munoz v. Financial Freedom Senior Funding Corp*, 567 F.Supp.2d

18  1156, 1164 (C.D. Cal. 2008) (dismissing UCL claim as preempted by HOLA where

19  predicated upon violation of RESPA).

20      Here, Plaintiff has based his UCL claim against OneWest on its alleged

21  failures to comply with TILA and RESPA.  As such, this claim must be dismissed

22  with prejudice as preempted.  Moreover, Plaintiff's attempt to plead around his time-

23  barred TILA claim by asserting a claim under the UCL only bolsters dismissal.  *See*

24  *Garza*, 2009 WL 188604 at *6 ("A court may not allow plaintiff to 'plead around an

25  absolute bar to relief simply by recasting the cause of action as one for unfair

26  competition.'"); *Silvas*, 514 F.3d at 1007 n.3 (rejecting plaintiffs' attempt to "take

27  advantage of the longer statute of limitations under UCL to remedy TILA violations,

28  because without the extended limitation period their claims would be barred").

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-12-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

**B.** **Plaintiff's Claim Is Subject To Dismissal Because Plaintiff Does Not Allege With Particularity Any Conduct By Defendants In Violation Of Section 17200**

In order to allege a claim for an unlawful business practice under Section 17200, the plaintiff must allege *facts* to demonstrate that the practice violates the law. *See People v. McKale*, 25 Cal.3d 626, 635 (1979). Establishing an "unlawful business practices" claim under section 17200 necessarily requires the violation of an independent underlying law or statute often referred to as the "borrowed claim." *Id.* at 626. Thus, as a general rule, Section 17200 is typically found to encompass an action that constitutes a business practice and that "at the same time is forbidden by law." *Id.* at 625. A plaintiff alleging unfair business practices therefore under these statutes must state with *reasonable particularity* the facts supporting the statutory elements of the violation. *Khoury*, 14 Cal. App 4th at 616 (Emphasis added).

Here, Plaintiff's claim is predicated, in part, on the prior causes of action alleged in the Complaint. Compl., ¶ 149. As discussed above, Plaintiff fails to state any claim upon which relief can be granted against OneWest for violation of TILA, RESPA, and/or the CFDCPA. Consequently, Plaintiff's claim necessarily fails to the extent it is based upon these claim.

Plaintiff asserts one additional basis for his UCL claim—alleged bad faith conduct of OneWest in this litigation. In particular, Plaintiff appears to allege that because OneWest's earlier Motion to Dismiss did not disclose the information sought by the Mortgage Litigation Consultants' letter, OneWest acted in "total bad faith." Compl., ¶ 150. The purpose of a motion pursuant to Rule 12(b)(6), however, "is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987). That OneWest chose to use its motion to dismiss to challenge the legal sufficiency of Plaintiff's claims and not as a vehicle for discovery does not give rise to separate liability under the UCL. In addition, OneWest's

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-13-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1 conduct in this litigation—namely the filing of a motion to dismiss—is absolutely

2 privileged under *California Civil Code* section 47(b) and cannot be the basis for

3 later liability. *See Rubin v. Green*, 4 Cal.4th 1187, 1194 (1993).

4     **C.**    **Plaintiff Lacks Standing To Assert This Claim.**

5        Plaintiff lacks standing to assert a claim under Section 17200. Prior to its

6 amendment in 2004, Section 17200 and related provisions permitted any person

7 acting for the general public to sue for relief from unfair competition and does not

8 predicate standing on a showing of injury or damage. *Californians For Disability*

9 *Rights v. Mervyn's, LLC* 39 Cal.4th 223, 228 (2006). As amended by Proposition

10 64, section 17204 now limits standing in a Section 17200 action to certain specified

11 public officials and to "any person who has suffered injury in fact and has lost

12 money or property as a result of... unfair competition." *Id.*

13        In this case, conspicuously absent from the Complaint is any allegation that

14 Plaintiff has suffered any loss as a result of the purported unfair business practice.

15 *See*, Compl., ¶¶ 144-153. Plaintiff does not allege what money or property Plaintiff

16 allegedly lost as a result of any purported violation of Section 17200. *Id.* Indeed,

17 Plaintiff fails to allege any damage that he incurred for Defendants' alleged violation

18 of Section 17200. *Id.* Thus, Plaintiff lacks standing to assert this claim.

