1  DAVID R. ZARO (BAR NO. 124334)
   JOSHUA R. MANDELL (BAR NO. 225269)
2  ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
   515 South Figueroa Street, Ninth Floor
3  Los Angeles, California 90071-3309
   Phone: (213) 622-5555
4  Fax: (213) 620-8816
   E-Mail: dzaro@allenmatkins.com
5          jmandell@allenmatkins.com

6  Attorneys for Defendant
   ONEWEST BANK, FSB
7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11 SHAUNN A. FULLMER,                    | Case No. 2:09-cv-01037-JFM

12        Plaintiffs,                    | Mag. Judge: John F. Moulds

13     vs.                              | REPLY IN SUPPORT OF MOTION TO
                                         | DISMISS THE COMPLAINT FOR
14 JPMORGAN CHASE BANK, NA., as          | FAILURE TO STATE A CLAIM
   successor by merger to WASHINGTON
15 MUTUAL BANK, and ONEWEST
   BANK, FSB as successor by acquisition
16 of INDYMAC FEDERAL BANK,              | Date:  October 15, 2009
                                         | Time:  11:00 a.m.
17        Defendants.                    | Ctrm:  26

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA                    -1-                    Case No.  2:09-cv-01037-JFM
                                                       REPLY IN SUPPORT OF  MOTION TO
                                                       DISMISS

# I.   **INTRODUCTION.**

The single factual allegation that underlies the entirety of Plaintiff's Complaint[1] is that a company called Mortgage Litigation Consultants sent a multipurpose form letter on Plaintiff's behalf, the QWR, that was ignored by defendants.  That letter was not addressed to OneWest because OneWest wasn't in existence at the time.  In fact, the letter was addressed to an entity that was operated by the FDIC and thereby excluded from any requirement to respond to the letter. Nonetheless, Plaintiff uses the purported failure to respond to the letter as the basis for his claims against OneWest.  As set forth in the Motion, dismissal is appropriate here for at least the following reasons:

- Plaintiff is not entitled to rescind the Loan under TILA because (a) his claim is untimely and (b) he has twice failed to plead that he is willing and able to repay the subject loan.

- Plaintiff is not entitled to damages under TILA because his underlying claim for rescission is invalid.

- Plaintiff is not entitled to damages under RESPA because his alleged QWR[2] was *not* addressed to OneWest, but an entity in conservatorship by the FDIC.

- Plaintiff fails to plead sufficient facts to support a claim for violation of the Rosenthal Fair Debt Collection Practices Act.

- Plaintiff's claim for violation of California's UCL is (a) preempted and (b) to the extent not preempted, based upon state claims that also fail.

- The Complaint alleges no special relationship between OneWest and Plaintiff and therefore fails to state a claim for breach of the implied covenant of good faith and fair dealing.

- Plaintiff has failed to allege his tender of the amount in arrears required to maintain a claim for wrongful foreclosure.

- Plaintiff fails to plead facts to support a claim of slander of title.

- Slander of credit is incognizable and unsupported by any fact pleading.

---

[1]   Unless defined in this memorandum, all capitalized terms have the same meaning attributed to them in the Motion.

[2]   OneWest does not admit that the letter was a proper Qualified Written Request within the meaning of RESPA

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

Case No.  2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS

-2-

1    **II.**     **THE OPPOSITION FAILS TO SAVE HIS DEFECTIVE CLAIM FOR**

2          **RESCISSION UNDER TILA.**

3          **A.**     **Plaintiff's Claim Is Untimely.**

4          Plaintiff alleges that on February 22, 2006 he obtained the Loan he seeks to

5 rescind. (Compl., ¶ 21). Plaintiff did not file this action until April 17, 2009—more

6 than three years later. Although the right to rescission can be extended up to three

7 years if a lender fails to comply with TILA disclosure requirements, the three-year

8 statute of repose is the *outer* limit on a TILA rescission claim. *See Beach v. Ocwen*

9 *Fed. Bank*, 523 U.S. 410, 419 (1998) (holding that "the Act permits no federal right

10 to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run");

11 *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (Section

12 1635(f) is " 'an absolute limitation on rescission actions' which bars any claims filed

13 more than three years after the consummation of the transaction"). Because

14 Plaintiff's claim for rescission under TILA was filed more than three years after the

15 Loan was consummated, his claim for rescission untimely.

16          **B.**     **Plaintiff Fails To Allege A "Necessary Element" Of His TILA**

