JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
LASHON HARRIS (CA Bar No. 257578)
lharris@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AS AN ACQUIRER OF
CERTAIN ASSETS AND LIABILITIES OF WASHINGTON
MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER,
erroneously sued as JPMORGAN CHASE BANK, NA., as
successor and/or acquirer of assets and liabilities to/from
Washington Mutual Bank and LENDER DOE ONE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNN A. FULLMER,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank and LENDER DOE ONE and ONEWEST BANK, FSB as successor by acquisition of Indymac Federal Bank and LENDER DOE TWO,<br><br>Defendants. | **CASE NO.: 09-cv-01037-JFM**<br><br>**JUDGE:**   Hon. John F. Moulds<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**DATE:**   12/10/09<br>**TIME:**   11:00 a.m.<br>**CRTRM:**   26<br><br>**Action Filed:**      April 17, 2009 |

Defendant JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver ("JPMorgan" or "Defendant"), erroneously sued as JPMorgan Chase Bank, NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank and LENDER DOE ONE respectfully submits this Reply to the Opposition of plaintiff Shaunn A. Fullmer ("Plaintiff").

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

1103580.1

I.    **SUMMARY OF ARGUMENT**

The Opposition fails to resolve any of the deficiencies in the FAC as discussed in the Motion to Dismiss. In fact, the Opposition further elucidates the inconsistencies and obvious flawed contentions of Plaintiff in this regard. Indeed, Plaintiff, on the one hand, contends that JPMorgan does not have standing to request the relief sought in the Motion to Dismiss and, on the other hand, contends that JPMorgan is liable for violations of these same federal statutes based on a theory of agency. Such contention is incredulous and evident of Plaintiff's misreading and misunderstanding of the Motion to Dismiss and legal authority cited therein.

Thus, as discussed herein, and as set forth in the Motion to Dismiss, the claims asserted against JPMorgan fail. Accordingly, such claims are subject to dismissal without leave to amend.

II.   **JPMORGAN HAS STANDING TO RAISE THE OBJECTIONS CONTAINED IN THE MOTION TO DISMISS**

Preliminarily, Plaintiff's contention that JPMorgan has no standing to request the relief sought in the Motion to Dismiss is simply incorrect. Indeed, rather, than address the clear legal issues presented in the Motion to Dismiss, Plaintiff spends an inordinate amount of time raising issues of tangential relevance to the present motion. Indeed, Plaintiff's request that this court order JPMorgan to join a third party to this action is inappropriate. Moreover, Plaintiff has specifically asserted causes of action against JPMorgan against which JPMorgan is entitled to defend. Throughout the Opposition, Plaintiff makes reference to the fact that JPMorgan is only the loan servicer, and as such, has no right to challenge the claims asserted against it in the FAC. However, a review of the FAC clearly evidences that Plaintiff has specifically asserted claims against JPMorgan that are the subject of this instant motion. That Plaintiff now realizes that such claims were improperly brought against JPMorgan bolsters the merits of JPMorgan's Motion to Dismiss.

III.  **THE CLAIM FOR "VIOLATION OF TRUTH IN LENDING LAWS" FAILS AS ASSERTED AGAINST JPMORGAN**

JPMorgan dissected its objections to the sufficiency of this claim as asserted against JPMorgan in a series of distinct categories. Preliminarily, JPMorgan noted that Servicers of consumer obligations are not to be treated as assignees for purposes of imposing liability unless they

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

2
1103580.1

1  are also the owner of the obligation. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill.

2  2003). In that regard, irrespective of Plaintiff's contention that the law of agency applies, both the

3  legislature and well-established case law hold otherwise. Section 1640(a) "permits only a 'creditor'

4  to be held liable for a monetary penalty or an award of attorney's fees for a TILA violation." *Brodo*

5  *v. Bankers Trust Co.*, 847 F.Supp. 353, 359 (E.D.Pa., 1994).

Under TILA a "creditor" is defined as a person who:

> (1) regularly extends, whether in connection with loans, sales of property
> or services, or otherwise, consumer credit which is payable by agreement
> in more than four installments or for which the payment of a finance
> charge is or may be required, and
> (2) is the person to whom the debt arising from the consumer credit
> transaction is initially payable on the face of the evidence of
> indebtedness or, if there is no such evidence of indebtedness, by
> agreement. 15 U.S.C. § 1602.

12  As indicated in the moving papers, and admitted by Plaintiff, JPMorgan was not the

13  originating lender, and is the loan servicer. Consequently, pursuant to TILA and the above

14  referenced case law, JPMorgan cannot be liable to Plaintiff for violations of TILA.

