JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
GEOFFREY C. BRETHEN (CA Bar No. 259873)
gbrethen@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AN ACQUIRER OF
CERTAIN ASSETS AND LIABILITIES OF WASHINGTON
MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER,
erroneously sued as JPMORGAN CHASE BANK, NA., as
successor and/or acquirer of assets and liabilities to/from
Washington Mutual Bank and LENDER DOE ONE

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNN A. FULLMER,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank and LENDER DOE ONE and ONEWEST BANK, FSB as successor by acquisition of Indymac Federal Bank and LENDER DOE TWO,<br><br>Defendants. | CASE NO.: 09-cv-01037-JFM<br><br>JUDGE:   Hon. John F. Moulds<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>[Filed concurrently with Request for Judicial Notice in Support Thereof]<br><br>**DATE:**     April 1, 2010<br>**TIME:**     11:00 a.m.<br>**CRTRM:**  26<br><br>**Action Filed:** April 17, 2009 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on April 1, 2010, at 11:00 a.m. or as soon thereafter as the

matter may be heard in Courtroom 26 of the above-entitled Court, defendant JPMorgan Chase Bank,

N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting

as receiver ("JPMorgan" or "Defendant"), erroneously sued as JPMorgan Chase Bank, NA., as

1

NOTICE OF MOTION AND MOTION TO DISMISS

1114695.2

*Left margin vertical text:* ADORNO YOSS ALVARADO & SMITH · ATTORNEYS AT LAW · SANTA ANA

successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank and LENDER

DOE ONE, will move the Court to dismiss the Second Amended Complaint ("SAC") of plaintiff

Shaunn A. Fullmer ("Plaintiff") pursuant to Federal Rules of Civil Procedure ("FRCP") § 12(b)(6)

on the grounds that it fails to state a claim upon which relief can be granted.  This motion is based on

the following:

1.     Plaintiff's claim for "Violations of Real Estate Settlement Procedures Act, 12 U.S.C.

§ 2601 et seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP

12(b)(6).

2.     Plaintiff's claim for "Fair Debt Collection Practices Act Violations" fails to state facts

sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3.     Plaintiff's claim for "Negligence" fails to state facts sufficient to constitute a claim for

relief pursuant to FRCP 12(b)(6).

4.     Plaintiff's claim for "Civil Conspiracy" fails to state facts sufficient to constitute a

claim for relief pursuant to FRCP 12(b)(6).

5.     Plaintiff's claim for "Deceit" fails to state fact sufficient to constitute a claim for relief

pursuant to FRCP 12(b)(6).

6.     Plaintiff's claim for "Constructive Fraud" fails to state fact sufficient to constitute a

claim for relief pursuant to FRCP 12(b)(6).

///

///

///

**NOTICE OF MOTION AND MOTION TO DISMISS**

1114695.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1       This motion is based on this Notice, the Memorandum of Points and Authorities filed

2   herewith, Request for Judicial Notice, the records and pleadings on file herein, and on such other

3   evidence as may be presented.

4

5   DATED:  February 22, 2010          ADORNO YOSS ALVARADO & SMITH
                                A Professional Corporation

6

7                               By: /s/ S. Christopher Yoo
                                JOHN M. SORICH

8                                   S. CHRISTOPHER YOO
                                GEOFFREY C. BRETHEN

9                                   Attorneys for Defendant
                                JPMORGAN CHASE BANK, N.A., AN

10                                  ACQUIRER OF CERTAIN ASSETS AND
                                LIABILITIES OF WASHINGTON MUTUAL

11                                  BANK FROM THE FDIC ACTING AS
                                RECEIVER, erroneously sued as JPMORGAN

12                                  CHASE BANK, NA., as successor and/or
                                acquirer of assets and liabilities to/from

13                                  Washington Mutual Bank and LENDER DOE
                                ONE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS**

1114695.2

# TABLE OF CONTENTS

Page

I.     SUMMARY OF ARGUMENT ...................................................................1

II.    SUMMARY OF RELEVANT FACTS ......................................................2

III.   THE STANDARD FOR A MOTION TO DISMISS ...................................2

IV.    PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT" ...............................3

V.     PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT" FAILS..................................................4

VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR "NEGLIGENCE"............6

VII.   PLAINTIFF'S CLAIM FOR "CIVIL CONSPIRACY" FAILS....................7

VIII.  PLAINTIFF'S CLAIM FOR "DECEIT" FAILS ........................................8

IX.    PLAINTIFF FAILS TO STATE A CLAIM FOR "CONSTRUCTIVE FRAUD" ...........................................................................................10

