DAVID R. ZARO (BAR NO. 124334)
JOSHUA R. MANDELL (BAR NO. 225269)
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
         jmandell@allenmatkins.com

Attorneys for Defendant
ONEWEST BANK, FSB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNN A. FULLMER, | Case No. 2:09-cv-01037-JFM |
| Plaintiffs, | Mag. Judge: John F. Moulds |
| vs. | REPLY IN SUPPORT OF DEFENDANT ONEWEST BANK, F.S.B.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT |
| JPMORGAN CHASE BANK, NA., as successor by merger to WASHINGTON MUTUAL BANK, and ONEWEST BANK, FSB as successor by acquisition of INDYMAC FEDERAL BANK, | |
| Defendants. | Date: April 1, 2010<br>Time: 11:00 a.m.<br>Ctrm: 26 |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

855663.01/LA

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT

# I. INTRODUCTION.

Plaintiff's entire Complaint[1] is predicated upon one already discredited fact-- that, on January 14, 2009, a company called Mortgage Litigation Consultants sent a multipurpose form letter on Plaintiff's behalf, the QWR, that was ignored by defendants. That letter was not addressed to OneWest because OneWest wasn't in existence at the time. In fact, the letter was addressed to an entity that was operated by the FDIC and thereby excluded from any requirement to respond to the letter.

The Court already determined that "OneWest was not served with a copy of the QWR, and in fact, wasn't even in existence on January 14, 2009, the date the QWR was mailed...Plaintiff has failed to rebut this evidence." (Order, p. 8). Despite the Court's Order, Plaintiff's SAC is devoid of any allegation that OneWest received the QWR, and fails to provide any basis for OneWest's alleged duty to respond to a letter that it never received. Plaintiff's opposition to OneWest's Motion to Dismiss[2] ("Opposition") conspicuously fails to address this issue. Nonetheless, Plaintiff uses the purported failure to respond to the many demands of the letter as the basis for asserting a host of new claims against OneWest that exceed the limited grant of leave this Court gave Plaintiff.

Plaintiff does not allege any wrongdoing by OneWest that is not predicated on its alleged failure to respond to the QWR. Each cause of action is deficient on its face, and even fails to demonstrate why OneWest is an appropriate party to this action.

As set forth in the Motion, dismissal is appropriate here for at least the following reasons:

- Plaintiff's claim for violation of the RFDCPA is based on the QWR that OneWest never received and was under no duty to comply with.

---

[1] Unless defined in this memorandum, all capitalized terms have the same meaning attributed to them in the Motion.
[2] Plaintiff's Opposition was untimely when filed and served on March 19, 2009.

- Plaintiff is not entitled to recover for tort claims that are based on OneWest's alleged failure to respond to a QWR that OneWest never received.
- Plaintiff cannot allege OneWest's alleged failure to respond to his QWR caused him damages when Plaintiff defaulted on the Loan months before sending the QWR.
- Plaintiff's SAC goes well beyond the limited leave this Court granted by adding new "deficient" claims rather than correcting the deficiencies in the claims previously asserted.

## II. PLAINTIFF'S OPPOSITION FAILS TO SAVE HIS CLAIM FOR "VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT".

Plaintiff contends that the Complaint sufficiently pled a violation of the RFDCPA by alleging that OneWest made contact with Plaintiff outside the specific notice requirements provided for in Civil Code 2924 after Plaintiff demanded OneWest cease to contact him. (Opposition, p. 5). This claim, as all others, is based entirely on the January 14, 2009 letter addressed to IndyMac Federal Bank, not OneWest. (Order, p. 8; January 14, 2009 letter attached as Exhibit C to the SAC).

Plaintiff's Opposition does not attempt to rebut the fact that OneWest never received the letter and simply ignores the Court's Order on this very point (Order p. 8). Undeterred, Plaintiff continues to prosecute this claim against OneWest for an alleged failure to comply with a letter that it never received.

Furthermore, while Plaintiff's Opposition purports to identify the specific code section he alleges OneWest violated, the SAC does not. The Court does not consider allegations made in opposition papers in determining whether claims have been properly pled on the face of the complaint. *See Schneider v. California Dept. of Corrections*, 151 F3d 1194, 1197 (9th Cir. 1998)(such allegations are irrelevant for Rule 12(b)(6) purposes). Therefore, the SAC fails to put OneWest on notice of its alleged violation.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

855663.01/LA

-2-

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT

Plaintiff's Opposition fails to save his claim for Violations of the RFDCPA and the Fourth Cause of Action should be dismissed with prejudice.

