JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AN ACQUIRER OF
CERTAIN ASSETS AND LIABILITIES OF WASHINGTON
MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER,
erroneously sued as JPMORGAN CHASE BANK, NA., as
successor and/or acquirer of assets and liabilities to/from
Washington Mutual Bank

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNN A. FULLMER, | CASE NO.: 09-cv-01037-JFM |
| Plaintiff, | JUDGE: Hon. John F. Moulds |
| v. | REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| JPMORGAN CHASE BANK, NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank and LENDER DOE ONE and ONEWEST BANK, FSB as successor by acquisition of Indymac Federal Bank and LENDER DOE TWO, | |
| | DATE: April 1, 2010 |
| | TIME: 11:00 a.m. |
| | CRTRM: 26 |
| Defendants. | Action Filed: April 17, 2009 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant JPMorgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the FDIC acting as receiver ("JPMorgan" or "Defendant"), erroneously sued as JPMorgan Chase Bank, NA., as successor and/or acquirer of assets and

///

liabilities to/from Washington Mutual Bank respectfully submits this Reply to the Opposition of plaintiff Shaunn A. Fullmer ("Plaintiff").

## I. SUMMARY OF ARGUMENT

The Opposition fails to resolve any of the deficiencies in the SAC as discussed in the Motion to Dismiss. In fact, the Opposition further illustrates the inconsistencies and obvious flawed contentions of Plaintiff in this regard. Indeed, Plaintiff purports to recast claims which this Court has dismissed without leave to amend into common law claims for negligence and fraud. Regardless of how Plaintiff recasts such claims, they are irreparably defective and subject to dismissal. Thus, as discussed herein, and as set forth in the Motion to Dismiss, the claims asserted against JPMorgan fail. Accordingly, such claims are subject to dismissal without leave to amend.

## II. PLAINTIFF'S RESPA CLAIM FAILS

Initially Defendant notes that Plaintiff erroneously avers and alleges that JPMorgan and Washington Mutual are the same entity. *See,* Opposition, 1:20-21; *see also,* SAC, ¶ 141. However, Plaintiff's sweeping contentions are wholly without merit. Ostensibly such contention is made to mask Plaintiff's own errors with respect to the purported QWR addressed to "Washington Mutual".

First, Plaintiff's contention that JPMorgan acquired the name of "Washington Mutual" on September 28, 2008 is incorrect. On September 25, 2008, the Office of Thrift Supervision placed Washington Mutual Bank in a receivership and appointed the FDIC as receiver. *See,* Request for Judicial Notice in Support of Reply, Exhibit 4. On the same date, JPMorgan entered into a purchase and assumption agreement with the FDIC acting in its corporate capacity as well as receiver for WaMu. *Id.* JPMorgan did not acquire the name "Washington Mutual", only certain assets and liabilities of Washington Mutual from the FDIC acting as receiver. Consequently, the contention that Washington Mutual and JPMorgan are the same entity is simply incorrect and must be rejected.

Secondly, even assuming the letter was a QWR for purposes of RESPA and that JPMorgan had an obligation to respond to the same, Plaintiff still fails to allege any damage as a result of the alleged failure to respond. Plaintiff fails to offer a persuasive rebuttal. Rather, Plaintiff recites portions of RESPA and contends that facts have been alleged that JPMorgan purportedly violated the same in heavy reliance on the flawed theory that JPMorgan and Washington Mutual are the same

1   entity. In that respect, Plaintiffs' reliance upon the conclusory statements contained in paragraphs
2   153-154 of the SAC fails to establish the appropriate nexus between any alleged RESPA breach and
3   actual damages. *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be
4   liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); *Cortez*
5   *v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa.
6   May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the
7   alleged violation); *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006).

