1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10  SHAUNN A. FULLMER,

11          Plaintiff,                    No. 2:09-cv-1037 JFM
         vs.
12
    JPMORGAN CHASE BANK, NA, etc.,
13  et al.,

14          Defendants.

15  _____/   ORDER

16          Defendants' motions to dismiss came on for hearing May 20, 2010.  Kimberlee A.

17  Rode appeared for plaintiff.  LaShon Harris appeared for defendant JPMorgan Chase Bank, N.A.

18  Joshua Mandell appeared for defendant OneWest Bank, FSB.  Upon review of the motions and

19  the documents in support and opposition, upon hearing the arguments of counsel and good cause

20  appearing therefor, THE COURT FINDS AS FOLLOWS:

21                        FACTUAL BACKGROUND

22          The court incorporates by reference the recitation of facts in its January 6, 2010

23  order.

24                        PROCEDURAL BACKGROUND

25          On April 17, 2009, plaintiff filed the instant action and, proceeding on an

26  amended complaint, alleged that defendants: (1) violated the Truth in Lending Act ("TILA"), 15

                              1

U.S.C. 1601 et seq., by failing to provide two accurate copies of Notice of Right to Cancel and failing to timely respond to plaintiffs' rescission letter; (2) violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. by likewise failing to respond to the same correspondence; (3) violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code § 1788 et seq., by continuing to try to collect on the relevant loan after receiving plaintiff's letter; (4) violated California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 et seq.; (5) breached the Implied Covenant of Good Faith and Fair Dealing; (6) are pursuing wrongful foreclosure; (7) have recorded documents impairing plaintiff's title, constituting slander of title; and (8) have taken and/or failed to take actions impairing plaintiff's credit.

On August 31, 2009, defendant OneWest Bank, FSB, filed a motion to dismiss and a motion to strike.  Also on August 31, 2009, defendant JP Morgan Chase Bank, N.A., filed a motion to dismiss.

On January 6, 2010, the undersigned (1) dismissed with prejudice the TILA claims; (2) dismissed the RESPA claims; (3) denied plaintiff's request for joinder; (4) dismissed plaintiff's RFDCPA claims with leave to amend, allowing plaintiff an opportunity to allege how defendants violated the RFDCPA and the specific code section defendants allegedly violated; (5) dismissed the UCL claims; (6) dismissed the Good Faith and Fair Dealing claims; (7) dismissed the wrongful foreclosure claims; (8) dismissed the slander of title and credit claims; and (9) granted defendant OneWest's motion to strike plaintiff's request for punitive damages, but denied it in all other respects.  To the extent plaintiff would be able to cure the deficiencies discussed in the order, plaintiff was granted thirty days to file a second amended complaint.

On February 4, 2010, plaintiff filed a second amended complaint in which he again claims violations of TILA, RESPA, and RFDCPA, and further adds the following claims: (1) negligence, (2) civil conspiracy, (3) constructive fraud, and (4) deceit.

/////

On February 22, 2010, defendants filed separate motions to dismiss.  On March 19, 2010, plaintiff filed an opposition.  On March 25, 2010, defendants filed separate replies.

STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

The court is permitted to consider material properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include pleadings and other papers filed with a court.  Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

On January 6, 2010, the court took judicial notice of the following:

1.      Plaintiff and his wife acquired title to 4048 Monte Verde Drive, El Dorado Hills, CA, by grant deed recorded on March 3, 2006.

3

2.      Plaintiff and his wife obtained a mortgage loan for $500,000.00 secured by a deed of trust against said real estate recorded on March 3, 2006.  The deed of trust identifies 1st National Lending Services as the lender, Mortgage Electronic Registration Systems, Inc. as the nominee beneficiary, and Greenhead Investments, Inc. as the trustee, with plaintiff and his wife as borrowers.

3.      Plaintiff and his wife obtained a second mortgage loan in the sum of $45,000.00 on or about March 3, 2006.  That deed of trust identifies 1st National as the lender, Greenhead as the trustee and plaintiff and his wife as the borrowers.