19     **D.**    **Plaintiff Fails To Allege A "Pattern Of Behavior" Or "Course Of**

20              **Conduct"**

21        Moreover, a claim of unfair business practice under Section 17200 must be

22 premised upon a "pattern of behavior" or a "course of conduct." *Hewlett v. Squaw*

23 *Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977). Thus, as a general rule, Section

24 17200 is typically found to encompass an action which constitutes a business

25 practice and that "at the same time is forbidden by law." *Id.*, citing *Barquis v.*

26 *Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972). In order to allege a claim for

27 an unlawful business practice under 17200, the plaintiff must allege facts to

28 demonstrate that the practice violates the law. *Microsoft Corp. v. A-Tech Corp.*, 855

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-14-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    F. Supp. 308, 313 (C.D. Cal. 1994).  The aforementioned allegations do not

2    constitute a pattern of behavior, course of conduct or business practice within the

3    meaning of Section 17200.  Because Plaintiff relies on an isolated event with respect

4    to OneWest's purported misconduct in relation to the Loan in support of this claim

5    Plaintiff fails to allege actions that rise to the level of a "pattern of behavior,"

6    "course of conduct" or "business practice" within the meaning of the statute.

7    *Hewlett*, 54 Cal.App.4th at 519.

8    **IX.**   **PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR BREACH**

9          **OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR**

10         **DEALING.**

11         For his sixth cause of action, Plaintiff complains that OneWest engaged in

12   bad faith conduct because it did not engage in settlement discussions with him.  It is

13   unclear whether Plaintiff asserts this claim under contract or tort.  The prerequisite

14   for any action for breach of the implied covenant of good faith and fair dealing is the

15   existence of a contractual relationship between the parties, since the covenant is an

16   implied term in the contract.  *Spencer v. DHI Mortg. Co., Ltd.*, --- F.Supp.2d ---,

17   2009 WL 1930161, *7 (E.D. Cal. 2009).  The implied covenant of good faith and

18   fair dealing is limited to assuring compliance with the express terms of the contract,

19   and "cannot be extended to create obligations not contemplated by the contract."  *Id.*

20   Here, Plaintiff fails to identify a particular contract or breach.

21         To the extent that Plaintiff alleges tortious breach of the implied covenant of

22   good faith and fair dealing, Plaintiff fails to allege the existence of a special

23   relationship to invoke tort liability.  While California courts have long recognized

24   the existence of the covenant in the unique context of insurance cases, the courts

25   have steadfastly refused to extend the covenant beyond the insurance context.  *Foley*

26   *v. Interactive Data Corp.*, 47 Cal.3d 654, 690 (1988).  Absent a "special

27   relationship" with "fiduciary characteristics," "no cause of action for tortious breach

28   of the implied covenant" exists.  *Spencer*, --- F.Supp.2d at ---, 2009 WL 1930161 at

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-15-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    *7.  Moreover, because California courts do not recognize the existence of a "special

2    relationship" between a lender and borrower, Plaintiff cannot allege facts to support

3    the existence of a "special relationship" here.  *Id.*; *Kim v. Sumitomo Bank of*

4    *California*, 17 Cal.App.4th 974, 979 (1993) ("the relationship of a bank-commercial

5    borrower does not constitute a special relationship for purposes of the covenant of

6    good faith and fair dealing"); *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476

7    (1989).

8        Finally, OneWest is unaware of the existence of any duty to respond to

9    Plaintiff's settlement demand.  Indeed, it is well-settled that, absent special

10   circumstances not present here, there is "no obligation in California to bargain for a

11   new or amended contract in good faith."  *Los Angeles Equestrian Center, Inc. v.*

12   *City of Los Angeles*, 17 Cal.App.4th 432, 447 (1993); *Racine & Laramie, LTD., Inc.*

13   *v. Dep't of Parks & Recreation*, 11 Cal.App.4th 1026, 1031-1035 (1992).  The

14   notion that OneWest could incur tort liability for not responding to a pre-litigation

15   letter addressed to a separate entity that had no duty to respond to it under TILA and

16   RESPA is without merit.

17   **X.    PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR**

18        **WRONGFUL FORECLOSURE.**

19        A defaulted borrower is "required to allege tender of the amount of [the

20   lender's] secured indebtedness in order to maintain a cause of action for irregularity

21   in the sale procedure."  *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101,

22   1109 (1996).  An action to set aside a foreclosure sale, unaccompanied by an offer

23   to redeem, does not state a cause of action which a court of equity recognizes.

24   *Karlsen v. American Sav. & Loan Assn.*, 15 Cal.App.3d 112, 117 (1971).  The

25   rationale behind the tender offer rule is that if plaintiff could not have redeemed the

26   property had the sale procedures been proper, any irregularities do not result in

27   damage to plaintiff.  *See FPCI RE-HAB 01 v. E&G Invs., Ltd.* 207 Cal.App.3d 1018,

28   1022 (1989); *see also United States Cold Storage*, 165 Cal.App.3d at 1224 (1985)

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-16-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1  ("It would be futile to set aside a foreclosure sale on the technical ground that notice

2  was improper, if the party making the challenge did not first make full tender and

3  thereby establish his ability to purchase the property."). The tender rule is strictly

4  applied. *See Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003).