17             **Claim.**

18          Because Plaintiff's claim for rescission is untimely on its face, the Court may

19 conclude its analysis there. Nonetheless, even if Plaintiff's claim was not untimely,

20 it also fails because Plaintiff has not attempted to allege that he is willing and able to

21 repay what he borrowed. In neither his original complaint nor his amended

22 Complaint has Plaintiff attempted to allege, as he must, that he is able and willing to

23 repay what he borrowed. Plaintiff's Opposition offers no explanation how Plaintiff

24 will be able to tender payment for the Loan he has defaulted under. In *Wong v.*

25 *Home Loan Services, Inc.*, 2009 WL 1705667 (E.D. Cal. 2009) (Moulds, Mag.,

26 presiding), this Court recently recommended that a motion to dismiss be granted

27 *without leave* to amend where plaintiff failed to allege ability to tender the amounts

28 owed. In *Wong*, the plaintiff conceded that she was in default on her mortgages and

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

-3-

Case No.  2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS

1   offered no assurance that she was able to tender her debt to warrant disruption of the

2   non-judicial foreclosure. *Id.* at *1.  This Court recommended that leave to amend be

3   denied, stating:

4      Because plaintiff is not prepared to tender the amounts

5      owed, and the non-judicial foreclosure is properly

6      proceeding under California law, it does not appear that

7      plaintiff can amend the complaint to cure the defects

8      arising from fundamental misconceptions regarding

9      mortgage loan transactions and defendants' power to sell

10     property upon default on the loans. Thus, it would be futile

11     to grant plaintiff leave to amend. For these reasons, the

12     complaint should be dismissed without leave to amend.

13
14  *Id.* at *3.  Here, just like the plaintiff in *Wong*, Plaintiff does not dispute that he

15  defaulted under the subject Loan.  Plaintiff has twice failed to allege that he is able

16  or willing to tender payment.  Moreover, Plaintiff's Opposition to the Motion makes

17  clear that his failure to plead this "necessary element" (*Garza v. American Home

18  Mortgage*, 2009 WL 188604, *5 (E.D. Cal. 2009)) is because he believes "the issue

19  of tender is premature." (Opp. at 15:10).  Without an ability to repay what he

20  borrowed, rescission is an "empty remedy."  *Garza*, 2009 WL 188604 at *5.

21  **III. PLAINTIFF'S CLAIM FOR TILA DAMAGES NECESSARILY FAILS.**

22     Plaintiff seeks attorneys fees and costs, plus statutory damages from OneWest

23  in the amount of $2,000 because OneWest did not rescind the Loan within 20 days

24  after Mortgage Litigation Consultants sent its form letter. (Compl., ¶ 113).  Here,

25  the "demand" for rescission was *not* addressed to OneWest. (Compl., Ex. C).  In

26  fact, OneWest was not even in existence at that time.  Moreover, the "demand" was

27  nothing more than an opening settlement request that stated a *conditional* desire to

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

-4-

Case No.  2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS

1   rescind the Loan *if* the addressees of the letter chose, at some nonspecific time, not

2   to settle with Plaintiff.  Mortgage Litigation Consultants wrote:

3   > Of course, we would be interested in a <u>reasonable counter</u>

4   > <u>proposal</u>. *If* you reject our settlement *or we do not come to*

5   > *a resolution*, by this, as instructed in the attached

6   > document by Mr. Fullmer, Mr. Fullmer <u>hereby rescinds</u>

7   > <u>the above referenced loan</u>.

8

9   (Compl., Ex. C (italics added)).

10   Thus, not only was the alleged "demand" not even addressed to OneWest it

11   wasn't even a notice of election to rescind.  It was simply a settlement offer

12   Mortgage Litigation Consultants hoped could be later re-characterized as a notice of

13   rescission for litigation purposes.  Moreover, the first time OneWest learned that

14   Plaintiff wanted to rescind the Loan was upon receipt of service of the original

15   complaint in this matter on or about June 2, 2009.  By that time, Plaintiff's right of

16   rescission had long expired.  In short, absent a proper notice of rescission, there is

17   simply no basis to support Plaintiff's claim for statutory damages for a purported

18   failure to rescind.  *See In re Groat*, 369 B.R. 413, 419 (Bankr. 8th Cir. 2007) (merits

19   of a claim for failure to rescind necessarily depends on the validity of the underlying

20   claim for disclosure violations).