15  In addition, to the extent that Plaintiff contends that JPMorgan violated Public Law 111-22,

16  now codified as 15 USC 1641(g), Plaintiff's claim still fails. Plaintiff does not dispute the fact that

17  15 USC 1641(g) was an amendment to the TILA added on May 20, 2009[1]. Rather, Plaintiff takes an

18  inconsistent position to arrive at the conclusion that JPMorgan is liable pursuant to this section. In

19  that regard, Plaintiff avers that "the <u>owner of the obligation is liable</u> for the servicer failing to

20  provide the name, address and telephone number of the owner of the obligation." *See,* Opposition,

21  9:17-18 (emphasis added). Yet, in the next sentence Plaintiff takes the illogical leap to conclude that

22  "JPMorgan is liable for its acts as servicer since they have not disclosed their principal under agency

23  law." *See,* Opposition, 9:18-19. As is clear from Plaintiff's own contentions, JPMorgan, as the loan

24  servicer is not liable to Plaintiff under TILA. Accordingly, the claim fails and is subject to

25  dismissal.

26

27  _____

28  [1] Defendant notes that this action was filed in April of 2009.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**A.      The Damage Claim Is Time Barred**

Plaintiff contends that JPMorgan does not have standing to object pursuant to FRCP Rule 12(b)(6) since it is not the "real party in interest". If this is the case, then such claim must necessarily be dismissed as asserted against JPMorgan. Notwithstanding, Plaintiff does not indicate that he will voluntarily dismiss such claim. To that end, the FAC seeks compensatory, statutory and punitive damages in connection with the TILA claim. *See* FAC, ¶ 72. Thus, even assuming that JPMorgan can be held liable under TILA, and to the extent Plaintiff seeks damages in connection with disclosure violations, such claim is obviously time barred. Section 1640(e) states, in part:

> "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." (Emphasis added).

Here, Plaintiff's First and Second Loans closed on February 22, 2006. *See,* FAC, Exhibits A and B; *see also,* RJN, Exhibits 2 and 3. This action was not filed until April of 2009—more than three years later. Thus, such claim is time barred.

**B.      Plaintiff's Rescission Claim Fails**

First, JPMorgan notes that Plaintiff's opposition relative to JPMorgan's contention that the loan was a purchase money loan is well-taken. JPMorgan unintentionally misinterpreted the Grant Deed upon which it based its contention and as such withdraws the same. Nevertheless, even if the subject loan was not a purchase money loan and subject to TILA's rescission provisions, Plaintiff's claim still fails assuming the same is even assuming it is asserted against JPMorgan. In that respect, Plaintiff's claim is fatally flawed since rescission under TILA is not automatic as Plaintiff appears to imply. Numerous courts, including those in this district, have supported JPMorgan's position that a TILA claim is subject to rescission absent a meaningful allegation of tender. *Reyes v. Premier Home Funding, Inc.* 2009 WL1704574 *8 (N.D. Cal.) [Motion to dismiss granted as to Plaintiff's rescission claim pursuant to TILA where Plaintiff failed to allege tender or allege equitable circumstances exist conditioning rescission on any tender  would be inappropriate]; *Mangindin v. Washington Mutual Bank* 2009 WL1766601 *3 (N.D. Cal.) [Same]; *Martinez v. EMC Mortgage Corporation* 2009 WL2043013 *6 (E.D. Cal.) [Motion to dismiss granted as to Plaintiff's rescission claim, court noted "absent meaningful tender, TILA rescission is an empty remedy, not capable of being granted"];

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  *Carlos v. Ocwen Loan Servicing, LLC* 2009 WL 1295873 *4 (E.D.Cal.) [In dismissing Plaintiff's

2  TILA rescission claim, noted "that without plaintiffs' tender, 'rescission under TILA is an empty

3  remedy, not capable of being granted.' The absence of a sufficiently alleged notice of rescission <u>and</u>

4  <u>tender</u> of loan proceeds dooms plaintiffs' TILA rescission claim to warrant its dismissal."]

5  *Sitanggang v. Indymac Bank, F.S.B.* 2009 WL 1286484 (E.D.Cal.) [same].