X.     CONCLUSION................................................................................11

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS

1114695.2

1

2

## <u>TABLE OF AUTHORITIES</u>

3

<u>Page</u>

4

5

**Cases**

6

*Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968) ..................................................8

7

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 521, fn. 10 ....8

8

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*,
  159 F.3d 1178, 1181 (9th Cir. 1998).................................................................5

9

*Beauchamp v. Los Gatos Golf Course*, 273 Cal.App.2d 20, 32 (1969) ......................6

10

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007)..................................3

11

*Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*
  131 Cal.App. 4th 802, 823 (2005)..................................................................7

12

*Byrum v. Brand* 219 Cal.App.3d 926, 937-938 (1990) ..........................................10

13

*Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956, 959 (N.D. Ill. 2003)...................6, 9

14

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).....................5

15

*Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666,
  *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) .............................3

16

*Crocker-Anglo Nat'l. Bank v. Kuchman,* 224 Cal.App.2d 490 (1964)........................10

17

*Heinemann v. Jim Walter Homes, Inc.*, 47 F.Supp.2d 716 (D.W.Va.1998)..................5

18

*Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968) ..9

19

*Hoyem v. Manhattan Beach City School District*, 22 Cal.3d 508, 514 (1978) .............6

20

*Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188 (D.Or.2002) .........................5

21

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006).........3

22

*In Re GlenFed Inc. Securities Litigation*, ("*GlenFed*") 42 F.3d 1541, 1547 (1994)......8

23

*In re VeriFone Securities Litigation*, 11 F.3d 865, 868 (9th Cir.1993)........................8

24

*Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995) ....................7

25

*Manor Invest. Co., Inc. v. F.W. Woolworth* 159 Cal.App. 3d 586, 595 (1984) ...........8

26

*Nymark v. Heart Federal Savings and Loan Assn,*
  231 Cal.App.3d 1089, 1096 (1991)................................................................11

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS**

1114695.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# TABLE OF AUTHORITIES

Page

*Okun v. Sup. Ct.* 29 Cal. 3d 442, 454 (1981) ................................................................7

*Peterson Development Co. v. Torrey Pines Bank,* 233 Cal.App.3d 103 (1991) ..........10

*Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989) .....................................11

*Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990) ...............................................8, 9

*Tarmann v. State Farm Mutual Auto Insurance Co.,* 2 Cal.App.4th 153, 157 (1991)...9

*Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 784 (1979) ...............................................7

**Statutes**

12 C.F.R. § 226(f) ............................................................................................................ 6

12 U.S.C. § 2605 .............................................................................................................. 9

12 U.S.C. § 2605(f)(1)(A) ............................................................................................... 9

15 U.S.C. § 1602 .......................................................................................................... 4, 6

15 U.S.C. § 1635 .............................................................................................................. 6

15 U.S.C. §§ 1640, 1641 ................................................................................................. 3

*Civil Code* §§ 1788.10 .................................................................................................. 10

*Civil Code* §§ 1788.11 .................................................................................................. 10

*Civil Code* §§ 1788.12 .................................................................................................. 10

*Civil Code* §§ 1788.13 .................................................................................................. 10

*Civil Code* §§ 1788.14-16 ............................................................................................ 10

Section 17200 ................................................................................................................. 11

**Other Authorities**

Business and Professions Code § 17200 ........................................................................ 12

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS**

1114695.2

1   <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2       Defendant JPMorgan Chase Bank, N.A., an acquirer of certain assets and liabilities of

3   Washington Mutual Bank from the FDIC acting as receiver ("JPMorgan" or "Defendant"),

4   erroneously sued as JPMorgan Chase Bank, NA., as successor and/or acquirer of assets and

5   liabilities to/from Washington Mutual Bank and LENDER DOE ONE, submit the following

6   Memorandum of Points and Authorities in support of the motion to dismiss the Second Amended

7   Complaint ("SAC") of plaintiff Shaunn A. Fullmer ("Plaintiff").

8   **I.**    <u>**SUMMARY OF ARGUMENT**</u>

9       Plaintiff's SAC fails to cure the deficiencies that plagued his FAC and were pointed out in

10   JPMorgan's previous motion to dismiss, which was granted in its entirety.  The only notable

11   difference between Plaintiff's SAC and FAC is the addition of claims for negligence, civil

12   conspiracy, constructive fraud and deceit.  However, Plaintiff still fails to plead facts sufficient to

13   state a claim against JPMorgan.

14       In essence, Plaintiff seeks to rescind two loan transactions provided to Plaintiff and his wife,

15   Detra Fullmer (who is not a party to this action), in connection with the real property located at 4048

16   Monte Verde Drive, El Dorado Hills, California ("Subject Property").  To that end, Plaintiff alleges

17   violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act

18   ("RESPA") among others.  However, all of Plaintiff's claims fail as asserted against JPMorgan.