## III. THE OPPOSITION FAILS TO SAVE PLAINTIFF'S CLAIM FOR NEGLIGENCE.

In his Opposition, Plaintiff attempts to cure his defective Negligence claim by alleging that TILA imposes a statutory duty on OneWest to provide the information requested by Plaintiff. (Opposition, p. 7). Again, Plaintiff is alleging that OneWest had a duty and was negligent in failing to respond to a QWR that it never received. Such an allegation is deficient on its face.

Furthermore, Plaintiff has not alleged a TILA violation against OneWest. Plaintiff cannot allege that OneWest was negligent in failing to comply with a duty imposed by TILA without first alleging that OneWest violated TILA. The Court already determined that Plaintiff cannot bring a TILA claim against OneWest as a servicer of the Loan because servicers are not liable for damages under TILA. (Order, p. 7). If a TILA claim has not and cannot be properly alleged against OneWest, Plaintiff cannot use TILA as a means to establish OneWest owed Plaintiff a duty of care.

Plaintiff's contention that such allegations make a negligence cause of action "plausible" under the federal standard is incorrect. (Opposition, p. 8). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible *on its face*.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(Emphasis added). On the face of the SAC, Plaintiff has not alleged any facts that would make a cause of action for Negligence plausible.

In addition, Plaintiff's Opposition does not address his failure to allege damages. Plaintiff cannot credibly claim that his house was foreclosed upon because OneWest failed to respond to a QWR (it never received) that was sent <u>after</u> Plaintiff defaulted on his Loan.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

855663.01/LA

-3-

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT

Finally, Plaintiff's Negligence claim is preempted by federal law. Plaintiff's allegation that he is asserting a general negligence claim that only incidentally affects a federal savings association is directly contradicted by the argument in his Opposition. Plaintiff alleges that TILA, a federal statute that regulates the manner in which federal savings institutions originate and service mortgages, created a duty for OneWest to service his Loan in a particular manner, and its failure to do so was negligent. This allegation directly relates to the processing, origination, *servicing*, sale, purchase of, or *investment* or participation in a mortgage and is encompassed in and preempted by 12 C.F.R. § 560.2(b).

For all of the above reasons, Plaintiff's claim for Negligence is deficient on its face and should be dismissed with prejudice.

## IV. **PLAINTIFF'S OPPOSITION FAILS TO SAVE HIS CLAIM FOR CIVIL CONSPIRACY.**

Plaintiff's Sixth Cause of Action for Civil Conspiracy is again based on the faulty allegation that OneWest conspired to prevent Plaintiff from getting the information that he requested in the QWR, which OneWest never received.

Plaintiff's Opposition does not even attempt to cure or justify his failure to rebut the fact that OneWest never received this QWR, and was under no obligation to respond to it. Rather than address the deficiencies in his SAC, Plaintiff alleges in his Opposition, that "defendants" conspired to negligently breach their statutory duties. As such, Plaintiff's Sixth Cause of Action is deficient on its face and should be dismissed with prejudice.

## V. **PLAINTIFF'S OPPOSITION FAILS TO SAVE HIS CLAIM FOR DECEIT.**

On January 14, 2009, Plaintiff sent a letter, which he contends was a QWR, to IndyMac Federal Bank, an entity then operated by the FDIC. The FDIC was under no obligation to respond to this QWR. Plaintiff has not alleged that OneWest ever received this QWR. (Order, p. 8). Plaintiff now claims that OneWest intentionally