8   Plaintiff's reliance on *Pelayo v. Home Capital Funding* 2009 WL 1459419 (S.D.Cal. 2009) is
9   misplaced. Plaintiff contends that since Plaintiff incorporates "all of the preceding paragraphs in its
10  complaint", Plaintiff has properly sufficiently pled damages. *See,* Opposition, 9:11-12. However,
11  *Pelayo* does not support this proposition. Rather, *Pelayo*, denied a Motion to Dismiss because the
12  Plaintiff *actually pled* pecuniary loss, which Plaintiff failed to do in this case. Nevertheless, in
13  *Pelayo,* <u>the Court declined to reach the issue of whether an allegation of pecuniary damages is</u>
14  <u>necessary to plead a claim under Section 2605</u>. 2009 WL 1459419 at 3, fn.4 ("EMC argues 'Plaintiffs
15  must, at a minimum, also allege that the breach resulted in actual damages.'...The Court declines to
16  reach the issue of whether an allegation of pecuniary damages is necessary to plead a claim under 12
17  U.S.C. § 2605."). Other courts have dismissed claims for RESPA violations based on the alleged
18  failure to respond to a QWR where plaintiffs fail to allege they suffered any actual damages as a
19  result of such a failure. *See, Gates v. Wachovia Mtg, FSB* 2010 WL 902818 at *6 *(E.D.Cal.2010);*
20  *Singh v. Washington Mut. Bank,* 2009 WL 2588885 *5 (N.D.Cal.,2009); *Benham v. Aurora Loan*
21  *Servs.,* 2009 2009 WL 2880232 at **10-11 (N.D. Cal., 2009).

22  Indeed, Plaintiff alleges that as a result of the alleged failure to respond, Plaintiff "was unable
23  to obtain the amounts necessary to tneder (sic), unable to tender and...the first mortgage holder sold
24  the property[.]" *See,* SAC, ¶ 154. The inherent problem with this contention is that Plaintiff alleges
25  that JPMorgan is the servicer for the second loan, not the first loan. *See,* SAC, ¶ 12. Since it was the
26  first loan that was foreclosed upon, as alleged by Plaintiff (SAC, ¶ 31), it is illogical that the alleged
27  failure to respond to the QWR for the second loan would hinder Plaintiff's ability to tender with
28  respect to the first loan. Indeed, as is clear from Plaintiff's own allegations, it is the foreclosure on the

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

first loan that resulted in the Plaintiff's loss of the property. Consequently, no claim for RESPA can lie.

### III.   PLAINTIFF'S FAIR DEBT COLLECTION PRACTICES ACT CLAIM STILL FAILS

In his Opposition, Plaintiff concedes that "contact connected with the foreclosure of the property is not debt collection activity[.]" *See,* Opposition, 9:15-16. However, Plaintiff's Opposition and SAC is a futile attempt to escape the reality, and the court's own acknowledgement that "the activity" of foreclosing on a property pursuant to a deed of trust is not a debt within the meaning of the RFDCPA. *See,* Court's Order of January 16, 2010 at 12:1-12. In that regard, Plaintiff contends that he has excluded contact related to foreclosure ostensibly having alleged certain calls and characterizing the same as "(outside of the statutorily required notices under Civil Code 2924 et seq. related to non-judicial foreclosure)." *See,* SAC, ¶ 173. Plaintiff fails to identify what types of communications were made and the nature of those communications. Impliedly reference to the contact "outside of the statutorily required notices", which are required by statute to be mailed and/or posted notices, presupposes contact made in connection with non-judicial foreclosure. The fact remains that Plaintiff's SAC still fails to state a claim for violation of the RFDCPA. Accordingly, for the reasons set forth in the moving papers and herein, the claim is subject to dismissal without leave to amend.

### IV.   PLAINTIFF FAILS TO STATE A CLAIM FOR NEGLIGENCE

It is undisputed that in order to state a claim for negligence, a duty must exist between Plaintiff and Defendant. *Hoyem v. Manhattan Beach City School District*, 22 Cal.3d 508, 514 (1978). Despite several deficiencies in this claim, Plaintiff merely contends that "there is a statutory duty to Plaintiff." *See,* Opposition, 10:6. Interestingly, Plaintiff fails to identify the statutory duty upon which he relies. Rather, Plaintiff's negligence claim is nothing more than a recasting of failed claims.