4.      Notice of default was recorded on June 23, 2009.[1]  The notice of default was signed by Clayton Goff for NDEx West, LLC as Agent for Beneficiary, and directed plaintiff to contact OneWest Bank, FSB, c/o NDEx West, LLC, 15000 Surveyor Boulevard, Suite 500, Addison, Texas  75001-9813 to "find out the amount [he] must pay, or to arrange for payment to stop the foreclosure, or if [the] property is in foreclosure for any other reason."

On February 22, 2010, defendant JP Morgan Chase Bank requested judicial notice of the grant deed recorded on March 3, 2006; the deed of trust recorded on March 3, 2006, and the second deed of trust recorded on March 3, 2006.  Because the court has already noticed these documents, defendant's request will be denied as redundant.

ANALYSIS

As an initial matter, defendants argue that plaintiff's newly added claims in the second amended complaint go beyond the scope of this court's January 6, 2010 order.  In that order, plaintiff was granted an opportunity to file a second amended complaint "[t]o the extent [he] may be able to cure the deficiencies noted [in the order] . . . ."  Interpreting the order liberally, plaintiff was granted leave to (1) identify Lender Doe One and/or Lender Doe Two with regard to the TILA claim; (2) plead sufficient facts showing a cognizable RESPA violation, specifically by showing actual pecuniary damage; and (3) plead sufficient facts to allow the court to determine whether the conduct alleged violates the RFDCPA.

Rule 15 of the Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course and, in all other cases, with leave of court.  Fed. R. Civ. P.

_____

[1]  Defendant avers plaintiff defaulted on or about January 1, 2009, and as of June 19, 2009, the defaulted amount was $16,205.28.

1    15(a)(1)-(2).  The Ninth Circuit has held that the liberality in granting leave to amend under

2    Federal Rule of Civil Procedure 15(a) is subject to several limitations.  See Ascon Properties,

3    Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where

4    the amendment of the complaint would cause the opposing party undue prejudice, is sought in

5    bad faith, constitutes an exercise in futility, or creates undue delay.").  "The district court's

6    discretion to deny leave to amend is particularly broad where plaintiff has previously amended

7    the complaint."  Id.

8            Plaintiff filed a complaint on April 17, 2009.  Plaintiff filed a first amended

9    complaint on August 14, 2009.  Plaintiff was granted leave to file a second amended complaint

10   on January 6, 2010.  Although the court finds that plaintiff has gone beyond the scope of the

11   January 6, 2010 order by adding additional state law claims, the court will nonetheless address

12   them infra.

13   I.      TILA

14           In the January 6, 2010 order, this court held that, because OneWest and JPMorgan

15   are loan servicers and not a creditor or assignee of the creditor, plaintiff's TILA claims against

16   these defendants are dismissed with prejudice.  Plaintiff was granted leave to amend to substitute

17   the true name or names of Lender Doe One and/or Lender Doe Two.

18           In the second amended complaint, plaintiff revives his TILA claims against these

19   same defendants in substantially the same manner as in his first amended complaint.  Plaintiff

20   does not substitute the true name or names of Lender Doe One and/or Lender Doe Two.  In his

21   opposition to defendant OneWest's motion to dismiss, plaintiff now seeks leave to amend his

22   complaint for the third time to add Duetsche Bank as Lender Doe Two and requests that

23   OneWest's motion to dismiss be denied as moot.  This latter request will be denied.

24           Further, plaintiff's request to file a third amended complaint, first made in

25   plaintiff's opposition to OneWest's motion to dismiss, must be made, if at all, pursuant to Rule

26   15 of the Federal Rules of Civil Procedure.

II.     RESPA

In the January 6, 2010 order, this court held that the "Qualified Written Request" ("QWR")[2] sent by plaintiff was not mailed to JPMorgan.  Rather, the QWR was mailed to Washington Mutual.  Plaintiff was granted leave to amend his complaint so as to state sufficient facts that would demonstrate that JPMorgan had notice of and was required to respond to the QWR, as well as to assert actual pecuniary damage as a result of the alleged RESPA violation.