5       Here, not only does Plaintiff fail to allege an ability or willingness to repay

6  the amount in default, he disavows his obligation to do so by seeking an order

7  "rendering the security instrument of DOE2 void and ownership of the property

8  (money lend to Plaintiff) vests to the Plaintiff *without obligations* on their [sic] part

9  *to pay for it*." Compl., ¶ 110. In addition, in light of Plaintiff's failure to make any

10 tender whatsoever and the equivocal nature of the letter sent by Mortgage Litigation

11 Consultants, Plaintiff's effort to treat the Loan as rescinded lacks merit. Because

12 Plaintiff has been unable to pay his mortgage payments, he has failed to tender the

13 amounts owed, and his attempts to set aside the foreclosure should be barred.

14 *Wong*, 2009 WL 1705667 at *2 (Moulds, Mag., presiding).

## XI.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR SLANDER OF TITLE.

17      California has adopted the definition of slander of title set forth in section 624

18 of the Restatement of Torts that reads as follows: "One who, without a privilege to

19 do so, publishes matter which is untrue and disparaging to another's property in

20 land, chattels or intangible things under such circumstances as would lead a

21 reasonable man to foresee that the conduct of a third person as purchaser or lessee

22 thereof might be determined thereby is liable for pecuniary loss resulting to the

23 other from the impairment of vendibility thus caused." *Howard v. Schaniel*, 113

24 Cal.App.3d 256, 263 (1980). The elements of the claim are thus said to be: "(a) a

25 publication, (b) that is without privilege or justification and thus with malice,

26 express or implied, (c) is false, either knowingly so or made without regard to its

27 truthfulness, and (d) causes direct and immediate pecuniary loss." *Id*. at 263-264

28 (citations omitted).

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-17-

Case No. 2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    Here, Plaintiff alleges only that OneWest "caused to be recorded various

2    documents including a Notice of Default which has impaired the Plaintiff's title

3    which constitutes slander of title." Compl., ¶ 176.  This bare and conclusory

4    allegation utterly fails because it does not (and cannot) allege the existence of the

5    second, third, or fourth elements. *Howard*, 113 Cal.App.3d at 263-264.  The most

6    Plaintiff alleges is that a notice of default was recorded.  Compl. ¶ 176.  Among

7    other things, he fails to allege any facts to suggest that its recordation was not

8    privileged, was done with malice, was somehow false or that he suffered any direct

9    an immediate pecuniary loss.

10    Plaintiff's slander of title claim also fails because tender of the amount owed

11    is a condition precedent to any claim of wrongful foreclosure or challenging the

12    regularity of a foreclosure procedure (which would include recording a notice of

13    default) or the validity of a foreclosure sale.  *See Abdallah*, 43 Cal.App.4th at 1109

14    (in affirming sustaining of demurrer without leave to amend, court explained that

15    the tender rule applies to "any cause of action for irregularity in the sale

16    procedure"); *United States Cold Storage v. Great W. Sav. & Loan Ass'n*, 165

17    Cal.App.3d 1214, 1225 (1985); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d

18    575, 578-79 (1984); *Karlsen*, 15 Cal.App.3d at 117.

19  **XII.   PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR**

20          **SLANDER OF CREDIT.**

21    As his final cause of action, Plaintiff asserts a claim styled "slander of credit."

22    In support of this claim, Plaintiff alleges only that the "actions and inactions of the

23    Defendants have impaired his credit causing him to lose the ability to have good

24    credit entitling him to damages, including statutory punitive damages pursuant to

25    state and federal law." Compl., ¶ 178.  OneWest disputes that such a claim exists

26    and lacks notice of the purported bases for any manner of damages referenced by

27    Plaintiff.  In addition, Plaintiff fails to allege what purported "actions" and

28    "inactions" form the alleged factual basis of this claim.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

836473.02/LA

-18-

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS

1    XIII.  **CONCLUSION**

2          For the foregoing reasons, OneWest respectfully requests that the Court grant

3    its motion to dismiss without leave to amend.

4

5    Dated:  August 31, 2009                    ALLEN MATKINS LECK GAMBLE
                                                 MALLORY & NATSIS LLP
6                                                DAVID R. ZARO
                                                 JOSHUA R. MANDELL
7

8                                                By:_____/s/ Joshua R. Mandell_____
                                                      JOSHUA R. MANDELL
9                                                     Attorneys for Defendant
                                                      ONEWEST BANK, FSB
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  2:09-cv-01037-JFM
NOTICE OF MOTION AND MOTION TO
DISMISS