21   **IV.   <u>PLAINTIFF'S RESPA CLAIM FAILS AS A MATTER OF LAW.</u>**

22   Plaintiff's statement that his QWR was "not sent to the FDIC but sent to the

23   newly chartered institution which must comply with RESPA" misconceives the

24   FDIC's role in connection with IndyMac Federal Bank, FSB—the addressee of

25   Mortgage Litigation Consultants' multipurpose form letter.  As evidenced by Exhibit

26   4 to OneWest's Request for Judicial Notice, on July 11, 2008, the U.S. Office of

27   Thrift Supervision closed IndyMac Bank, FSB, placed the failed thrift into

28   receivership and appointed the FDIC as its receiver.  At the same time, the Office of

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

-5-

Case No.  2:09-cv-01037-JFM
REPLY IN SUPPORT OF  MOTION TO
DISMISS

1  Thrift Supervision approved the application of the FDIC to organize a new thrift,

2  IndyMac Federal Bank, FSB, that was placed into a conservatorship operated by the

3  FDIC. (RJN, Ex. 4 at p. 24). Pursuant to RESPA, the term "servicer" *excludes* the

4  FDIC in its role as a conservator or receiver of a thrift. 12 U.S.C. § 2605(i)(2)(A);

5  *Judd v. Resolution Trust Corp.*, 1997 WL 678171 (D.D.C. 1997). Thus, Plaintiff

6  seeks to hold OneWest vicariously liable for the FDIC's purported failure to respond

7  to the letter when the FDIC had no obligation to respond in the first place. *See*

8  *Ibarra v. Plaza Home Mortgage*, 2009 WL 2901637, *4 (S.D. Cal. Sept. 4, 2009)

9  (granting FDIC's motion for judgment on the pleadings, as receiver for IndyMac

10 Bank, with respect to RESPA claim based on alleged qualified written request).

11        In addition, merely alleging a breach of RESPA duties alone does not state a

12 claim under RESPA. Plaintiff must, at minimum, also allege that the breach

13 resulted in actual damages. *See*, 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to

14 comply with this section shall be liable to the borrower ... [for] any actual damages

15 to the borrower as a result of the failure."); *Hutchinson v. Delaware Sav. Bank FSB*,

16 410 F.Supp.2d 374, 383 (D.N.J. 2006). Here, the Complaint contains no allegation

17 that OneWest's alleged failure to respond to the purported QWR caused any

18 pecuniary loss to Plaintiff. That is, a plaintiff must plead how his damages resulted

19 from alleged violation of RESPA. The most Plaintiff alleges is that he has been

20 harmed by having to defend the motion to dismiss invited by his own defective

21 pleading. (Compl., ¶ 132). Without the causal connection, no claim for violation of

22 RESPA can be asserted. *Hutchinson*, 410 F.Supp.2d at 383.

23        Finally, Plaintiff makes only a conclusory allegation that he is entitled to

24 statutory damages. Statutory damages are available only if a plaintiff pleads some

25 pattern or practice of non-compliance with the duty to respond to borrower

26 inquiries. 12 U.S.C. § 2605(f)(1)(B). Not only does Plaintiff not allege any facts

27 that OneWest made it a regular practice to ignore the provisions of RESPA, but in

28 his Opposition he offers exhibits that clearly suggest otherwise.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS

-6-

1   **V.    THE OPPOSITION FAILS TO SAVE THE DEFECTIVE FAIR DEBT**

2   **COLLECTION PRACTICES ACT CLAIM.**[3]

3          Plaintiff's Opposition concedes that he has alleged no facts to support his

4   conclusory claims that OneWest engaged unfair collection practices.  The

5   Opposition concedes this point, stating:

6                Plaintiff intended to speak to the allegation in the *broadest*

7                *way but at trial*, Plaintiff will show that they [sic] received

8                numerous phone calls and received several written

9                collection notices unrelated to foreclosure notices . . .

10               Plaintiff contends that such detail is improper for the

11               notice pleadings in Federal case.