6       As demonstrated by the foregoing cases, JPMorgan's contention that Plaintiffs' claim is

7  subject to dismissal absent a meaningful allegation of tender is valid and consistent with *Yamamoto*

8  *v. Bank of New York,* 329 F.3d 1167, 1172 (9th Cir. 2003). To the contrary, Plaintiff unpersuasively

9  avers that "[t]ender is a subsequent event" and "[d]efendants have no factual evidence to support that

10  Plaintiff was unprepared to tender[.]" *See,* Opposition, 12:10-14. Such contention is simply

11  erroneous as demonstrated by the legal authorities cited above. Plaintiff fails to identify wherein the

12  complaint he alleges that he is willing, ready and able to tender the benefit received under the subject

13  loan. Rather, Plaintiff improperly contends that JPMorgan has not offered any evidence that

14  Plaintiff is unprepared to tender. Such acquiescence evidences the deficiency of the FAC.

15       Moreover, *Yamamoto, supra,* expressly notes that nothing in TILA establishes that a

16  borrower's "mere assertion of the right to rescission has the automatic effect of voiding the

17  contract." *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1172 (9th Cir. 2003) (*citing Large v.*

18  *Conseco Financing Servicing Corp.,* 292 F.3d 49, 54-55 (1st Cir. 2002)). Section 1635(b) states

19  that, "[w]hen an obligor exercises his right to rescind," the creditor's security interest "becomes

20  void." *Id.*; *Large, supra,* 292 F.3d at 54. "The natural reading of this language is that the security

21  interest becomes void when the obligor exercises a right to rescind that is available in the particular

22  case, either because the creditor acknowledges that the right of rescission is available, or because the

23  appropriate decision maker has so determined." *Large, supra,* 292 F.3d at 54. If a lender disputes a

24  borrower's purported right to rescind, the designated decision maker must decide whether the

25  conditions for rescission have been met. *Id.* "Otherwise, a borrower could get from under a secured

26  loan simply claiming TILA violations, whether or not then lender had actually committed any."

27  *Yamamoto, supra,* 329 F.3d at 1172. Further, the Bankruptcy Court has also noted that although 15

28  U.S.C. § 1635(b) "provides for immediate voiding of the security interest and return of the money

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
1103580.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   within twenty days of the notice of rescission, we believe this assumes that the notice of rescission

2   was proper in the first place." *In re Groat,* 369 B.R. 413, 419 (Bankr. 8th Cir. 2007).

3         Therefore, since rescission is not automatic and Plaintiff has failed to set forth any allegation

4   as to whether they can meet their own rescission obligations, Plaintiff's TILA rescission fails.

5         Lastly, Plaintiff's rescission claim is subject to the three year statute of limitations.  Although

6   Plaintiff cites *Santos v. Countrywide Home Loans*, 2009 WL 2500710 (E.D.Cal.,2009) for the

7   proposition that Plaintiff's rescission claim is not time-barred, *Santos* expressly noted that the

8   "contention that Plaintiffs' claim is barred regardless of whether notice was given is not unfounded.

9   The Ninth Circuit panel in *Miguel v. Country Funding Corp.*, 309 F.3d 1161 (9th Cir.2002),

10  concluded that pursuant to the Supreme Court's decision in *Beach v. Ocwen Federal Bank*, 523 U.S.

11  410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998), '§ 1635(f) is a statute of repose, depriving the courts

12  of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation

13  period.'." *Santos, supra,* at *3.  As such, since this action was not filed until three years after the

14  consummation of the loan Plaintiff's claim is time-barred.

## IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT, 12 U.S.C. § 2601 ET SEQ."

17        Plaintiff's Opposition fails entirely to address the fact that alleging a breach of RESPA duties

18  alone does not state a claim under RESPA.   "Plaintiffs must, at a minimum, also allege that the

19  breach resulted in actual damages. *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with

20  this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of

21  the failure."); *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS

22  5705 at *40 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss

23  attributable to the alleged violation)." *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374,

24  383 (D.N.J. 2006).  Rather, Plaintiff seeks shelter in reliance on the previously plead allegations to

25  support the contention that actual damages has been adequately pled.

26        To the contrary, a plaintiff must plead how his damages resulted from alleged violation of

27  RESPA and without the causal connection, no claim for violation of RESPA can be asserted.

28  *Hutchinson, supra,* 410 F.Supp.2d at 383.  Consequently, the FAC is deficient.  Plaintiffs fail to

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

plead the <u>causal</u> connection between JPMorgan 's purported failure to respond to the QWR is causally connected to any alleged damage.  Rather, Plaintiff side steps this issue and merely states that statutory damages may be allowed.  In that regard, Plaintiff fails to allege a pattern or practice of noncompliance with responding to a borrower's QWR. 12 USC 2605(f)(1)(b).  Thus, Plaintiff's claim fails and is subject to dismissal.