19       JPMorgan has absolutely no recorded interest in the Subject Property.  *See* Request for

20   Judicial Notice ("RJN"), Exhibits 1-3.  Moreover, JPMorgan is not the lender of the loan

21   encumbering the Subject Property.

22       Plaintiff's RESPA claim likewise fails as Plaintiff fails to allege any purported pecuniary loss

23   associated with JPMorgan's alleged failure to respond to a Qualified Written Request ("QWR").

24   Moreover, Plaintiff alleges not fact that he sent the QWR to JPMorgan.  Plaintiff cannot state a claim

25   for violation of the Fair Debt Collection Practices Act since it is based solely on conclusory

26   allegations.  Plaintiff cannot state a claim for "Negligence" against JPMorgan because no duty was

27   owed to Plaintiff.

28   ///

**NOTICE OF MOTION AND MOTION TO DISMISS**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   Plaintiff's claim for "Civil Conspiracy" fails because this claim is not a separate cause of

2   action, but a theory of vicarious liability under which certain defendants may be held liable for torts

3   committed by others - i.e., all parties to a conspiracy are jointly liable for tortious acts committed by

4   any of them pursuant to the conspiracy.

5   Plaintiff's claim for "Deceit" fails to allege facts with the required specificity and is premised

6   on his TILA claim, which was dismissed with prejudice as to JPMorgan.  Finally, Plaintiff's claim

7   for "Constructive Fraud" fails because no fiduciary duty is owed to Plaintiff by JPMorgan.

8   For these reasons, all claims against Defendants must be dismissed without leave to amend.

9   **II.   SUMMARY OF RELEVANT FACTS**

10   The following are the relevant allegations in the SAC and judicially noticeable facts set forth

11   in the documents included in the Request for Judicial Notice:

12   - The real property that is the subject of this dispute is located at 4048 Monte Verde Drive,
    El Dorado Hills, California 95762 (previously defined as "Subject Property").  *See*
13    Complaint, ¶ 8; Request for Judicial Notice ("RJN"), Exhibits 2-3

14   - A Grant Deed wherein Plaintiff and his wife, Detra Fullmer, acquired title to the Subject
    Property was recorded on March 3, 2006 with the El Dorado County Recorder as
15    instrument number 2006-0014493-00.  *See* RJN, Exhibit 1.

16   - Plaintiff and his wife, Detra Fullmer, obtained a mortgage loan in the sum of $500,000.00
    ("Loan"). The Loan was secured by a deed of trust ("DOT") encumbering the Subject
17    Property that was recorded on or about March 3, 2006 with the El Dorado County
    Recorder as instrument number 2006-0014494-00.  The DOT identifies 1st National
18    Lending Services. ("1st National") as the lender, Mortgage Electronic Registration
    Systems, Inc. ("MERS") as the nominee beneficiary, and Greenhead Investments, Inc.
19    ("Greenhead") as the trustee, and Plaintiff and his wife, Detra Fullmer, as the borrowers.
    *See* RJN, Exhibit 2.

20   - Plaintiff and his wife, Detra Fullmer, obtained a second mortgage loan in the sum of
21    $45,000.00 ("Second Loan").  The Second Loan was secured by a subordinate deed of
    trust ("Second DOT") encumbering the Subject Property that was recorded on or about
22    March 3, 2006 with the El Dorado County Recorder as instrument number 2006-
    0014495-00.  *See*, RJN, Exhibit 3.  The Second DOT identifies 1st National as the lender,
23    Greenhead as the trustee, and Plaintiff and his wife, Detra M. Fullmer, as the borrowers.
    *Id.*

24

25   **III.   THE STANDARD FOR A MOTION TO DISMISS**

26   A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state

27   a claim upon which relief can be granted.  While a complaint attacked by a Rule 12(b)(6) motion to

28   dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds of

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

2
**NOTICE OF MOTION AND MOTION TO DISMISS**

1    his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a

2    cause of action's elements will not do.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959

3    (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level on

4    the assumption that all of the complaint's allegations are true."  *Id.*

5    **IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR "VIOLATIONS OF REAL ESTATE**

6    **SETTLEMENT PROCEDURES ACT"**

7         In support of the claim for violations of Real Estate Settlement Procedures Act (RESPA), 12

8    U.S.C. Sections 2601 *et seq.*, Plaintiff alleges that JPMorgan "did not properly respond to Plaintiffs

9    (sic) request."  *See* SAC, ¶ 147.   However, this claim fails.