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

855663.01/LA

-4-

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT

1  deceived him by not providing the information requested in the QWR. Plaintiff
2  argues that OneWest's failure to respond to the QWR that it never received is "a
3  classic deceit case." (Opposition, p. 8).
4      In support of his argument, Plaintiff cites the 1884 case of *Cockrill v. Hall*, 65
5  Cal. 326 (1884). The *Cockrill* case has no relevance to Plaintiff's Cause of Action
6  for Deceit. In *Cockrill*, the court was called to decide whether a Plaintiff, who was
7  the holder of a Note and had demanded payment on the Note from Defendant, was
8  deceived when the defendant took the Note, promising to pay the amount owing the
9  next day, but instead held the note until the time to collect on the Note ran out.
10     Plaintiff's allegation that, like the defendant in *Cockrill*, OneWest is "trying to
11 be slick by holding all of the keys to the answers" which is causing harm to Plaintiff
12 directly contradicts the facts. (Opposition, p. 9). In the case at hand, Plaintiff never
13 requested anything from OneWest. Furthermore, Plaintiff cannot allege that he
14 suffered any damage as a result of OneWest's alleged failure to provide Plaintiff
15 with the requested information. Plaintiff successfully paid his mortgage for two
16 years. Plaintiff then defaulted on the Loan. It was only after receiving the Notice of
17 Default that Plaintiff sent the QWR to IndyMac Federal Bank. Plaintiff cannot
18 logically allege that OneWest caused Plaintiff to stop paying his mortgage by failing
19 to respond to the QWR it never received.
20     Furthermore, as explained in the Motion, Deceit is a claim grounded in fraud
21 and Plaintiff must plead the elements of a fraud claim with specificity. The SAC
22 fails to allege Plaintiff's Seventh Cause of Action for Deceit with the requisite
23 particularity and the Opposition does not address this failure.

## VI. THE OPPOSITION FAILS TO SAVE PLAINTIFF'S CLAIM FOR CONSTRUCTIVE FRAUD.

26     Plaintiff's Eighth Cause of Action is again based on the faulty allegation that
27 OneWest was obligated to respond to the January 14, 2009 letter that was not sent to
28 it, and which it never received. The Court has already determined that this letter

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

855663.01/LA

-5-

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT

was not sent to or received by OneWest. (Order, pp. 8). Plaintiff's Opposition makes no attempt to rebut this or address his failure to plead fraud with the required specificity.

Plaintiff's Cause of Action for Constructive Fraud is deficient and should be dismissed with prejudice.

## VII. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND HIS COMPLAINT IS IMPROPER AND SHOULD BE REJECTED.

In his Opposition, Plaintiff requests the Court grant him leave to amend his Second Amended Complaint to include "Deutsche Bank" as a Defendant. Plaintiff's request should be denied because he has no basis for such an amendment and his request is procedurally improper.

First, the time for Plaintiff to amend his complaint as a matter of right has passed. If Plaintiff believes there is a basis to hold Deutsche Bank liable for the causes of action asserted in the SAC, Plaintiff must file a motion for leave to amend. Plaintiff cannot properly make this request in an Opposition. Fed. Rule Civ. Proc. 15(a)(2); *PR Diamonds, Inc. v. Chandler* 364 F.3d 671, 698 (2004)(Plaintiffs denied leave to amend, even though the complaint had been dismissed for failure to state claim on which relief could be granted, where plaintiffs failed to file actual motion seeking leave to amend their complaint, and instead simply included request for leave to amend in their brief opposing defendants' motion to dismiss). Plaintiff is attempting to request the Court grant him leave to amend his complaint without filing a motion is improper and should be denied.

Second, as set forth above, Plaintiff already lacks a basis to hold OneWest liable for the claims asserted in his Complaint. Plaintiff requests leave to amend his Complaint to add Deutsche Bank as a defendant simply because Deutsche Bank took title to the Property at the foreclosure sale. (Opposition, p. 4). All of Plaintiff's claims are based on an alleged failure to respond to a QWR Plaintiff sent to IndyMac Federal Bank on January 14, 2009. It is hard to fathom what possible

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

855663.01/LA

-6-

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT

1 liability Deutsche Bank could have by virtue of its recent acquisition of the Property. Adding yet another defendant will only result in a further burden to this Court.

## VIII. CONCLUSION.

For the foregoing reasons, OneWest respectfully requests that the Court grant its motion to dismiss without leave to amend.

Dated: March 25, 2010

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA R. MANDELL

By:  /S/ Joshua R. Mandell
JOSHUA R. MANDELL
Attorneys for Defendant
ONEWEST BANK, FSB

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

855663.01/LA

-7-

Case No. 2:09-cv-01037-JFM
REPLY IN SUPPORT OF MOTION TO
DISMISS SECOND AMENDED COMPLAINT