First, in an attempt to revive the claim for TILA violations, Plaintiff seeks to hold Defendant liable for negligence for the purported failure to respond to Plaintiff's request under 15 U.S.C. §1641 for the name, address and telephone number of DOE 1. *See* SAC, ¶ 181(a). However, not only did the court expressly dismiss the TILA claim, an assertion of such claim is ostensibly

preempted. On January 16, 2010, this Court issued an order dismissing, with prejudice, Plaintiff's claim for TILA violations based on the same underlying facts. *See,* Court's Order of January 16, 2010 at 7:18-20. Thus, Plaintiff's recasting of the same as one for negligence must be rejected. *See, Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1048 (9th Cir.2000) ["A court may not allow plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'"]. Indeed, since Plaintiff seeks effectively impose the requirements of TILA on JPMorgan through this claim, it too must necessarily fail as the Court has previously determined.

Second, *Peay v. Midland Mortg. Co.* 2010 WL 476677 (E.D.Cal.,2010) is instructive in this case. In *Peay,* the Plaintiff alleged that the loan servicer, Midland Mortgage, was negligent when it allegedly violated the statutory requirements of RESPA. *Peay, supra,* at * 3. However, the Court expressly rejected this contention reasoning that:

> The negligence per se doctrine does not establish a cause of action distinct from negligence. [Citation omitted] ("[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed."). Rather, the negligence per se doctrine treats a statutory violation as evidence of negligence. [Citation omitted]…the plaintiff is not entitled to a presumption of negligence in the absence of an underlying negligence action. [Citation omitted].

*Peay, supra,* at * 3.

Similarly, in this case, Plaintiff's negligence claim is predicated on the contention that JPMorgan, the loan servicer, allegedly violated certain provisions of RESPA, and other federal statutes. However, Plaintiff fails to establish an essential claim—namely, that JPMorgan even owed Plaintiff a duty of care. In that regard, Plaintiff fails to rebut the unequivocal legal authority that a lender does not owe a borrower a duty of care beyond those expressed in the loan agreement unless its actions go beyond the domain of that of a usual money lender. *Nymark v. Heart Federal Savings and Loan Assn,* 231 Cal.App.3d 1089, 1096 (1991). Similarly, a loan servicer does not owe a duty to borrower. *See, Marks v. Ocwen Loan Servicing,* No. 07-2133, 2009 WL 975792 at *7 (N.D.Cal. Apr.10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract."). Here, there are no allegations that would support a reasonable inference

///

that there was a special relationship between Plaintiff and JPMorgan or that JPMorgan engaged in any acts to give rise to the same.

Thus, based on the foregoing, Plaintiff's negligence claim fails

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR CIVIL CONSPIRACY FAILS

Plaintiff summarily contends that since the preceding paragraphs of the SAC were incorporated by reference, which included a "tort", the claim for civil conspiracy is properly pled. *See,* Opposition, 10:24-25. Plaintiff is mistaken.

As discussed in the moving papers, conspiracy is not a separate cause of action, but a theory of vicarious liability under which certain defendants may be held liable for torts committed by others. Notably, standing alone, "a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of the actual tort." *Applied Equipment Corp.*, 7 Cal.4th 503, 511. Since conspiracy is not an independent tort, "it allows tort recovery only against a party who already owes a duty and is not immune from liability based on applicable substantive tort law principles." *Id.* Thus, based on the applicable law, the SAC fails to state a cause of action for conspiracy because no independent cause of action for conspiracy exists.

Even assuming the same existed, to render defendant liable for wrongs committed by another, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done, and (3) the damage resulting from such act or acts. *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995).

Here, Plaintiff fails to allege the operation of the conspiracy, the formation of the alleged conspiracy, the wrongful acts done in furtherance of the conspiracy, or even the damage caused from the alleged conspiracy. Rather, Plaintiff purports to revive the deficient claims for violation of the Truth in Lending Act, RESPA claim, and RFDPCA claim. However, Plaintiff contends that a claim for conspiracy is sufficiently plead since he has alleged a "tort", negligence. This contention is without merit.

First, in the absence of allegations showing negligence, the SAC fails to allege a conspiracy to commit this tort. Second, district courts have noted that negligence cannot serve as an underlying tort for civil conspiracy. *See, Kohler v. Pulvers* 606 F.Supp. 164, 173 n.10 (S.D.Cal.1985) [noting

lack of "California decisional authority imposing liability for conspiring to commit negligence" and observing that "allegation of civil conspiracy appears inherently inconsistent with the allegation of an underlying act of negligence"]; see also, *Mendez v. County of Alameda*, 2005 WL 3157516 at *12 (N.D.Cal.2005) (holding "the law does not recognize a conspiracy to commit negligence"; observing "[i]t is a non sequitur to speak of parties intentionally agreeing to fail to exercise due care")." Thus, Plaintiff's claim reliance on the tort of negligence to support a claim for civil conspiracy fails. Accordingly, the claim is subject to dismissal without leave to amend.