In his second amended complaint, plaintiff again brings the RESPA violation against Doe Lender One and JPMorgan.  Plaintiff attempts to cure the first deficiency noted above by arguing that JPMorgan and Washington Mutual, which plaintiff alleges was acquired by JPMorgan on September 28, 2008, were the same entity as of the date the QWR was mailed. As to damages, plaintiff claims that JPMorgan's failure to respond to the QWR "resulted in credit harm by credit lines being reduced or eliminated by other creditors."  (SAC at ¶ 153.) Plaintiff also claims that "[a]s a result of JPMorgan/Washington Mutual's failure to act on the request, Plaintiff was unable to resolve the matters pending with DOE1, unable to obtain the amounts necessary to tneder [*sic*], unable to tender and as a direct result, the first mortgage holder sold the property thereby harming the Plaintiff by the loss of the property."  (Id. ¶ 154.)

In its motion to dismiss, JPMorgan argues the following: (1) it was not required to respond to the QWR because the letter was not addressed to it, but rather to Washington Mutual;

---

[2]  RESPA defines a QWR as:

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-[¶] (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [¶] (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B) (2009).  When a loan servicer receives a QWR, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of:  (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable.  See 12 U.S.C. § 2605(e)(2).

1  (2) assuming the court finds it was required to respond, the QWR contained insufficient details

2  regarding the loan as required by statute; and (3) plaintiff again fails to allege actual pecuniary

3  damage.

4          Here, Plaintiff alleges that defendant JPMorgan and Washington Mutual were the

5  same entity on the date the QWR was mailed and, as a result, JPMorgan was required to respond

6  to the QWR.  JPMorgan contends this is false because it only acquired certain assets and

7  liabilities of Washington Mutual, not its name.  On a motion to dismiss for failure to state a

8  claim, a court must accept all factual allegations pleaded in the complaint as true and construe

9  them and draw all reasonable inferences from them in favor of the nonmoving party.

10  Accordingly, the court must assume that JPMorgan was the same entity as Washington Mutual at

11  the relevant times herein and, thereupon, find that JPMorgan had notice of the QWR and was

12  required to respond to it under RESPA.

13          Further, in the January 6, 2010 order, it was held that the contents of the letter

14  complied with the RESPA statute.

15          As to JPMorgan's final argument regarding damages, JPMorgan argues that

16  plaintiff fails to show how its alleged failure to respond to the QWR affected plaintiff's ability to

17  tender with respect to the first loan, which was the loan that was foreclosed on.  JPMorgan is

18  correct in that plaintiff has not shown how its alleged failure to respond to the QWR caused

19  plaintiff's inability "to resolve the matters pending with DOE1."  Nonetheless, plaintiff does

20  allege that JPMorgan "reported the credit of the plaintiff . . . which resulted in credit harm by

21  credit lines being reduced or eliminated by other creditors," which is sufficient to survive a

22  motion to dismiss.  See Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J.

23  2006) (holding that the plaintiffs adequately pled actual damages when they alleged that they

24  suffered "negative credit ratings on their credit reports [and] the inability to obtain and borrow

25  another mortgage loan and other financing").

26  /////

1    Accordingly, defendant JPMorgan's motion to dismiss will be denied as to this

2    claim.

3    III.    RFDCPA

4    In the January 6, 2010 order, plaintiff was granted leave to file a second amended

5    complaint to provide guidance as to how defendants allegedly violated the RFDCPA and to

6    recite the specific code section defendants allegedly violated.

7    In his second amended complaint, plaintiff argues that, despite requesting that

8    defendants refrain from contacting him except as authorized by law, defendants continued to

9    contact him to collect the debt "outside of the statutorily required notices under Civil Code 2924

10   et seq. related to non-judicial foreclosure."  Plaintiff provides a "partial list" of telephone calls

11   received from defendants, but he does not identify any other facts relating to those calls,

12   including whether defendants' communications were made in a threatening or harassing manner,

13   see Cal. Civil Code § 1788 *et seq*; whether the defendants threatened plaintiff, see Cal. Civil

14   Code § 1788.10; used obscenity, see Cal. Civil Code § 1788.11; or used misleading or false

15   communications, see Cal. Civil Code § 1788.12.