12

13  (Opp. at 22:7-14).  Plaintiff suggests that he has facts but cannot be bothered to

14  plead them.  The U.S. Supreme Court recently explained, however, that Rule 8

15  pleading standards "demands more than an unadorned, the-defendant-unlawfully-

16  harmed-me accusation" and that "threadbare recitals of the elements of a cause of

17  action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,

18  129 S.Ct. 1937, 1949 (2009).  Twice already, Plaintiff has failed to allege more than

19  a threadbare recital of the elements of a claim for violation of the CFDCPA

20  unsupported by facts.  As such, it cannot be said that this claim is "plausible on its

21  face." *Id.*

22  **VI.   THE OPPOSITION FAILS TO SAVE THE DEFECTIVE UCL CLAIM.**

23         Plaintiff's Opposition makes no effort to address the merits of the preemption

24  issue raised by OneWest's Motion.  Instead, Plaintiff says simply that the parties

25  have a difference of opinion regarding whether a UCL claim is properly stated and

26

27

28  [3]   Although the caption of the Complaint identifies the third cause of action as "Fair
      Debt Collection Practices Act Violations (State/*Federal*)," the Opposition states
      that Plaintiff asserts this claim under California state law only.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS

-7-

1   that it is unfair for "Defendants" to have ignored Mortgage Litigation Consultants'

2   multipurpose form letter.  Rather than belabor this claim further, OneWest

3   incorporates the arguments it made in the Motion by reference here and again points

4   out that the letter was *not* addressed to OneWest and that, as a matter of law, the

5   FDIC was not obligated to respond to it.  *See Ibarra*, 2009 WL 2901637 at *4

6   (granting FDIC's motion for judgment on the pleadings with respect to RESPA).

7   **VII.   THE OPPOSITION FAILS TO SAVE THE CLAIM FOR BAD FAITH.**

8          Although the Complaint alleges that OneWest engaged in bad faith for failing

9   to respond to engage in settlement discussions with him, in the face of the Motion,

10  the Opposition abandons these allegations altogether in favor of the more general

11  contention that OneWest committed bad faith by "fail[ing] to identify [its]

12  principal."  (Opp. at 25:5-6).  As set forth in the Motion, courts have continually

13  refused to recognize the existence of a special relationship between a lender and a

14  borrower.  *See Spencer v. DHI Mortg. Co., Ltd.*, --- F.Supp.2d ---, 2009 WL

15  1930161, *7 (E.D. Cal. 2009); *Kim v. Sumitomo Bank of California*, 17 Cal.App.4th

16  974, 979 (1993) ("the relationship of a bank-commercial borrower does not

17  constitute a special relationship for purposes of the covenant of good faith and fair

18  dealing"); *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989).  It is hard to

19  tell what conduct Plaintiff now contends breached the implied covenant of good

20  faith and fair dealing.  To the extent that Plaintiff now seeks to base this claim on

21  OneWest's purported failure to respond to the letter, OneWest again points out that

22  the letter was not addressed to OneWest but was instead addressed to an entity that

23  was under no obligation to respond to it.  Regardless, it is clear that Plaintiff has not

24  and cannot plead the existence of a "special relationship" that would possibly

25  support this claim.

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

-8-

Case No.  2:09-cv-01037-JFM
REPLY IN SUPPORT OF  MOTION TO
DISMISS

1  VIII. **THE OPPOSITION FAILS TO SAVE THE DEFECTIVE CLAIM FOR**
2       **WRONGFUL FORECLOSURE FAILS.**

3       Without expressly abandoning this claim or directly responding to OneWest's
4  legal points and authorities, the Opposition undertakes no true defense of this claim.
5  Instead, Plaintiff faintly complains that OneWest is "focused on the obligation of
6  Plaintiff to tender." (Opp. at 27:18).  OneWest is not manufacturing the law here,
7  but providing Plaintiff and the Court with the numerous legal authority that
8  describes what is required to maintain the very claim Plaintiff attempts (but fails) to
9  assert.  Rather than further belabor the fatal defects of this claim already identified
10 in the Motion, OneWest incorporates those arguments and authorities here.

11 IX.   **THE OPPOSITION FAILS TO STATE A CLAIM FOR SLANDER OF**
12      **TITLE.**

13      Despite the contentions contained in the Opposition, the most the Complaint
14 *alleges* is that OneWest "caused to be recorded various documents including a
15 Notice of Default which has impaired the Plaintiff's title which constitutes slander of
16 title." (Compl., ¶ 176).  In Opposition, however, Plaintiff suggests that the
17 recording of a Notice of Default was improper simply because the Notice of Default
18 was recorded *after* Plaintiff filed this action.  (Opp. at 28-29).  Not surprisingly,
19 noticeably absent from the Complaint (or the Opposition) is any allegation that
20 Plaintiff was not in fact in default under the Loan.