**V.**  **PLAINTIFF FAILS TO STATE A CLAIM FOR "FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS"**

In the Opposition, rather than address the legal contentions raised in the Motion to Dismiss, plaintiff, again side steps the issue and purports to proffer extrinsic evidence in the form of declarations to save this claim.  Such is improper and should not be considered for purposes of this Motion to Dismiss.  Indeed, Plaintiff's cavalier contention that "Plaintiff intended to speak to the allegation in the broadest way but at trial" evidences Plaintiff's own failure to meet the pleading obligations imposed by FRCP Rule 8.  The fact remains that the allegations in the FAC fail to state facts sufficient to establish that JPMorgan committed acts in violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") or the federal Fair Debt Collection Practices Act ("FDCPA").  Plaintiff's reliance on *Parveen* is of no avail since the FAC indiscriminately and in a conclusory fashion alleges repeated contact was made.  Therefore, this claim fails is subject to dismissal.

**VI.**  **PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR BUSINESS PRACTICES**

Plaintiff fails to address the fact that Plaintiff fails to allege facts to establish that he has standing to bring a claim under Cal. Bus. & Prof. Code § 17200.  As amended by Proposition 64, Business and Professions Code §17204 now limits standing in a §17200 action to certain specified public officials and to "any person who has suffered injury in fact and has lost money or property as a result of ... unfair competition." *Californians For Disability Rights v. Mervyn's, LLC,* 39 Cal.4th 223, 228 (2006).  Here, Plaintiff fails to allege what money or property he has lost as a result of the purported unfair business practice.  Consequently, this claim fails on this ground alone.

In addition, even if Plaintiff had standing, Plaintiff's claim still fails.  Cal. Bus. Code § 17200 ("Section 17200" of "UCL") proscribes "unlawful, unfair, or fraudulent business acts."  "[A]n 'unfair' business practice occurs when it offends an established public policy or when the practice is

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *People v. Casa Blanca Convalescent Homes Inc.*, 159 Cal.App.3d 509, (1984) (*citing Spiegel, Inc. v. F.T.C.*, 540 F.2d 287, 293 (7th Cir.1976)).  Moreover, in alleging a claim for unlawful business practice under section 17200, the plaintiff must allege <u>facts</u> to demonstrate that the practice violates the underlying law, or "borrowed claim." *See, People v. McKale,* 25 Cal.3d 626, 635 (1979); *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993)( A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation).  Finally, the term "fraudulent," as used in the UCL, requires a showing that members of the public are likely to be deceived." *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal.App.4th 824, 838 (2006).

Establishing an "unlawful business practices" claim under section 17200 necessarily requires the violation of an independent underlying law or statute often referred to as the "borrowed claim." *Id.* at 626.  Thus, as a general rule, Section 17200 is typically found to encompass an action that constitutes a business practice and that "at the same time is forbidden by law." *Id.* at 625.  Thus, a plaintiff alleging unfair business practices under these statutes must state with <u>reasonable particularity</u> the facts supporting the statutory elements of the violation.  *Khoury*, 14 Cal. App 4th at 616 [Emphasis Added].

In this case, Plaintiffs again fail to allege any fact to demonstrate that JPMorgan violated an underlying law in support of the Section 17200 claim as discussed herein.  The viability of the UCL claim depends on the viability of the underlying claim of unlawful conduct. *Ingels v. Westwood One Broadcasting Servs., Inc.*, 129 Cal.App.4th 1050, 1060  (2005).  Indeed, as indicated in the Motion to Dismiss, a plaintiff cannot pursue claim under Section 17200 based on TILA violations.  Indeed, Congress limited and tailored the relief that private plaintiffs can obtain for TILA violations and preempts state laws that are inconsistent with the provisions of TILA to the extent of the inconsistency.   *See,* 15 U.S.C. § 1610(a)(1); *see also, Reyes v. Downey Savings and Loan Ass'n, F.A.*  541 F.Supp.2d 1108, 1115 (C.D.Cal.,2008).  Ironically, Plaintiff contends throughout the Opposition that JPMorgan does not have standing to object to the claims asserted in the Motion yet

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   in the same breathe also maintains that JPMorgan engaged in unfair business practices based on

2   those same allegations.

3        Accordingly, and as set forth in the Motion to Dismiss, Plaintiff cannot state a claim for

4   violation of Section 17200 and JPMorgan 's motion to dismiss this claim should be granted.

5   **VII.**   **PLAINTIFF'S CLAIM FOR "BREACH OF IMPLIED COVENANT OF GOOD**

6          **FAITH AND FAIR DEALING" FAILS**

7        Plaintiff's Opposition is predicated on one point, that notwithstanding the non-existence of

8   any contract between Plaintiff and JPMorgan, that JPMorgan is liable based on a theory of agency.