10        RESPA section 2605(e)(1)(B), states in relevant part:

11            "For purposes of this subsection, a **qualified written request** shall be a written
            correspondence, other than notice on a payment coupon or other payment medium
12            supplied by the servicer, that (i) includes, or otherwise enables the servicer to
            identify, the name and account of the borrower; and (ii) <u>includes a statement of the</u>
13            <u>reasons for the belief of the borrower, to the extent applicable, that the account is in</u>
            <u>error or provides sufficient detail to the servicer regarding other information sought</u>
14            <u>by the borrower."</u>

15        The purported Qualified Written Request letter ("QWR") attached as Exhibit D, clearly

16   shows that it was  addressed to Washington Mutual, not JPMorgan.  Notwithstanding this fact, the

17   purported QWR fails to provide the requisite information to enable the servicer to identify the

18   borrower.  The purported QWR fails to provide the borrowers account number, and ambiguously

19   provides an IndyMac loan number and a 1st National loan number.  Furthermore, even if, assuming

20   *arguendo,* that the QWR contained sufficient information, alleging a breach of RESPA duties alone

21   does not state a claim under RESPA.

22            "Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages.
            *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be
23            liable to the borrower ... [for] any actual damages to the borrower as a result of the
            failure."); *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S.
24            Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605
            must allege a pecuniary loss attributable to the alleged violation)."  *Hutchinson v.*
25            *Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006).

26        Here, the SAC contains no allegation that JPMorgan's alleged failure to "properly" respond to

27   the purported QWR caused any <u>pecuniary</u> loss to Plaintiff.  That is, a plaintiff must plead how his

28   damages resulted from alleged violation of RESPA.  Instead, Plaintiff nebulously alleges that he has

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

3

NOTICE OF MOTION AND MOTION TO DISMISS

1   been "unable to obtain the amounts necessary to tender, unable to tender and as a direct result, the

2   first mortgage holder sold the property thereby harming the Plaintiff by the loss of the property."

3   *See*, SAC, ¶ 154.  However, Plaintiff's claim of "damages" is inapplicable to JPMorgan as JPMorgan

4   did not foreclose on the first mortgage and any information relating to the "amounts necessary to

5   tender" would have been in connection with the second mortgage, not the first.   Accordingly,

6   Plaintiff simply fails to plead actual damages directly related to <u>JPMorgan's</u> purported failure to

7   "properly" respond to the deficient QWR.  Without the causal connection, no claim for violation of

8   RESPA can be asserted.  *Hutchinson*, 410 F.Supp.2d at 383.  For the foregoing reasons, the claim for

9   violation of RESPA must be dismissed.

## V.   PLAINTIFF'S CLAIM FOR "VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT" FAILS

12          In general, FDCPA was enacted to eliminate abusive debt collection practices by debt

13   collectors and to insure that those debt collectors who refrain from using abusive debt collection

14   practices are not competitively disadvantaged.  California's Rosenthal Debt Collection Practices Act

15   ("CFDCPA") precludes a "debt collector" from collecting, or attempting to collect, from a "debtor"

16   on a consumer debt in a threatening or harassing manner.  *See, Civil Code* §§ 1788, et seq.  The

17   CFDCPA outlines specific examples of prohibited practices, and includes, threats (*Civil Code* §§

18   1788.10); obscenity (*Civil Code* §§ 1788.11); misleading or false communications (*Civil Code* §§

19   1788.13); communications to third parties such as employers (*Civil Code* §§ 1788.12); and

20   overreaching (*Civil Code* §§ 1788.14-16).  Similarly, the FDCPA under 15 USC § 1692  was

21   enacted to eliminate abusive debt collection practices by debt collectors and to insure that those debt

22   collectors who refrain from using abusive debt collection practices are not competitively

23   disadvantaged.

24          In this case, Plaintiff summarily alleges that JPMorgan allegedly "repeatedly contacted

25   Plaintiff attempting to collect the debt".  *See,* SAC, ¶ 173.  This is a mere conclusory statement.

26   Plaintiff fails to identify what types of communications were made and the nature of those

27   communications.  Plaintiff sets forth a "partial list" of phone calls purportedly made in violation of

28   ///

*Left margin (vertical text):* ADORNO YOSS ALVARADO & SMITH  ATTORNEYS AT LAW  SANTA ANA

4

1   the FDCPA. *See* SAC, ¶ 173. However, fatal to Plaintiff's claim is his admission that the phone

2   calls were made by "DOE 1," not JPMorgan. *Id.*

3        Notwithstanding the fact that Plaintiff admits that it was not JPMorgan who allegedly called

4   Plaintiff, even if proper notification is sent to cease communication, not all subsequent

5   communication is prohibited. *See,* 15 USC §1692c(c) [Providing that debt collector may advise

6   consumer that further collection efforts being terminated, or notify the consumer that creditor may

7   invoke specified remedies ordinarily invoked by creditor; or to notify the consumer that the creditor

8   intends to invoke a specified remedy.]; *see also, Santaro v. CTC Foreclosure Service,* 12 Fed.Appx.