## VI.  PLAINTIFF FAILS TO STATE A CLAIM FOR DECEIT OR CONSTRUCTIVE FRAUD

Plaintiff contends that sufficient facts have been alleged to state a claim for deceit predicated on the contention that JPMorgan has suppressed a fact. *See,* Opposition, 11:24-25. Most telling from this contention is a concession that JPMorgan has not made any affirmative representations to Plaintiff, let alone misrepresentations of material fact. Rather, Plaintiff's deceit claim is sounding in a claim for fraudulent concealment. However, both fraudulent concealment and constructive fraud require the existence of a fiduciary duty. Indeed, it is well-established that the duty that is breached in a cause of action for constructive fraud must be one created by a confidential or fiduciary relationship. *Byrum v. Brand* 219 Cal.App.3d 926, 937-938 (1990). Likewise, a defendant must have been under a duty to disclose the concealed fact to plaintiff. BAJI No. 12.35 (8th ed.). Therefore, liability for concealment is imposed where the defendant is in a fiduciary or other confidential relationship that imposes a duty of disclosure. Civil Code § 1710.

In this case, Plaintiff cannot refute the fact that, a financial institution owed no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Federal Savings & Loan Association Id.* 231 Cal.App.3d 1089, 1096 (1981). Consequently, both claims fail.

Moreover, Plaintiff's reliance on *Cockrill v. Hall*, 65 Cal. 326 (1884) is misplaced. Indeed, based on passage cited by Plaintiff in the opposition, *Cockrill* dealt with a situation where the defendant made an affirmative promise to the plaintiff but had no intent on performing that promise. *Cockrill, supra.* That is not the case here. Plaintiff does not identify one false representation made

by Defendant with the intent not to perform. Absent such allegations, and for the reasons set forth in the moving papers, Plaintiff cannot state a claim for "deceit".

Based on the foregoing, Plaintiff's claims for deceit and constructive fraud fails. Accordingly, the claims are subject to dismissal without leave to amend.

## VII.  CONCLUSION

For the foregoing reasons, JPMorgan respectfully requests that the Court grant the Motion to Dismiss in its entirety without leave to amend.

DATED: March 25, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A., AN ACQUIRER OF CERTAIN ASSETS AND LIABILITIES OF WASHINGTON MUTUAL BANK FROM THE FDIC ACTING AS RECEIVER, erroneously sued as JPMORGAN CHASE BANK, NA., as successor and/or acquirer of assets and liabilities to/from Washington Mutual Bank

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ORANGE
*Fullmer v. JP Morgan Chase Bank, NA, et al.*
USDC Case No.: 09-cv-01037-GEB-JFM

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On March 25, 2010, I served the foregoing document described as **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows: **SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 25, 2010, at Santa Ana, California.

*/s/ Vicki Warren*
Vicki Warren

PROOF OF SERVICE

1085976.1

## SERVICE LIST

*Fullmer v. JP Morgan Chase Bank, NA, et al.*
USDC Case No.: 09-cv-01037-GEB-JFM

| | |
|---|---|
| Kimberlee A. Rode, Esq.<br>LAW OFFICES OF KIMBERLEE A. RODE<br>9284 Jackson Road<br>Sacramento, CA  95826 | Telephone:  (916) 417-4564<br>Facsimile:    (916) 244-7006<br>kimrode@sbcglobal.net<br><br>**Attorneys for Plaintiff** |
| David R. Zaro<br>Joshua R. Mandell<br>ALLEN MATKINS LECK GAMBLE<br>  MALLORY AND NATSIS<br>515 South Figueroa Street, 9th Floor<br>Los Angeles, CA  90071 | Telephone:  (213) 622-5555<br>Facsimile:    (213) 620-8816<br>jmandell@allenmatkins.com<br><br>**Attorneys for Defendant OneWest Bank** |

PROOF OF SERVICE

1085976.1