16   Here, plaintiff identifies the nature of the communication by defendants as solely

17   related to "non-judicial foreclosure[s]."  However, because non-judicial foreclosure does not

18   constitute debt collection under the RFDCPA, see Izenberg v. ETS Services, LLC, 589

19   F.Supp.2d 1193, 1199 (C.D. Cal. 2008), and because plaintiff fails to allege specific RFDCPA

20   violations or violated RFDCPA sections, this claim will be dismissed with prejudice.

21   IV.    Negligence

22   Plaintiff asserts a negligence claim against all defendants pursuant to common

23   law and California Civil Code § 1714(a).[3]  Plaintiff alleges that the defendants were negligent by

24   _____

25   [3]  Pursuant to Cal. Civ. Code § 1714(a), "[e]veryone is responsible, not only for
     the result of his or her willful acts, but also for an injury occasioned to another by his or
     her want of ordinary care or skill in the management of his or her property or person,

26   except so far as the latter has, willfully or by want of ordinary care, brought the injury

8

violating (1) TILA requirements and plaintiff's request for rescission under TILA; (2) RESPA's requirements; and (3) RFDCPA's requirements.  Plaintiff seeks liability both directly and under an agency theory.

Plaintiff's negligence claim is an attempt to bypass the court's findings regarding the TILA, RESPA, and RFDCPA claims.  First, to the extent plaintiff's negligence claim is predicated on defendants' alleged violations of TILA and the RFDCPA, it fails.  In the January 6, 2010 order, plaintiff's TILA claim was dismissed with prejudice as to both defendants.  Further, based on the discussion above, his RFDCPA claim should also be dismissed with prejudice.  Finally, his attempt to predicate the negligence claim on any alleged RESPA violation fails as to OneWest because this claim was previously dismissed with prejudice.  The sole question that remains is whether JPMorgan was negligent in allegedly failing to respond to the QWR.

"The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury."  Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339, 78 Cal. Rptr. 2d 525 (1998).  "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence."  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1095 (1991).

"The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide."  Vasquez v. Residential Investments, Inc., 118 Cal. App. 4th 269, 278 (Cal. Ct. App. 2004).  "The 'legal duty' of care may be of two general types: (a) the duty of a person to use ordinary care in activities from which harm might reasonably be anticipated [, or] (b) [a]n affirmative duty where the person occupies a particular

---

upon himself or herself. The design, distribution, or marketing of firearms and ammunition is not exempt from the duty to use ordinary care and skill that is required by this section. The extent of liability in these cases is defined by the Title on Compensatory Relief."

relationship to others. . . .  In the first situation, he is not liable unless he is actively careless; in the second, he may be liable for failure to act affirmatively to prevent harm." McGettigan v. Bay Area Rapid Transit Dist., 57 Cal. App. 4th 1011, 1016-17 (Cal. Ct. App. 1997).

There is no actionable duty between a lender and borrower in that loan transactions are arms-length.  A lender "owes no duty of care to the [borrowers] in approving their loan. Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'"  Wagner v. Benson, 101 Cal. App. 3d 27, 35 (Cal. Ct. App. 1980) (citing several cases).  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark, 231 Cal.App.3d at 1096; see Myers v. Gurantee Sav. & Loan Assn., 79 Cal. App. 3d 307, 312 (Cal. Ct. App. 1978) (no lender liability when lender did not engage "in any activity outside the scope of the normal activities of a lender of construction monies").  This rule has been applied to loan servicers.  See Mulato v. WMC Mortgage Corp., 2009 U.S. Dist. LEXIS 100070 at *8 (N.D. Cal. 2009); Shepherd v. Am. Home Mortg. Servs., 2009 U.S. Dist. LEXIS 108523 (E.D. Cal. 2009) ("[L]oan servicers  do not owe a duty to the borrowers of the loans they service.").