21      Plaintiff's contention that the mere filing of a lawsuit for rescission such as his
22 precludes the lender or its agents from recording a Notice of Default against the
23 (defaulting) plaintiff would lead to absurd results that are directly contrary to the
24 exhaustive nature of the statutory scheme that governs non-judicial foreclosures in
25 California.  Specifically, a non-judicial foreclosure sale in California is entitled to a
26 common law presumption that the sale was conducted regularly and fairly.
27 *Melendrez v. & D&I Investment, Inc.*, 127 Cal.App.4th 1238, 1258 (2005).  One of
28 the Legislature's purposes in establishing the non-judicial foreclosure process was to

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

-9-

Case No.  2:09-cv-01037-JFM
REPLY IN SUPPORT OF  MOTION TO
DISMISS

1   ensure that a properly conducted foreclosure sale constitutes a final adjudication of

2   the rights of the borrower and lender. *Moeller v. Lien*, 25 Cal.App.4th 822, 831

3   (1994).  The statutory scheme evinces the legislative intent to establish an equitable

4   tradeoff of protections and limitations. *Dreyfuss v. Union Bank of Cal.*, 24 Cal.4th

5   400, 411 (2000).  Plaintiff's contention that a Notice of Default recorded against a

6   property after the borrower is slanderous would turn the non-judicial scheme on its

7   head.

8        Rather, in order to state a claim for slander of title a plaintiff must

9   affirmatively *allege facts* that the recording was without privilege or justification

10  and thus with malice, express or implied, was false, either knowingly so or made

11  without regard to its truthfulness, and caused direct and immediate pecuniary loss.

12  *See Howard v. Schaniel*, 113 Cal.App.3d 256, 263 (1980).  Plaintiff has alleged

13  none of these.

14       As set forth in the Motion, Plaintiff's slander of title claim also fails because

15  tender of the amount owed is a condition precedent to any claim of wrongful

16  foreclosure or challenging the regularity of a foreclosure procedure (which would

17  include recording a notice of default) or the validity of a foreclosure sale. *See*

18  *Abdallah*, 43 Cal.App.4th at 1109 (in affirming sustaining of demurrer without leave

19  to amend, court explained that the tender rule applies to "any cause of action for

20  irregularity in the sale procedure"); *United States Cold Storage v. Great W. Sav. &*

21  *Loan Ass'n*, 165 Cal.App.3d 1214, 1225 (1985); *Arnolds Mgmt. Corp. v. Eischen*,

22  158 Cal.App.3d 575, 578-79 (1984); *Karlsen*, 15 Cal.App.3d at 117.

23  **X.    THE OPPOSITION FAILS TO SAVE THE CLAIM FOR "SLANDER**

24  **OF CREDIT".**

25       The Opposition suggests, for the first time, that "[n]o question . . . the

26  reporting of the debt as being delinquent to credit reporting agencies has damaged

27  the Plaintiff." (Opp. at 29:14-18).  In addition to the problem that this appears to be

28  an incognizable claim created by Plaintiff, the Complaint alleges no facts that any

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

-10-

Case No.  2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS

1    debt was reported as delinquent and that the debt was not in fact delinquent.

2    Plaintiff's original complaint asserted a claim for violations of the Fair Credit

3    Reporting Act that Plaintiff abandoned in response to OneWest's earlier motion to

4    dismiss.  Again, Plaintiff has failed to assert a viable claim against OneWest in

5    connection with any purported negative credit reporting.

6    **XI.**    **CONCLUSION**

7           For the foregoing reasons, OneWest respectfully requests that the Court grant

8    its motion to dismiss without leave to amend.

9

10   Dated:  October 7, 2009                    ALLEN MATKINS LECK GAMBLE
                                                 MALLORY & NATSIS LLP
11                                               DAVID R. ZARO
                                                 JOSHUA R. MANDELL
12

13                                               By:_____/s/ Joshua R. Mandell_____

14                                                  JOSHUA R. MANDELL
                                                    Attorneys for Defendant
15                                                  ONEWEST BANK, FSB

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

840302.01/LA

-11-

Case No.  2:09-cv-01037-JFM
REPLY IN SUPPORT OF  MOTION TO
DISMISS