9   *See,* Opposition, 27: 10-11.  Interestingly, Plaintiff makes such contention without any legal

10  authority standing for that proposition.  The law is clear.  The <u>implied</u> covenant of good faith and

11  fair dealing is limited to assuring compliance with the express <u>terms of the contract</u>, liability cannot

12  be extended to create obligations not contemplated by the contract. *See, Racine & Laramie, Ltd. v.*

13  *Department of Parks & Recreation*, 11 Cal.App.4th 1026, at 1034 (1992).  Consequently, an

14  essential element to this claim is the existence of a contract between the parties.  Indeed, "[t]here is

15  no obligation to deal fairly or in good faith absent an existing contract." *Racine & Laramie, Ltd. v.*

16  *Department of Parks & Recreation*, 11 Cal.App.4th 1026, 1032 (Cal.App.4.Dist.1992).

17       Plaintiff simply misses the mark in this regard and citing an unpublished case and other

18  authority which clearly provides that the covenant is "implied" in every <u>contract.</u>  Plaintiff places the

19  cart before the horse in attempting to demonstrate that JPMorgan failed to act in good faith—without

20  a contract there can be no implied covenant of good faith and fair dealing.  Plaintiff's broad notion

21  of liability in this regard is simply unpersuasive and erroneous.  Accordingly, this claim must be

22  dismissed without leave to amend.

23  **VIII.**  **PLAINTIFF'S CLAIM FOR "SLANDER OF CREDIT" IS SUBJECT TO**

24        **DISMISSAL**

25       Preliminarily, JPMorgan notes that there is no cognizable cause of action for slander of title.

26  Moreover, as noted in the Motion to Dismiss, Plaintiff wholly failed to allege the basis for this claim.

27  Rather, the claim is predicated on the vague allegation that "the actions and inactions of the

28  defendants have impaired his credit[.]"  *See,* FAC, ¶ 178.  Thus, JPMorgan was left to surmise the

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1103580.1

1   grounds for such assertion.  In the Opposition, Plaintiff now purports to revive this claim by

2   contending that the same is based on RESPA.  However, even assuming the same were adequately

3   plead in the FAC, Plaintiff failed to even allege that JPMorgan has violated the 60-day waiting

4   period.  Therefore, this claim is subject to dismissal.

5   **IX.    CONCLUSION**

6          For the foregoing reasons, JPMorgan respectfully requests that the Court grant the Motion to

7   Dismiss in its entirety without leave to amend.

8

9   DATED:  December 3, 2009              ADORNO YOSS ALVARADO & SMITH
                                          A Professional Corporation
10

11                                        By:   /s/ S. Christopher Yoo
                                              JOHN M. SORICH
12                                            S. CHRISTOPHER YOO
                                              Attorneys for Defendant
13                                            JPMORGAN CHASE BANK, N.A., AS AN
                                              ACQUIRER OF CERTAIN ASSETS AND
14                                            LIABILITIES OF WASHINGTON MUTUAL
                                              BANK FROM THE FDIC ACTING AS
15                                            RECEIVER, erroneously sued as JPMORGAN
                                              CHASE BANK, NA., as successor and/or
16                                            acquirer of assets and liabilities to/from
                                              Washington Mutual Bank and LENDER DOE
17                                            ONE

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

1103580.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Fullmer v. JP Morgan Chase Bank, NA, et al.*

USDC Case No.: 09-cv-01037-GEB-JFM

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On December 3, 2009, I served the foregoing document described as **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows: **SEE ATTACHED SERVICE LIST**

☒    **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐    **BY FACSIMILE MACHINE:**  I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐    **BY OVERNIGHT MAIL:**  I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707.  The envelope was deposited with delivery fees thereon fully prepaid.

☐    **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on December 3, 2009, at Santa Ana, California.

Vicki Warren

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1085976.1

## <u>SERVICE LIST</u>

*Fullmer v. JP Morgan Chase Bank, NA, et al.*
USDC Case No.: 09-cv-01037-GEB-JFM

Kimberlee A. Rode, Esq.                    Telephone:   (916) 417-4564
LAW OFFICES OF KIMBERLEE A. RODE   Facsimile:   (916) 244-7006
9284 Jackson Road
Sacramento, CA  95826

**Attorneys for Plaintiff**

David R. Zaro
Joshua R. Mandell
ALLEN MATKINS LECK GAMBLE
  MALLORY AND NATSIS
515 South Figueroa Street, 9th Floor
Los Angeles, CA  90071

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

---

PROOF OF SERVICE

1085976.1