9   476 (9th Cir. 2007 [loan servicing company's conduct did not constitute "debt collecting" within

10  meaning of state and federal Fair Debt Collection Practices Act, despite direct contact with

11  mortgagors after being notified that they were represented by counsel, where first contact was letter

12  from company offering loan workout, and second direct contact was a statutorily required notice of

13  pending foreclosure sale of the property, which was sent by foreclosure service company, and did

14  not seek to collect the debt.].

15       Although the Court must construe the facts in the light most favorable to the non-moving

16  party, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a

17  motion to dismiss." *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178,

18  1181 (9th Cir. 1998). "[T]he court is not required to accept legal conclusions cast in the form of

19  factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*

20  *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).   Because the allegation is

21  conclusory at best, Plaintiff cannot state a claim for unfair debt collection practices under either the

22  FDCPA or CFDCPA.

23       Moreover, Plaintiff cannot state a claim under the FDCPA based upon the lender enforcing

24  its security interest under the deed of trust because the act of foreclosing upon a property cannot be

25  the basis of an FDCPA claim. *See Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188

26  (D.Or.2002) (the activity of foreclosing on the property pursuant to a deed of trust did not constitute

27  the collection of a debt within the meaning of the FDCPA); *Heinemann v. Jim Walter Homes, Inc.*,

28  ///

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS**

1114695.2

1   47 F.Supp.2d 716, 722 (D.W.Va.1998), aff'd, 173 F.3d 850 (4th Cir.1999) (finding that the act of

2   foreclosing on the property pursuant to the deed of trust did not fall within the terms of the FDCPA).

3            Based on the foregoing, Plaintiff's claim fails and must be dismissed.

4   **VI.    PLAINTIFF FAILS TO STATE A CLAIM FOR "NEGLIGENCE"**

5            An action for negligence must allege (1) defendant's legal duty of care toward plaintiff; (2)

6   defendant's breach of that duty; (3) injury to Plaintiff as a result of the breach- proximate or legal

7   cause; and (4) damage to plaintiff.  *Hoyem v. Manhattan Beach City School District*, 22 Cal.3d 508,

8   514 (1978); Witkin, *California Procedure*, Pleadings § 537, pg. 624 (4th ed. 1997).  The existence of

9   a duty of care owed by a defendant to a Plaintiff is a prerequisite to establishing a claim for

10  negligence.  *Beauchamp v. Los Gatos Golf Course*, 273 Cal.App.2d 20, 32 (1969).

11           In support of this claim, Plaintiff fails to make any allegations of wrongdoing attributable to

12  JPMorgan.  Rather, all of Plaintiff's allegations are directed at "DOE 1, by and through their agent,

13  JPMorgan," "Washington Mutual," "DOE 2" and "OneWest."  *See* SAC, ¶¶179-187.  For failing to

14  set forth any facts of any misconduct attributable to JPMorgan, this claim fails for this reason alone.

15           Despite the fact that Plaintiff's TILA claims were dismissed with prejudice against

16  JPMorgan, Plaintiff attempts to recast them in his negligence claim.  Specifically, Plaintiff attempts

17  to hold JPMorgan and DOE 1 liable for negligence for their purported failure to respond to Plaintiff's

18  request under 15 U.S.C. §1641 for the name, address and telephone number of DOE 1.  *See* SAC, ¶

19  181(a) and Court Order granting JPMorgan's Motion to Dismiss Plaintiff's FAC.  As set forth in

20  JPMorgan's motion to dismiss Plaintiff's FAC,

21           The only parties who can be liable for TILA violations are the original creditor and
             assignees of that creditor.  15 U.S.C. §§ 1640, 1641.  Servicers of consumer
22           obligations are not to be treated as assignees for purposes of imposing liability unless
             they are also the owner of the obligation. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d
23           956, 959 (N.D. Ill. 2003).  *See* Motion to Dismiss Plaintiff's FAC, p.3:14-18.

24           Thus, Plaintiff's claim for negligence based on allegations of JPMorgan's failure to provide

25  the name, address and telephone number of DOE 1 fails.

26           Similarly, Plaintiff attempts to hold JPMorgan liable for Doe 1's purported failure to respond

27  to Plaintiff's request for rescission within 20 days under 15 U.S.C. §1635.  *See* SAC, ¶ 181(b).