Plaintiff's argument appears to rest on a statutory violation as evidence of negligence.  Negligence per se is an evidentiary presumption that a party failed to exercise due care if:

(1) he violated a statute, ordinance, or regulation of a public entity;

(2) the violation proximately caused death or injury to a person or property;

(3) the death or injury resulted from an occurrence of the nature within the statute, ordinance, or regulation was designed to prevent; and

(4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

1   Cal. Evid. Code § 669.

2          The negligence per se doctrine does not establish a cause of action distinct from

3   negligence.  Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co., 62 Cal. App.

4   4th 1166, 1178 (Cal. Ct. App. 1998) ("[A]n underlying claim of ordinary negligence must be

5   viable before the presumption of negligence of Evidence Code section 669 can be employed.").

6   Rather, the negligence per se doctrine treats a statutory violation as evidence of negligence.  See

7   Sierra-Bay Fed. Land Bank Assn. v. Superior Court, 227 Cal. App. 3d 318, 333 (Ca. Ct. App.

8   1991) ("[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a

9   plaintiff to recover civil damages.  In such circumstances the plaintiff is not attempting to pursue

10  a private cause of action for violation of the statute; rather, he is pursuing a negligence action

11  and is relying upon the violation of a statute, ordinance, or regulation to establish part of that

12  cause of action.").  Even if the four requirements of California Evidence Code section 669 are

13  met, the plaintiff is not entitled to a presumption of negligence in the absence of an underlying

14  negligence action.  Coyotzi v. Countrywide Fin. Corp., No. 09-1036, 2009 WL 2985497, at *6

15  (E.D. Cal. Sept. 16, 2009).

16         Here, plaintiffs fails to allege that JPMorgan's involvement in the loan transaction

17  exceeded the scope of its conventional role as a loan servicer.  Moreover, a negligence per se

18  claim fails because, although plaintiff seemingly asserts that JPMorgan owed him a statutory

19  duty of care, he does not point to any provision in RESPA that creates such a duty.  See Peay v.

20  Midland Mortg. Co., 2010 WL 476677 (E.D. Cal. 2010).  Even assuming, however, that

21  JPMorgan's alleged failure to respond to the QWR was a statutory violation, plaintiff has not

22  alleged any injury or damage related to JPMorgan's conduct.

23         Accordingly, plaintiff's negligence claim will be dismissed.

24  V.     Civil Conspiracy

25         Plaintiff also brings a civil conspiracy claim against all defendants.

26  /////

11

The required elements of a claim for civil conspiracy under California law are (1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.  Kidron v. Movie Acquisition Corp., 40 Cal.App.4th 1571, 1581 (Cal. Ct. App. 1995).

Under California law, civil conspiracy, unlike criminal conspiracy, "is not an independent tort."  Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510-11 (Cal. Ct. App. 2004).  Civil "conspiracy itself is not actionable without a wrong."  Okun v. Superior Court, 29 Cal.3d 442, 454 (Cal. Ct. App. 1981); see also Sebastian Intern., Inc. v. Russolillo, 162 F.Supp.2d 1198, 1207 (2001).  In Okun, the California Supreme Court dismissed a claim for civil conspiracy when the plaintiff failed to state a claim for any underlying tort.  Okun, 29 Cal.3d at 454.  Because civil conspiracy allegations are only considered in the context of tort claims, there is no separate and distinct tort cause of action for civil conspiracy.  Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1228 (9th Cir.1997).

Plaintiff argues that the defendants are conspiring to violate various consumer protection statutes.  His claim, however, rests on conclusory allegations.  Plaintiff again repeats that the defendants failed to comply with TILA, RESPA, and RFDCPA and merely states that "[a]ll of the Defendants are systematically conspiring to evade all of the consumer protection statutes and delay and evade in order to foreclose the Plaintiffs [*sic*] consumer protection statutes."

Plaintiff has not pled facts that would support a civil conspiracy claim and has not shown the existence of an independent tort.  Therefore, defendants' motions to dismiss will be granted as to this claim.

VI.    Deceit

Plaintiff next brings a claim for deceit against OneWest and JPMorgan for their alleged refusal to provide plaintiff with the name, address and telephone number of Doe Lender One and Doe Lender Two as requested in the QWR.