28  Again, all of Plaintiff's TILA claims were dismissed with prejudice as to JPMorgan.  Nonetheless, it

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

6

**NOTICE OF MOTION AND MOTION TO DISMISS**

1   is inconceivable that JPMorgan can be liable for Doe 1's purported failure to respond to Plaintiff's

2   request for rescission.  JPMorgan cannot be liable for negligence based on these allegations.

3         Plaintiff next attempts to find JPMorgan liable for negligence based on JPMorgan's failure to

4   respond to his "QWR."  *See* SAC, ¶ 181(c).  However, as set forth above, not only was the QWR not

5   sent to JPMorgan, but Plaintiff's letter did not qualify as a QWR.  Accordingly, these allegations are

6   without merit and subject to dismissal as well.

7         Further, Plaintiff cannot state a claim for negligence based on JPMorgan's alleged violation

8   of the FDCPA and CFDCPA.  *See* SAC, ¶ 181(d).  Not only does Plaintiff admit that it was Doe 1

9   who allegedly called Plaintiff and not JPMorgan, Plaintiff's allegations are conclusory at best.

10  Plaintiff cannot state a claim for unfair debt collection practices under either the FDCPA or

11  CFDCPA and therefore his negligence claim based thereon necessarily fails.

12        Finally, Plaintiff fails to allege that he was damaged by any wrongful conduct attributable to

13  JPMorgan.  Based on the foregoing, Plaintiff fails to state a claim for negligence against JPMorgan

14  and this claim must be dismissed with prejudice.

## VII.   PLAINTIFF'S CLAIM FOR "CIVIL CONSPIRACY" FAILS

16        As a preliminary matter, Plaintiff's "Civil Conspiracy" claim is not a separate cause of action,

17  but a theory of vicarious liability under which certain defendants may be held liable for torts

18  committed by others - i.e., all parties to a conspiracy are jointly liable for tortious acts committed by

19  any of them pursuant to the conspiracy. *Okun v. Sup.Ct.* 29 Cal. 3d 442, 454 (1981); *Berg & Berg*

20  *Enterprises, LLC v. Sherwood Partners, Inc.* 131 Cal.App. 4th 802, 823 (2005).  For that reason

21  alone, the claim must be dismissed.

22        Even if this Court was to consider the purported merits of the "Conspiracy" cause of action,

23  the claim is deficient.  Conspiracy allegations must allege (1) the formation and operation of the

24  conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from

25  such act or acts. *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).  The

26  conspiring defendants must also have actual knowledge that a tort is planned and concur in the

27  tortious scheme with knowledge of its unlawful purpose. *Wyatt v. Union Mortg. Co.*, 24 Cal. 3d

28  773, 784 (1979).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

7

**NOTICE OF MOTION AND MOTION TO DISMISS**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    Here, Plaintiff does not even allege that "Defendants" entered into a conspiracy. *See,* SAC,

2 ¶¶ 188-195.   Rather, Plaintiff simply sets forth the definition of a conspiracy. *See* SAC, ¶ 189.

3 Nowhere does Plaintiff identify the formation or operation in the conspiracy, any "illegal act"

4 committed by Defendants, or what damages were caused by such alleged acts.   This is simply

5 deficient to establish conspiratorial liability because a complaint must allege acts that would have

6 given rise to a tort cause of action without the conspiracy. *See In re VeriFone Securities Litigation,*

7 11 F.3d 865, 868 (9th Cir.1993) (conclusory allegations and unwarranted inferences are insufficient

8 to defeat a motion to dismiss for failure to state a claim); *Manor Invest. Co., Inc. v. F.W. Woolworth*

9 159 Cal.App. 3d 586, 595 (1984) (disapproved on other grounds in *Applied Equip. Corp. v. Litton*

10 *Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 521, fn. 10)].   Absent such allegations, the conspiracy

11 allegations are meaningless.

12 ## VIII.   **PLAINTIFF'S CLAIM FOR "DECEIT" FAILS**

13    The tort of deceit or fraud requires: 1) a false representation of a material fact, 2) knowledge

14 of the falsity (scienter), 3) intent to induce another into relying on the representation, 4) reliance on

15 the representation, and 5) resulting damage. *Ach v. Finkelstein,* 264 Cal.App.2d 667, 674 (1968); 5

16 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).   A plaintiff must plead a fraud

17 claim specifically and not generally.   Specific pleading requires facts that clearly allege every

18 element of the fraud. *Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990).