1      To state a claim for deceit, a plaintiff must plead "'(a) misrepresentation; (b)

2  knowledge of falsity (or scienter); (c) intent to defraud, i.e., to induce reliance; (d) justifiable

3  reliance; and (e) resulting damage.'"  In re Napster, Inc. Copyright Litig., 479 F.3d 1078, 1096

4  (9th Cir. 2007) (quoting Small v. Fritz Cos., Inc., 30 Cal.4th 167, 173 (2003)); see generally Cal.

5  Civ. Code §§ 1709-10.  In relevant part, deceit is defined as the "suppression of a fact, by one

6  who is bound to disclose it, or who gives information of other facts which are likely to mislead

7  for want of communication of that fact."  Cal. Civ. Code § 1710.

8      "In all averments of fraud or mistake, the circumstances constituting fraud or

9  mistake shall be stated with particularity."  Fed. R. Civ. Proc. 9(b).  The allegations must be

10  "specific enough to give defendants notice of the particular misconduct which is alleged to

11  constitute the fraud charged so that they can defend against the charge and not just deny that they

12  have done anything wrong."  Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).

13  Statements of the time, place and nature of the alleged fraudulent activities are sufficient, id. at

14  735, provided the plaintiff sets forth "what is false or misleading about a statement, and why it is

15  false."  In re GlenFed, Inc., Secs. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).  Scienter may be

16  averred generally, simply by saying that it existed.  Id. at 1547; see Fed. R. Civ. Proc. 9(b)

17  ("Malice, intent, knowledge, and other condition of mind of a person may be averred

18  generally.").  Allegations of fraud based on information and belief usually do not satisfy the

19  particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing

20  party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also

21  state the facts upon which the belief is founded.  Wool v. Tandem Computers, Inc., 818 F.2d

22  1433, 1439 (9th Cir. 1987).

23      It has previously been determined that OneWest did not receive the QWR as the

24  entity was not in existence when the document was mailed.  Because OneWest could not have

25  concealed the information requested by plaintiff if it did not receive the request, plaintiff's claim

26  fails as to OneWest and will be dismissed with prejudice.

13

As to JPMorgan, plaintiff's allegations do not satisfy the heightened pleading requirement for fraud as required by Rule 9(b).  Specifically, plaintiff fails to allege scienter and intent, and also fails to allege any resulting damage caused by JPMorgan's conduct.

Accordingly, plaintiff's deceit claim against JPMorgan will also be dismissed.

VII.   Constructive Fraud

Finally, plaintiff brings a claim for constructive fraud against OneWest and JPMorgan for their alleged refusal to provide plaintiff with the name, address and telephone number of Doe Lender One and Doe Lender Two.

To state a claim for constructive fraud, the plaintiff must allege facts establishing: (1) a fiduciary or confidential relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury, i.e., causation.  Cal. Civ. Code § 1573; Younan v. Equifax Inc., 111 Cal. App. 3d 498, 516 n.14 (Cal. Ct. App. 1980).

Plaintiff's allegations in support of this cause of action are conclusory and fail to allege each of these elements with the level of particularity demanded by Rule 9(b).  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009).  In addition, plaintiff has failed to allege facts sufficient to demonstrate the existence of a fiduciary duty between himself and defendants, which is a prerequisite for constructive fraud.  See Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal. App. 3d 1089, 1096 (Cal. Ct. App. 1991).  Although plaintiff claims that defendants owe a duty under 15 U.S.C. § 1641(f)(2), the court has previously dismissed plaintiff's TILA claims with prejudice as to both defendants.

Thus, plaintiff's constructive fraud claim will be dismissed.

CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.  Defendant OneWest's motion to dismiss is granted and all claims are dismissed with prejudice;

/////

14

     2.  Defendant JPMorgan's motion to dismiss is granted and all claims are dismissed except plaintiff's RESPA claim; and

     3.  Plaintiff's request to amend his second amended complaint is denied; any further request to amend the complaint shall be filed as required by the Federal Rules of Civil Procedure.

DATED: June 16, 2010.

UNITED STATES MAGISTRATE JUDGE

/014; fullmer.mtd4