19    Additionally, Federal Rules of Civil Procedure ("FRCP") 9 has a specificity or particularity

20 requirement.   FRCP 9(b) states that "in all averments of fraud or mistake, the circumstances

21 constituting fraud or mistake shall be stated with particularity."   Thus, rule 9(b) serves to furnish

22 defendant with notice, but also imposes the additional obligation on plaintiff to "aver with

23 particularity the circumstances constituting the fraud." *In Re GlenFed Inc. Securities Litigation,*

24 ("*GlenFed*") 42 F.3d 1541, 1547 (1994).   The *GlenFed* court interpreted 9(b) to require allegations

25 not only the time, place and content of the alleged misrepresentation, but also the circumstances

26 indicating false statements:

27       "[t]o allege fraud with particularity a plaintiff must set forth more than the
         mutual facts necessary to identify the transaction.   The plaintiff must set
28       forth what is false or misleading about a statement, and why it is false.   In

**NOTICE OF MOTION AND MOTION TO DISMISS**

1114695.2

1    other words, the plaintiff must set forth an explanation as to why the
2    statements or omissions complained are misleading."

3    Id. at 1547-48; see also *Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990); *Hill Trans. Co. v.*

4    *Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968).

5        In addition, to assert a fraud action against a corporation, a plaintiff must also allege that

6    names of the person or persons who allegedly made the fraudulent representation, their authority to

7    speak, to whom they spoke, what they said or wrote, and when it was said or written. *Tarmann v.*

8    *State Farm Mutual Auto Insurance Co.,* 2 Cal.App.4th 153, 157 (1991).

9        Here, Plaintiff's "Deceit" claim is based on JPMorgan's purported failure to provide Plaintiff

10   with the "name, address and telephone number of the owners of the obligation to which Plaintiff is

11   obligated" under 15 U.S.C. §1641(f)(2). *See* SAC, ¶ 199. However, not only was Plaintiff's TILA

12   claim dismissed with prejudice as set forth above, but Plaintiff fails to plead any of the elements of

13   deceit with the required specificity. *See* SAC, ¶¶196-201.

14       Further, as set forth above and in JPMorgan's motion to Dismiss Plaintiff's FAC,

15   The only parties who can be liable for TILA violations are the original creditor and
16   assignees of that creditor. 15 U.S.C. §§ 1640, 1641. Servicers of consumer
     obligations are not to be treated as assignees for purposes of imposing liability unless
     they are also the owner of the obligation. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d
17   956, 959 (N.D. Ill. 2003). *See* Motion to Dismiss Plaintiff's FAC, p.3:14-18.

18       Thus, JPMorgan cannot be liable for "deceit" under 15 U.S.C. §1641 because JPMorgan is

19   merely a loan servicer and therefore exempt from liability. Accordingly, Plaintiff's deceit claim

20   based on these grounds fails.

21       Finally, Plaintiff does not even allege that JPMorgan made any representations at all. *Id.*

22   Plaintiff's allegations do not begin to provide even a modicum of the required factual information as

23   to the "how, when, where, to whom, and by what means," JPMorgan is alleged to have committed

24   deceit with respect to Plaintiff. Because Plaintiff does not include these critical facts, let alone **any**

25   facts, and more importantly, cannot amend his SAC to include any such coherent factual pleading as

26   to JPMorgan, Plaintiff has failed to state a viable deceit claim warranting survival beyond this

27   motion to dismiss. Accordingly, the motion to dismiss the fraud claims should be granted, without

28   further leave to amend.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS
1114695.2

## IX.   PLAINTIFF FAILS TO STATE A CLAIM FOR "CONSTRUCTIVE FRAUD"

Again, Plaintiff erroneously attempts to hold JPMorgan for failing to provide him with the name, address and telephone number of the owners and obligation to which Plaintiff is obligated under 15 U.S.C. §1641 despite the fact that his TILA claim was dismissed with prejudice. *See* SAC, ¶ 204. Notwithstanding that Plaintiff's TILA claims was dismissed with prejudice, Plaintiff's claim for "Constructive Fraud" fails as a matter of law since JPMorgan does not owe Plaintiff a fiduciary duty. California Civil Code § 1573 defines "constructive fraud" as consisting of:

> (1) In <u>any breach of duty which</u>, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him, or
> (2) In any such act or omission as the law specially declare to be fraudulent, without respect to actual fraud.
> (Emphasis added)

It is well-established that the duty that is breached in a cause of action for constructive fraud must be one created by a confidential or <u>fiduciary relationship</u>. *Byrum v. Brand* 219 Cal.App.3d 926, 937-938 (1990). In addition, it has been held that:

> [B]y the clear language of section 1573 there must be a 'breach of duty' to give rise to constructive fraud. <u>This duty must be one</u> created by a confidential relationship, for section 1573 of the Civil Code states 'the rule applicable in confidential relations. It has never been applied to fix liability for the breach of a statutory duty except that of a fiduciary. [citation omitted]. [I]t is essential to the operation of this principle <u>that there be a fiduciary relation</u>. It is one of the facts constituting the fraud.' "

*Crocker-Anglo Nat'l. Bank v. Kuchman,* 224 Cal.App.2d 490, 494 (1964) (Emphasis added.); *see also, Peterson Development Co. v. Torrey Pines Bank,* 233 Cal.App.3d 103, 116 (1991).

Again, JPMorgan was not the originating lender of the loan and as such, cannot be held liable for constructive fraud that arose out of the purported wrongful acts surrounding the loan origination. Assuming *arguendo* that JPMorgan was the lender, which JPMorgan does not concede, Plaintiff's claim still fails.

Plaintiff cannot allege any wrongful conduct on the part of JPMorgan because JPMorgan cannot be liable for not disclosing certain information under 15 U.S.C. §1641 because JPMorgan is merely a loan servicer and therefore exempt from liability. Nevertheless, Plaintiff attempts to tie liability to JPMorgan for wrongdoing committed by WaMu, Doe 1 and OneWest.

10

**NOTICE OF MOTION AND MOTION TO DISMISS**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

It is well established that "[a]s a general rule, <u>a financial institution owed no duty of care to a borrower</u> when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money[.]" *Nymark v. Heart Federal Savings and Loan Assn*, 231 Cal.App.3d 1089, 1096 (1991). (Emphasis added). Moreover, in *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989), the Court held that the bank did not owe any fiduciary duty to the plaintiffs because:

> "It has long been regarded as "axiomatic that the relationship between a bank and its depositor arising out of a general deposit is that of a debtor and creditor." (citation omitted). "A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." (citation omitted). <u>The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.</u>" (Emphasis added).

Plaintiff does not allege that the relationship between Plaintiff and JPMorgan constituted more than a lender-borrower relationship which does not give rise to a fiduciary duty pursuant to *Price* and *Nymark*. Accordingly, since JPMorgan does not owe Plaintiff a fiduciary duty, a claim for constructive fraud does not lie and is subject to dismissal without leave to amend.

## X.    **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant their motion to dismiss without leave to amend as to all claims asserted against Defendant.

DATED:  February 22, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
    JOHN M. SORICH
    S. CHRISTOPHER YOO
    GEOFFREY C. BRETHEN
    Attorneys for Defendant
    JPMORGAN CHASE BANK, N.A., AN
    ACQUIRER OF CERTAIN ASSETS AND
    LIABILITIES OF WASHINGTON MUTUAL
    BANK FROM THE FDIC ACTING AS
    RECEIVER, erroneously sued as JPMORGAN
    CHASE BANK, NA., as successor and/or
    acquirer of assets and liabilities to/from
    Washington Mutual Bank and LENDER DOE
    ONE

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**NOTICE OF MOTION AND MOTION TO DISMISS**
1114695.2

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

*Fullmer v. JP Morgan Chase Bank, NA, et al.*

USDC Case No.: 09-cv-01037-GEB-JFM

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On February 22, 2010, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows: **SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 22, 2010, at Santa Ana, California.

_____

Vicki Warren

1085976.1

## SERVICE LIST

*Fullmer v. JP Morgan Chase Bank, NA, et al.*
USDC Case No.: 09-cv-01037-GEB-JFM

Kimberlee A. Rode, Esq.
LAW OFFICES OF KIMBERLEE A. RODE
9284 Jackson Road
Sacramento, CA 95826

Telephone: (916) 417-4564
Facsimile: (916) 244-7006

**Attorneys for Plaintiff**

David R. Zaro
Joshua R. Mandell
ALLEN MATKINS LECK GAMBLE
  MALLORY AND NATSIS
515 South Figueroa Street, 9th Floor
Los Angeles, CA 90071

1085976.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Fullmer v. JP Morgan Chase Bank, NA, et al.*

USDC Case No.: 09-cv-01037-GEB-JFM

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On February 22, 2010, I served the foregoing document described as **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6))** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows: **SEE ATTACHED SERVICE LIST**

☒  **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐  **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐  **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 22, 2010, at Santa Ana, California.

Vicki Warren

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1085976.1

## SERVICE LIST

*Fullmer v. JP Morgan Chase Bank, NA, et al.*
USDC Case No.: 09-cv-01037-GEB-JFM

Kimberlee A. Rode, Esq.
LAW OFFICES OF KIMBERLEE A. RODE
9284 Jackson Road
Sacramento, CA  95826

Telephone:   (916) 417-4564
Facsimile:    (916) 244-7006

**Attorneys for Plaintiff**

David R. Zaro
Joshua R. Mandell
ALLEN MATKINS LECK GAMBLE
  MALLORY AND NATSIS
515 South Figueroa Street, 9th Floor
Los Angeles, CA  90071

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1085976.1